# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

PHYLLIS CARSON; LORNE
COSMAN; WILLIAM DRAPER;
PHILLIP ERICKSON; SCOTT
EVANS; TERENCE GRANER;
DONALD HARMAN; SARAH
HOUSEHOLDER; TRUDY L.
GRANER; TRUDY LETSON; SABINE
MILLER; DIANA HOBERT-POWELL;
JANET PURVIS; PATRICIA
ROBERTS; CAROLE SCHAUER;
CARA WASHINGTON; STEPHEN
KAPLITT; DEBORAH THELEN
individually and on behalf of all others
similarly situated,

        Plaintiffs,

    v.

HP INC.,

        Defendant.

C.A. No. 22-208-CFC

## OPENING BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS AND TO STRIKE

*Of Counsel*:

Michael J. Stortz
Marshall L. Baker
Akin Gump Strauss Hauer & Feld LLP
580 California Street, Suite 1500
San Francisco, CA 94104
(415) 765-9500
mstortz@akingump.com
mbaker@akingump.com

Dated: June 23, 2022

Kelly E. Farnan (#4395)
Richards, Layton & Finger, P.A.
One Rodney Square
920 N. King Street
Wilmington, DE 19801
(302) 651-7700
farnan@rlf.com

*Attorneys for Defendant HP Inc.*

# **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ...................................................................................... ii

INTRODUCTION ..................................................................................................1

BACKGROUND .................................................................................................3

LEGAL STANDARDS .......................................................................................6

    I.      MOTION TO DISMISS.......................................................................6

    II.     MOTION TO STRIKE.........................................................................7

ARGUMENT ........................................................................................................8

    I.      PLAINTIFFS' STATUTORY CLAIMS FAIL FOR LACK OF
          SPECIFICITY AND FOR FAILURE TO STATE A CLAIM. .............8

         A.      Plaintiffs Have Not Identified Which HP Statements
               They Reviewed, Much Less Relied Upon. ................................8

         B.      Plaintiffs Have Otherwise Failed to State Any Plausible
               Fraud Claim............................................................................11

         C.      Plaintiffs' Fraud Claims Fail for Additional Reasons. .............16

    II.     PLAINTIFFS' UNJUST ENRICHMENT CLAIM FAILS. ...............20

    III.    PLAINTIFFS' IMPLIED WARRANTY CLAIMS FAIL..................22

    IV.    PLAINTIFFS LACK STANDING FOR INJUNCTIVE
          RELIEF. ..............................................................................................24

    V.     THE CLASS ALLEGATIONS SHOULD BE STRICKEN...............25

CONCLUSION ...................................................................................................28

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*ADT LLC v. Vivint, Inc.*,
2017 WL 5640725 (S.D. Fla. Aug. 3, 2017) ......................................................18

*Advance Acupuncture Clinic, Inc. v. Allstate Ins. Co.*,
2008 WL 4056244 (D.N.J. Aug. 26, 2008) .........................................................8

*Ala. Tchrs. Credit Union v. Design Build Concepts, Inc.*,
334 F. Supp. 3d 1171 (N.D. Ala. 2018)..............................................................15

*Amos v. Brew Dr. Kombucha, LLC*,
2020 WL 9889190 (D. Or. Mar. 23, 2020).........................................................21

*Argabright v. Rheem Mfg. Co.*,
201 F. Supp. 3d 578 (D.N.J. 2016).......................................................................9

*Armstrong v. Deere & Co.*,
2017 WL 4168485 (S.D. Ind. Sept. 20, 2017).....................................................15

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)...............................................................................................7

*Beck v. FCA US LLC*,
273 F. Supp. 3d 735 (E.D. Mich. 2017) ..............................................................14

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)............................................................................................6, 7

*Bell v. Cheswick Generating Station, Genon Power Midwest, L.P.*,
2015 WL 401443 (W.D. Pa. Jan. 28, 2015) .........................................................7

*Benson Tower Condo. Owners Ass'n v. Victaulic Co.*,
2014 WL 5285475 (D. Or. Oct. 15, 2014) ....................................................13, 15

*Browning v. Am. Honda Motor Co.*,
549 F. Supp. 3d 996 (N.D. Cal. 2021).................................................................13

*Burdt v. Whirlpool Corp.*,
2015 WL 4647929 (N.D. Cal. Aug. 5, 2015) ......................................................14

ii

*Daugherty v. Am. Honda Motor Co.*,
　144 Cal. App. 4th 824 (2006), as modified (Nov. 8, 2006)................................12

*Dravo Equip. Co. v. German*,
　73 Or. App. 165 (1985).......................................................................................23

*Dzielak v. Whirlpool Corp.*,
　26 F. Supp. 3d 304 (D.N.J. 2014)......................................................................27

*Elfaridi v. Mercedes-Benz USA, LLC*,
　2018 WL 4071155 (E.D. Mo. Aug. 27, 2018)...................................................20

*Faltermeier v. FCA US LLC*,
　2017 WL 1128467 (W.D. Mo. Mar. 24, 2017), *aff'd*, 899 F.3d 617 (8th
　Cir. 2018) ..........................................................................................................10

*Focus Fin. Partners, LLC v. Holsopple*,
　250 A.3d 939 (Del. Ch. 2020) ...........................................................................25

*Friedman v. Am. Guardian Warranty Servs., Inc.*,
　837 So. 2d 1165 (Fla. 4th DCA 2003)...............................................................15

*Gale v. Int'l Bus. Machines Corp.*,
　9 A.D.3d 446 (2004) ..........................................................................................19

*Glass v. Allis-Chalmers Corp.*,
　618 F. Supp. 314 (E.D. Mo. 1985) ....................................................................12

*Glass v. BMW of N. Am., LLC*,
　2011 WL 6887721 (D.N.J. Dec. 29, 2011)...............................................*passim*

*Graham v. Take-Two Interactive Software, Inc.*,
　2020 WL 408408 (S.D.N.Y. Jan. 24, 2020) ......................................................21

*Green v. Green Mountain Coffee Roasters, Inc.*,
　279 F.R.D. 275 (D.N.J. 2011)............................................................................26

*Greene v. BMW of N. Am.*,
　2012 WL 5986461 (D.N.J. Nov. 28, 2012) .......................................................14

*Harman v. Taurus Int'l Mfg., Inc.*,
　2022 WL 479139 (M.D. Ala. Feb. 16, 2022) ....................................................16

*Harris v. Mid-W. Egg Donation, LLC*,
  365 S.W.3d 274 (Mo. Ct. App. 2012) ..........................................................13, 15

*Harris v. Pfizer Inc.*,
  2022 WL 488410 (S.D.N.Y. Feb. 16, 2022) .........................................13, 15, 20

*Holmes v. Behr Process Corp.*,
  2015 WL 7252662 (N.D. Ala. Nov. 17, 2015)...........................................14, 17

*Jackson v. Anheuser-Busch InBev SA/NV, LLC*,
  2021 WL 3666312 (S.D. Fla. Aug. 18, 2021) ................................................9, 10

*Johnson v. Organo Gold Int'l, Inc.*,
  2016 WL 2771124 (D. Del. May 13, 2016) ........................................................26

*Kelsey v. Nissan N. Am.*,
  2020 WL 4592744 (C.D. Cal. July 15, 2020)....................................................16

*Kirchner v. Wyndham Vacation Resorts, Inc.*,
  2021 WL 1198314 (D. Del. Mar. 30, 2021) .........................................................6

*Koski v. Carrier Corp.*,
  347 F. Supp. 3d 1185 (S.D. Fla. 2017) ..............................................................16

*LiMandri v. Judkins*,
  52 Cal. App. 4th 326 (1997) ..............................................................................15

*Lujan v. Defenders of Wildlife*,
  504 U.S. 555 (1992)..............................................................................................7

*Mandani v. Volkswagen Grp. of Am., Inc.*,
  2019 WL 652867 (N.D. Cal. Feb. 15, 2019) .....................................................14

*Marcus v. BMW of N. Am., LLC*,
  2010 WL 4853308 (D.N.J. Nov. 19, 2010), *vacated on other grounds*,
  687 F.3d 583 (3d Cir. 2012) ...............................................................................27

*Marlborough Holdings Grp. Ltd. v. Pliske Marine, Inc.*,
  2011 WL 13322647 (S.D. Fla. Mar. 18, 2011) ..................................................15

*Marlowe v. Nature's Bounty Co.*,
  2017 WL 2291683 (N.D. Ohio May 25, 2017) ..................................................21

*Marrache v. Bacardi U.S.A., Inc.*,
  17 F.4th 1084 (11th Cir. 2021) ..........................................................................21

*Martell v. Gen. Motors LLC*,
  492 F. Supp. 3d 1131 (D. Or. 2020) ...................................................................10

*Matanky v. Gen. Motors LLC*,
  370 F. Supp. 3d 772 (E.D. Mich. 2019) .............................................................15

*Meridian Project Sys., Inc. v. Hardin Const. Co.*,
  404 F. Supp. 2d 1214 (E.D. Cal. 2005) ..............................................................17

*Miller v. Gen. Motors, LLC*,
  2018 WL 2740240 (E.D. Mich. June 7, 2018) .............................................13, 20

*Myrtle Beach Hosp., Inc. v. City of Myrtle Beach*,
  341 S.C. 1 (2000) ................................................................................................21

*Oestreicher v. Alienware Corp.*,
  544 F. Supp. 2d 964 (N.D. Cal. 2008) ................................................................13

*OS33 v. CenturyLink Commc'ns, L.L.C.*,
  350 F. Supp. 3d 807 (E.D. Mo. 2018) ................................................................16

*Owen v. Gen. Motors Corp.*,
  533 F.3d 913 (8th Cir. 2008) ..............................................................................15

*Pattie v. Coach, Inc.*,
  29 F. Supp. 3d 1051 (N.D. Ohio 2014) ..............................................................25

*Pistorio v. FCA US LLC*,
  2022 WL 141524 (E.D. Mich. Jan. 14, 2022) .....................................................20

*Priano–Keyser v. Apple, Inc.*,
  2019 WL 7288941 (D.N.J. Dec. 30, 2019)..........................................................23

*Risner v. Regal Marine Indus., Inc.*,
  8 F. Supp. 3d 959 (S.D. Ohio 2014) .....................................................................9

*Roe v. Ford Motor Co.*,
  2019 WL 3564589 (E.D. Mich. Aug. 8, 2019)..................................................9, 12

*RREF RB–AL SLDL, LLC v. Saxon Land Dev.*,
    968 F. Supp. 2d 1133 (M.D. Ala. 2013) ............................................................20

*Sabater v. Am. Journey (PET), LLC*,
    2021 WL 5149846 (S.D. Fla. Oct. 29, 2021) ....................................................24

*Sanders v. Apple Inc.*,
    672 F. Supp. 2d 978 (N.D. Cal. 2009) ...............................................................26

*Schechter v. Hyundai Motor Am.*,
    2020 WL 1528038 (D.N.J. Mar. 31, 2020) ....................................................6, 20

*Schwindt v. Hologic, Inc.*,
    2011 WL 3806511 (S.D. Ind. Aug. 26, 2011) ...................................................21

*Semenko v. Wendy's Int'l, Inc.*,
    2013 WL 1568407 (W.D. Pa. Apr. 12, 2013) ...............................................8, 27

*Shea v. Gen. Motors LLC*,
    2021 WL 4804171 (N.D. Ind. Oct. 14, 2021) .............................................10, 20

*Sloan v. Gen. Motors LLC*,
    2017 WL 3283998 (N.D. Cal. Aug. 1, 2017) ..............................................12, 13

*Small v. Lorillard Tobacco Co.*,
    252 A.D.2d 1 (1998), *aff'd*, 94 N.Y.2d 43 (1999)............................................19

*Speaks Fam. Legacy Chapels, Inc. v. Nat'l Heritage Enterprises, Inc.*,
    2009 WL 2391769 (W.D. Mo. Aug. 3, 2009) ....................................................21

*Stearns v. Select Comfort Retail Corp.*,
    2009 WL 1635931 (N.D. Cal. June 5, 2009).....................................................22

*Storey v. Attends Healthcare Prod., Inc.*,
    2016 WL 3125210 (E.D. Mich. June 3, 2016) ..................................................21

*Swearingen v. Amazon Pres. Partners, Inc.*,
    2014 WL 3934000 (N.D. Cal. Aug. 11, 2014) ..................................................22

*Szep v. Gen. Motors LLC*,
    491 F. Supp. 3d 280 (N.D. Ohio 2020) .............................................................15

*Taleshpour v. Apple, Inc.*,
 2022 WL 1577802 (9th Cir. May 19, 2022) ................................................15, 17

*Twardzik v. HP Inc.*,
 2022 WL 606092 (D. Del. Jan. 25, 2022) ................................................9, 10, 24

*United Access Techs., LLC v. Verizon Internet Servs., Inc.*,
 2021 WL 1200650 (D. Del. Mar. 26, 2021) ..........................................................7

*Vitt v. Apple Comput., Inc.*,
 469 Fed. App'x. 605 (9th Cir. 2012) ......................................................................9

*Williams v. Tesla, Inc.*,
 2022 WL 899847 (N.D. Cal. Mar. 28, 2022) ......................................................13

*Winley v. Int'l Paper Co.*,
 2012 WL 13047989 (D.S.C. Oct. 23, 2012) ........................................................15

*Woods v. Caterpillar, Inc.*,
 2005 WL 1926511 (Ohio Ct. App. Aug. 12, 2005) .............................................15

*Wright v. Bath & Body Works Direct, Inc.*,
 2012 WL 12088132 (W.D. Mo. Oct. 17, 2012) .....................................................9

*Yarger v. ING Bank, FSB*,
 285 F.R.D. 308 (D. Del. 2012) ...........................................................................27

*In re ZF-TRW Airbag Control Units Prod. Liab. Litig.*,
 2022 WL 522484 (C.D. Cal. Feb. 9, 2022) .....................................10, 11, 16, 18

## STATUTES & RULES

Ala. Code § 8-19-10(f) ............................................................................................25

Ala. Code § 8-19-15(b) ...........................................................................................16

Cal. Bus. & Prof. Code § 17208 .............................................................................17

Cal. Civ. Code § 1783 .............................................................................................17

Cal. Civ. Code § 1792 .............................................................................................23

Cal. Civ. Proc. Code 338(a) ...................................................................................17

Cal. Com. Code § 2725 ...................................................................23

Cal. Civ. Proc. Code § 339(1) .........................................................21

Federal Rules of Civil Procedure 8 .................................................6

Federal Rule of Civil Procedure 9(b) ......................................*passim*

Federal Rules of Civil Procedure 12(b) .......................................6, 7

Federal Rules of Civil Procedure 12(e) ..........................................6

Federal Rules of Civil Procedure 12(f) ...........................................7

Federal Rules of Civil Procedure 23(c)(1)(A) ................................7

Federal Rules of Civil Procedure 23(d)(1)(D) ...............................7

Fla. Stat. Ann. § 95.11(3)(p) ..........................................................21

Fla. Stat. § 95.11(3)(f) ....................................................................18

Ind. Code Ann. § 24-5-0.5-5(b) ....................................................18

Mo. Ann. Stat. § 407.025.1(1) .......................................................18

N.J.S.A. 2A:14-1 ...........................................................................19

N.J. Stat. Ann. § 12A:2–725 ........................................................23

N.Y. Gen Bus. Law § 349 ..........................................................5, 19

N.Y. Gen. Bus. Law § 350 ............................................................19

Ohio Rev. Code Ann. § 1345.10(C) ..............................................19

Or. Rev. Stat. Ann. § 72.3160 (2) ................................................23

Or. Rev. Stat. Ann. § 646.638(6) ..................................................19

S.C. Code Ann. § 15-3-530(1) .......................................................22

S.C. Code Ann. § 39-5-150 ...........................................................19

**OTHER AUTHORITIES**

U.S. Const. art. III, § 2 ..............................................................................7

## INTRODUCTION

Plaintiffs are seventeen individuals from eleven different states who (with one exception) allegedly purchased HP notebook computers from multiple different third-party retailers, resellers, or unknown locations three or more years ago. Each alleges a variety of different issues in their use of the notebooks, ranging from computing speed and battery usage to keyboard performance—but none asserts a claim for breach of HP's Limited Warranty. Indeed, no Plaintiff claims to have reviewed or relied upon HP's Limited Warranty—or indeed any statement made by HP—in connection with their individual purchases.

Even so, Plaintiffs now propose that their myriad individual experiences not only give rise to plausible claims for relief against HP, but also that their claims may be yoked together in a single lawsuit for themselves and putative nationwide classes or statewide subclasses. Having eschewed any individual remedy under HP's Limited Warranty, Plaintiffs instead now claim that HP "misled" them into purchasing the notebooks, though various generic statements "about the quality and functionality" of HP notebooks. First Amended Complaint, D.I. 11 ("FAC") ¶ 1.

Yet conspicuously absent from Plaintiffs' sprawling 557-paragraph FAC is any allegation that identifies any specific statement that HP made to any Plaintiff at the time of purchase—the "who, what, when, where and how" that Federal Rule of Civil Procedure 9(b) requires. Nor do Plaintiffs allege any facts that would plausibly

support their claims, including (for example) facts that would support their claims that HP "concealed" information as to the impact of "ordinary stress" (FAC ¶ 6) on the particular models they purchased. Indeed, Plaintiffs themselves appear to have purposefully omitted from their FAC the specific notebook models they purchased, so as to preclude HP from preparing a meaningful response. Plaintiffs' remaining claims for unjust enrichment and implied warranty also fail, due to a lack of privity, as well as a variety of unique requirements arising under the different state laws Plaintiffs invoke. Plaintiffs also lack Article III standing to seek injunctive relief.

Equally unavailing are the FAC's putative class allegations. Plaintiffs repeatedly allege that different non-California statewide subclasses are comprised only of California residents, contrary to any coherent class definition. As a matter of law, no class claims can be brought under the Alabama and Ohio statues that certain Plaintiffs invoke. And the putative nationwide class claims for unjust enrichment and fraudulent omission fail on their face, due to the differences in state law, lack of standing, and obvious factual differences that overwhelm any common issue.

This Court should dismiss the FAC in its entirety, and strike the class allegations therein with prejudice.

# BACKGROUND

The only thread that purports to connect the seventeen Plaintiffs is that each allegedly purchased (or in one instance received as a gift) HP notebooks from third parties at various times over the last 10 years. *See* FAC ¶¶ 143, 152–53, 162, 179, 186, 196, 204, 218, 227, 236, 245, 253, 261, 269, 277, 286.[1] Plaintiffs' purported experiences in purchasing their notebooks are alleged in rote language over 150 paragraphs of the FAC. *See id.* ¶¶ 142–292. While the allegations as to some Plaintiffs are more deficient than others, each Plaintiff fails to present any factual allegations on five key points.

***First***, each Plaintiff fails to identify the respective notebook model(s) that he or she purchased. Instead, Plaintiffs ambiguously refer to their notebooks by their generic brand (e.g., "HP Envy" or "HP Pavilion" (FAC ¶¶ 152, 218, 245) or screen size (e.g., "HP 14," "HP 15," or "HP 17" (*id.* ¶¶ 143, 170, 187, 261)—or in some instances by both (e.g., "HP Envy 17" or "HP Pavilion 17" (*id.* ¶¶ 153, 204, 253)).

***Second***, no Plaintiff alleges that he or she purchased a notebook from HP, or saw any statement made by HP at the time of purchase. *See* FAC ¶¶ 142–292. To

---

[1] Plaintiff Purvis alleges she received an HP notebook as a gift, but does not allege any facts as to who purchased the notebook, when, from where, or any other specifics. FAC ¶ 245. Allegations as to other Plaintiffs are similarly incomplete. *See, e.g.*, FAC ¶¶ 195–202 (Plaintiff Erickson does not identify purchase date); ¶ 277 (Plaintiff Kaplitt does not identify location for 2012 notebook purchase). No information is alleged at all as to Plaintiff Trudy L. Graner.

be sure, Plaintiffs generically allege that unidentified "Plaintiffs and Class members saw *or* heard" unspecified "representations" at some unspecified time prior to purchase. FAC ¶ 12 (emphasis added). But in alleging the putative facts surrounding their individual purchases, no Plaintiff alleges having seen or heard any statement made by HP. FAC ¶¶ 142–292.

*Third*, Plaintiffs nowhere allege *how* they purchased, such as the relevant purchase channel (e.g., in-store, online, by telephone) and retail platform. While Plaintiffs apparently used a variety of channels and retailers—ranging from an eBay purchase of a refurbished notebook (*id.* ¶ 253) to a purchase via the QVC television network (*id.* ¶ 269)—Plaintiffs' FAC is silent on any further specifics.

*Fourth*, Plaintiffs present no uniform theory of, or experience with, any defect in the different HP notebook models they purchased. FAC ¶¶ 4–6. Rather, they allege a host of issues—including slow processing speeds (*id.* ¶ 145), "bottom panel" issues (*id.* ¶ 207), "screen" separation (*id.* ¶ 219), and battery problems (*id.* ¶ 228)— that are now attributed to some uncircumscribed "defect" in the various hinge assemblies of the different notebook models they apparently purchased.

*Fifth*, although Plaintiffs repeatedly cite HP's one-year Limited Warranty, which warrants against certain materials and workmanship defects, and complain that the notebooks "suffer[ed] from defects in materials and/or workmanship" (FAC

¶ 6), Plaintiffs assert no claim that HP at any time breached the Limited Warranty. *See* FAC ¶ 65 (quoting HP Limited Warranty); ¶¶ 303–557 (Causes of Action).

Instead, Plaintiffs assert twenty-three claims (two are mislabeled **Count VII**) against HP on behalf of themselves, a nationwide class, and five state subclasses.[2] The bulk of Plaintiffs' claims purportedly arise under the "consumer fraud" statutes of their respective states (except one Florida-based Plaintiff who erroneously sues under both California and Florida law). The result is myriad statutory claims under different state statutes, as set forth in the margin,[3] and a duplicative common law claim for fraudulent omission (**Count XXII**). Plaintiffs also assert unjust enrichment claims (**Count XXI**), and some assert claims for breach of implied warranty under their respective state laws (**Counts X, XIII, XV, XX**).

---

[2] The FAC references eleven subclasses, but six are defined as including only purchasers of HP notebooks in the state of California. *See* FAC ¶ 293, subparagraphs c–g, k–l (... "**The Florida Subclass**: All purchasers in the state of California who purchased a Class Laptop (the 'Florida Subclass')...." (emphasis in original)).

[3] (**Counts I–II**) N.Y. Gen. Bus. Law §§ 349 and 350 ("New York Claims"); (**Count III**) Indiana Deceptive Consumer Sales Act ("Indiana Claim"); (**Counts IV–V**) Florida Deceptive and Unfair Trade Practices Act (FDUTPA) and Misleading Advertising ("Florida Claims"); (**Count VI**) Alabama Deceptive Trade Practices Act ("Alabama Claim"); (**Count VII**) Missouri Merchandise Practices Act ("Missouri Claim"); (**Count VII**) Ohio's Consumer Sales Practices Act ("Ohio Claim"); (**Counts VIII–IX, XI**) California Unfair Competition Law (UCL), Consumers Legal Remedies Act (CLRA), and False Advertising Law (FAL) ("California Claims"); (**Count XII**) Oregon Unlawful Trade Practices Act ("Oregon Claim"); (**Count XIV**) Michigan Consumer Protection Act ("Michigan Claim"); (**Count XVIII**) South Carolina Unfair Trade Practices Act ("South Carolina Claim"); and (**Count XIX**) New Jersey Consumer Fraud Act ("New Jersey Claim").

<u>**LEGAL STANDARDS**</u>

## I.   MOTION TO DISMISS

Because the FAC is rooted in fraud, Rule 9(b) requires Plaintiffs to "state with particularity the circumstances constituting" the fraud.  Fed. R. Civ. P. 9(b).[4]  The "Third Circuit has explained that, '[e]ven when fraud is not a necessary element of a claim[,] ... claims that do sound in fraud must be pled with particularity.'"  *See Schechter v. Hyundai Motor Am.*, 2020 WL 1528038, at *15 n.8 (D.N.J. Mar. 31, 2020) (quoting *Travelers Indem. Co. v. Cephalon, Inc.*, 620 Fed. App'x. 82, 85 n.3 (3d Cir. 2015)) (alterations, ellipsis in original).  Because Rule 9(b)'s "particularity" requirement serves to "place the defendant on notice of the precise misconduct with which [it is] charged," Plaintiffs must state the "who, what, when, where, and how" of the alleged fraud.  *Kirchner v. Wyndham Vacation Resorts, Inc.*, 2021 WL 1198314, at *3 (D. Del. Mar. 30, 2021) (citations, quotation marks omitted).

Under Rule 12(e), a complaint should be dismissed when it is "so vague or ambiguous that the [defendant] cannot reasonably prepare a response."  Fed. R. Civ. P. 12(e).  And under Rule 12(b)(6), a complaint must plead under Rule 8, or, as applicable, Rule 9(b), "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547, 570 (2007).  Allegations "merely consistent with" a claim but lacking factual content to establish it are

---

[4] "Rule" references are to the Federal Rules of Civil Procedure.

insufficient to state a claim. *Id.*; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although this Court must accept the FAC's allegations as true when considering HP's Motion, legal conclusions are properly disregarded. *Twombly*, 550 U.S. at 555. Likewise, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Dismissal is appropriate when "the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Twombly*, 550 U.S. at 558.

In addition, federal courts are limited to adjudicating only "cases" and "controversies." U.S. Const. art. III, § 2. The doctrine of standing is an essential part of the case-or-controversy requirement of Article III. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Standing is thus a "threshold jurisdictional issue" on which Plaintiffs bear the burden. *United Access Techs., LLC v. Verizon Internet Servs., Inc.*, 2021 WL 1200650, at *5 (D. Del. Mar. 26, 2021). And dismissal under Rule 12(b)(1) is proper "if the plaintiff lacks standing to bring his claim." *Id.* (citation omitted).

## II.    MOTION TO STRIKE

"[T]he authority to strike class allegations stems from Federal Rules of Civil Procedure 12(f), 23(c)(1)(A), and 23(d)(1)(D)." *Bell v. Cheswick Generating Station, Genon Power Midwest, L.P.*, 2015 WL 401443, at *2 (W.D. Pa. Jan. 28, 2015). Pre-discovery motions to strike are proper "where the complaint itself

demonstrates that the requirements for maintaining a class action cannot be met." *Advance Acupuncture Clinic, Inc. v. Allstate Ins. Co.*, 2008 WL 4056244, at *7 (D.N.J. Aug. 26, 2008). In such cases, "plaintiff[s] bear[] the burden of advancing a prima facie showing that the class action requirements of [Rule] 23 are satisfied or that discovery is likely to produce substantiation of the class allegations." *Semenko v. Wendy's Int'l, Inc.*, 2013 WL 1568407, at *2 (W.D. Pa. Apr. 12, 2013).

## ARGUMENT

### I. PLAINTIFFS' STATUTORY CLAIMS FAIL FOR LACK OF SPECIFICITY AND FOR FAILURE TO STATE A CLAIM.

#### A. Plaintiffs Have Not Identified Which HP Statements They Reviewed, Much Less Relied Upon.

In support of their state law consumer fraud claims, Plaintiffs challenge alleged representations or omissions made in promotional materials for different HP notebooks. Plaintiffs claim their notebooks, which they purchased dating back to 2012, contained one (or more) defects "that prevent[s] them from being used as portrayed in HP's advertising materials, and HP concealed, failed to disclose or otherwise engaged in deceptive marketing with respect to this defect." FAC ¶ 3.[5]

Although their claims thus sound in fraud, Plaintiffs have made no attempt to satisfy Rule 9(b), which (among other things) requires that they "explain[n] exactly

---

[5] Along these lines, Plaintiffs allege that HP "concealed from and/or failed to disclose ... the defective nature" of the notebooks (FAC ¶ 27); "failed to disclose and actively concealed" the alleged defects (*Id.* ¶ 308); and "mispresented[ed]" that the notebooks "were reliable, durable, easy to transport" (*Id.* ¶ 436).

how HP [] made a false representation that [Plaintiffs] reasonably relied on."
*Twardzik v. HP Inc.*, 2022 WL 606092, at *4 (D. Del. Jan. 25, 2022) (citation and quotation marks omitted). To be sure, Plaintiffs' FAC is interspersed with references to online statements, videos, pictures and other information concerning multiple models of HP notebooks sold over the past decade. *See, e.g.*, FAC ¶¶ 7–11, 122–134.[6] Yet in the 150 paragraphs Plaintiffs devote to describing their own individual purchases (FAC ¶¶ 142–292), no Plaintiff identifies any of these materials—or any indeed any statement made by HP—in alleging the purported facts surrounding their individual purchases.

---

[6] The generic marketing statements in these paragraphs would not be actionable, even if Plaintiffs had specifically connected the statements to their own individual purchasing experience, which they have not done. Their FAC otherwise includes no particularized allegations of falsity, *see Twardzik*, 2022 WL 606092, at *5, and the statements otherwise do not support any plausible claim for relief. *See id.*; *Vitt v. Apple Comput., Inc.*, 469 Fed. App'x. 605, 607 (9th Cir. 2012) (holding that generalized statements regarding a laptop's durability are non-actionable puffery); *Jackson v. Anheuser-Busch InBev SA/NV, LLC*, 2021 WL 3666312, at *15 (S.D. Fla. Aug. 18, 2021) (dismissing Florida fraud claim based on generalized statements); *Roe v. Ford Motor Co.*, 2019 WL 3564589, at *4 (E.D. Mich. Aug. 8, 2019) (statements about general safety, quality, and reliability are puffery); *Argabright v. Rheem Mfg. Co.*, 201 F. Supp. 3d 578, 608 (D.N.J. 2016) ("'[T]op–quality,' 'innovative,' and 'dependable' with 'great warranties' and 'excellent service and support' ... are simply too imprecise to be considered material."); *Risner v. Regal Marine Indus., Inc.*, 8 F. Supp. 3d 959, 992 (S.D. Ohio 2014) (the "best" and "highest quality" are puffery); *Wright v. Bath & Body Works Direct, Inc.*, 2012 WL 12088132, at *2 (W.D. Mo. Oct. 17, 2012) (similar). To the extent the Court were to consider those statements in evaluating the FAC, the FAC should be dismissed on these independent grounds.

Plaintiffs' fraud claims thus fail under Rule 9(b), as Plaintiffs have not even attempted to identify the specific statement, if any, that each Plaintiff relied upon, when or how they viewed that statement, and who specifically made the statement. *See, e.g.*, *Glass v. BMW of N. Am., LLC*, 2011 WL 6887721, at *7 (D.N.J. Dec. 29, 2011) ("Plaintiff[s] cannot simply reference a statement on a website without providing the date when the statement was made or at what point—if ever—Plaintiff[s] w[ere] exposed to that statement." (citation omitted)). This critical gap requires dismissal of Plaintiffs' claims. *See, e.g.*, *In re ZF-TRW Airbag Control Units Prod. Liab. Litig.*, 2022 WL 522484, at *70 (C.D. Cal. Feb. 9, 2022) (dismissing because the complaint "does not allege that Plaintiffs actually read the claimed misleading representations"); *Shea v. Gen. Motors LLC*, 2021 WL 4804171, at *8 (N.D. Ind. Oct. 14, 2021) (dismissing for failure to "sufficiently allege [plaintiffs] relied on [challenged] materials in making their purchases").[7]

Nor can Plaintiffs avoid Rule 9(b)'s requirements by pleading in the alternative an omissions-based theory. Each Plaintiff must still plead specific facts showing "that he relied on any anything HP [] did or ***did not*** say." *Twardzik*, 2022

---

[7] Courts repeatedly enforce Rule 9(b)'s pleading requirements in dismissing claims under the various consumer fraud statutes Plaintiffs invoke. *See, e.g.*, *In re ZF-TRW Airbag*, 2022 WL 522484, at *70, *87, *90-91; *Jackson*, 2021 WL 3666312, at *16; *Glass*, 2011 WL 6887721, at *13; *Faltermeier v. FCA US LLC*, 2017 WL 1128467, at *3 (W.D. Mo. Mar. 24, 2017), *aff'd*, 899 F.3d 617 (8th Cir. 2018); *Martell v. Gen. Motors LLC*, 492 F. Supp. 3d 1131, 1143–46 (D. Or. 2020).

WL 606092, *6 (emphasis added).  This requires that each Plaintiff plead the specific facts showing he or she was "exposed to the materials that should have included a disclosure of the [a]lleged [d]efect, or that they would have seen it had it been disclosed."  *In re ZF-TRW Airbag*, 2022 WL 522484, at *70; *see also supra,* n.7.  Since no Plaintiff reviewed any HP statements, no Plaintiff has stated any viable claim that HP omitted material facts from such statements.

**B.    Plaintiffs Have Otherwise Failed to State Any Plausible Fraud Claim.**

Plaintiffs' omissions-based fraud theory also fails because they fail to allege: (1) any defect; (2) HP's knowledge of any defect; and (3) any duty to disclose.

***First***, Plaintiffs' FAC alleges myriad differences in each Plaintiff's alleged experiences of any defect, including when and how the alleged defect manifests, and any resulting impact on notebook performance, thus failing to give HP adequate notice of what, exactly, it must defend.  For example, Plaintiff Carson alleges 18 months of use before the alleged defect affected the notebook's right hinge and "computer speed[.]"   FAC ¶¶ 144–145.   Plaintiff Harman alleges he used his notebook for three years, nowhere claims that either hinge had any issues before he took it to a third–party for repair, and instead cites an issue with the "bottom panel" of his notebook separating.  *Id.* ¶¶ 208.  Plaintiff Roberts describes the defect as manifesting two years after her purchase and in terms of "hinge stiffness" that she claims "caused the frame to distort."  *Id.* ¶¶ 171.  Other examples abound. *Compare,*

*e.g.*, FAC ¶ 188 (laptop lid would close on its own due potentially to a loose screw), *with* FAC ¶ 228 (interruption to battery connection). Simply put, Plaintiffs have failed to allege the existence of a single defect against which HP can defend. *See, e.g.*, *Roe v. Ford Motor Co.*, 2019 WL 3564589, at *7 (E.D. Mich. Aug. 6, 2019) (dismissing claim where "complaint gives little indication of the water pump's failure rate or how that rate compares to the failure rate of a part that the law would deem 'defective.'"). And the FAC's generic allegations as to disclosures regarding "normal wear and tear" (*id*. ¶ 365(b)) wholly fail to state a claim. *See, e.g.*, *Glass v. Allis-Chalmers Corp.*, 618 F. Supp. 314, 316 (E.D. Mo. 1985) ("To hold a manufacturer or seller liable for ... ordinary wear and tear would be to place the manufacturer or seller in the place of an insurer."); *Daugherty v. Am. Honda Motor Co.*, 144 Cal. App. 4th 824, 838 (2006), as modified (Nov. 8, 2006) (alleged failure to disclose that component might fail "in the fullness of time" is not actionable).

*Second*, "a fraudulent omission claim requires proof that a defendant was aware of the defect at the time of sale to establish defendant had a duty to disclose." *Sloan v. Gen. Motors LLC*, 2017 WL 3283998, at *5 (N.D. Cal. Aug. 1, 2017). This "common sense" requirement applies "not only under California law but also, as it

appears, under the laws of the other states in which Plaintiffs have brought claims, as well as the common law of torts generally." *Id.* (collecting authorities).[8]

Plaintiffs' unique experiences confirm that they hold no uniform view as to what alleged defect HP "knew" of as to any one of Plaintiffs' unidentified notebook models. HP cannot be charged with fraudulent concealment absent sufficient allegations that HP knew of the ***specific*** defect alleged. *See Williams v. Tesla, Inc.*, 2022 WL 899847, at *4 (N.D. Cal. Mar. 28, 2022). And "[s]ince Plaintiffs have [otherwise] failed to adequately plead a defect, they have necessarily failed to plead exactly what [HP] had knowledge of concerning the [notebooks]." *See Browning v. Am. Honda Motor Co.*, 549 F. Supp. 3d 996, 1012 (N.D. Cal. 2021).

Plaintiffs also point to "[r]andom anecdotal examples of disgruntled customers posting their views on websites," but those are insufficient to impute knowledge of any defect, *see, e.g.*, *Oestreicher v. Alienware Corp.,* 544 F. Supp. 2d 964, 975 & n.9 (N.D. Cal. 2008), particularly where, as here, there is no temporal or substantive connection between such statements and Plaintiffs' individual

---

[8] In *Sloan*, the court applied the knowledge requirement in dismissing claims arising under 32 states' laws, including Alabama, California, Florida, Indiana, Ohio, and South Carolina law. *See* 2017 WL 3283998, at *1, *4, *7. The other state laws at issue here are in accord. *See Harris v. Mid-W. Egg Donation, LLC*, 365 S.W.3d 274, 277–78 & n.1 (Mo. Ct. App. 2012) (Missouri law); *Miller v. Gen. Motors, LLC*, 2018 WL 2740240, at *13, *15 (E.D. Mich. June 7, 2018) (Michigan law); *Benson Tower Condo. Owners Ass'n v. Victaulic Co.*, 2014 WL 5285475, at *12 n.7 (D. Or. Oct. 15, 2014) (Oregon law); *Harris v. Pfizer Inc.*, 2022 WL 488410, at *4–5 (S.D.N.Y. Feb. 16, 2022) (New Jersey and New York law).

experiences.  And because Plaintiffs fail to identify their specific notebook models, their generic allegation of HP's "knowledge" as to any defect in any particular model does not support their individual claims for relief.

Similarly, Plaintiffs' bald claims about HP's general "pre-sale diligence" and "testing"/"pre-release testing" (e.g., FAC ¶¶ 129–30, 388–89) are also insufficient to impute knowledge to HP.  *See, e.g.*, *Greene v. BMW of N. Am.*, 2012 WL 5986461, at *7 (D.N.J. Nov. 28, 2012) ("product testing" allegations are "ungrounded speculation"); *Beck v. FCA US LLC*, 273 F. Supp. 3d 735, 753 (E.D. Mich. 2017) (collecting cases rejecting generic allegations based on testing and analysis); *Mandani v. Volkswagen Grp. of Am., Inc.*, 2019 WL 652867, at *8 (N.D. Cal. Feb. 15, 2019) ("[C]onclusory allegations of pre-purchase knowledge based on 'pre-sale design and testing' are insufficient.").  Plaintiffs also fail to allege any connection between the alleged testing and how it "would have alerted [HP] to the alleged defect" in any specific notebook model.  *Burdt v. Whirlpool Corp.*, 2015 WL 4647929, at *4 (N.D. Cal. Aug. 5, 2015).

***Finally***, Plaintiffs' claims independently fail because HP owed no duty to disclose any alleged defect to them.  There is no duty to disclose where, as here, there is no confidential or fiduciary relationship between the parties or actionable partial misrepresentations. *See Holmes v. Behr Process Corp.*, 2015 WL 7252662, at

*4 (N.D. Ala. Nov. 17, 2015) (Alabama law; imposing duty only when a confidential relationship exists or the buyer requests specific information from seller).[9]

And for Plaintiffs from Alabama, California, Florida, Missouri, New Jersey, and Ohio, there is no duty to disclose defects that manifest outside a product's warranty period. *See Ala. Tchrs. Credit Union v. Design Build Concepts, Inc.*, 334 F. Supp. 3d 1171, 1198 (N.D. Ala. 2018) (Alabama law); *Taleshpour v. Apple, Inc.*, 2022 WL 1577802, at *1 (9th Cir. May 19, 2022) (California law); *Marlborough Holdings Grp. Ltd. v. Pliske Marine, Inc.*, 2011 WL 13322647, at *6 (S.D. Fla. Mar. 18, 2011) (Florida law); *Owen v. Gen. Motors Corp.*, 533 F.3d 913, 920 (8th Cir. 2008) (Missouri law); *Glass*, 2011 WL 6887721, at *9 (New Jersey law); *Woods v.*

---

[9] *See also LiMandri v. Judkins*, 52 Cal. App. 4th 326, 337 (1997) (California law; requiring some relationship between the parties to a transaction); *Friedman v. Am. Guardian Warranty Servs., Inc.*, 837 So. 2d 1165, 1166 (Fla. 4th DCA 2003) (Florida law; limiting the duty to fiduciary or confidential relationships or where partial representations have been made); *Szep v. Gen. Motors LLC*, 491 F. Supp. 3d 280, 296 (N.D. Ohio 2020) (Ohio law; same); *Armstrong v. Deere & Co.*, 2017 WL 4168485, at *6–7 (S.D. Ind. Sept. 20, 2017) (Indiana law; duty only on *sellers* who have superior knowledge, and the duty arises from trust and reliance that the buyer *must repose* in the seller); *Matanky v. Gen. Motors LLC*, 370 F. Supp. 3d 772, 794 (E.D. Mich. 2019) (Michigan law; no duty absent "incomplete or misleading statements in response to a specific purchaser inquiry"); *Pfizer*, 2022 WL 488410, at *4–5 (New Jersey and New York law; no duty absent a special relationship or partial disclosures or, in New York only, where seller knows the buyer is operating under a mistaken perception of material fact); *Harris*, 365 S.W.3d at 277–78 & n.1 (Missouri law; imposing duty in special relationships); *Benson*, 2014 WL 5285475, at *12 & n.7 (Oregon law; requiring special relationship, which does not exist where parties deal at "arms-length"); *Winley v. Int'l Paper Co.*, 2012 WL 13047989, at *11–12 (D.S.C. Oct. 23, 2012) (South Carolina law; requiring a special relationship of trust).

*Caterpillar, Inc.*, 2005 WL 1926511, at \*3, \*5 (Ohio Ct. App. Aug. 12, 2005) (Ohio law). Thus, Plaintiffs Carson, Schauer, Cosman, Graner, Roberts, Harman, Purvis, Kaplitt, and Washington—each of whom allegedly experienced the defect at or outside the one-year Limited Warranty period (*see* FAC ¶¶ 144, 154, 163, 171, 180, 208, 246, 278)—cannot proceed on any omissions-based claim.[10]

### C. Plaintiffs' Fraud Claims Fail for Additional Reasons.

The Alabama, California, Florida, Michigan, and Missouri Plaintiffs' common law fraudulent concealment claims should be dismissed under the economic loss doctrine, which precludes such claims absent alleged personal injury or damage to other property. *See Harman v. Taurus Int'l Mfg., Inc.*, 2022 WL 479139, at \*6 (M.D. Ala. Feb. 16, 2022) (Alabama law); *Koski v. Carrier Corp.*, 347 F. Supp. 3d 1185, 1198 (S.D. Fla. 2017) (Florida law); *ZF-TRW Airbag*, 2022 WL 522484, at \*84 (Michigan law); *OS33 v. CenturyLink Commc'ns, L.L.C.*, 350 F. Supp. 3d 807, 815 (E.D. Mo. 2018) (Missouri law); *Kelsey v. Nissan N. Am.*, 2020 WL 4592744, at \*1 (C.D. Cal. July 15, 2020) (California law).

Plaintiffs' statutory fraud claims fail for other state-specific reasons:

**Alabama Claim**. Plaintiff Carson's Alabama Claim fails because she forfeited the claim by asserting her claim for fraudulent concealment. *See* Ala. Code

---

[10] Plaintiff Kaplitt avers that he purchased an "extended warranty" (FAC ¶ 277), but he does not say from where it was purchased or otherwise identify its terms.

§ 8-19-15(b) (pursuing common law remedy for fraudulent concealment excludes and surrenders all rights and remedies available for the Alabama Claim); *Holmes*, 2015 WL 7252662, at *3 (applying Section 8-19-15(b) to dismiss Alabama Claim).

In addition, Plaintiff purchased her notebook in October 2019 and it allegedly experienced the defect in April 2021 (*see* FAC ¶¶ 143–144); her claim therefore expired before she filed the FAC in May 2022. *See Holmes*, 2015 WL 7252662, at *3 (dismissing claim under one-year statute of limitations in Ala. Code § 8-19-14).

**California Claims**. Plaintiffs' UCL claim based on purported "unlawful" conduct (FAC ¶ 398) fail, because Plaintiffs have failed to state a claim for violation of the underlying statutes. *See, e.g.*, *Taleshpour*, 2022 WL 1577802, at *2 (dismissing UCL unlawful claim where derivative claim under the CLRA failed).

All of Plaintiff Schauer and Graner's California Claims and Plaintiff Cosman's CLRA and FAL claims are time-barred; the limitations period (four years for the UCL; three years for the CLRA and FAL)[11] expired before these Plaintiffs filed the FAC. *See* FAC ¶ 152 (Schauer purchased on June 23, 2017); ¶ 180 (Graner purchased on January 27, 2018); ¶ 162 (Cosman purchased on June 1, 2018).[12]

---

[11] *See* Cal. Bus. & Prof. Code § 17208 (UCL); Cal. Civ. Code § 1783 (CLRA); Cal. Civ. Proc. Code 338(a) (FAL; three years for actions created by statute).

[12] Presumably in error, Florida Plaintiff Roberts (FAC ¶ 169) also purports to assert California Claims; she has no standing to assert claims under California law. *See, e.g.*, *Meridian Project Sys., Inc. v. Hardin Const. Co.,* 404 F. Supp. 2d 1214, 1225 (E.D. Cal. 2005).

**Florida Claims**.  The FDUTPA claim fails because there is no allegation of damages cognizable under the statute.  *See ADT LLC v. Vivint, Inc.*, 2017 WL 5640725, at *5 (S.D. Fla. Aug. 3, 2017) (FDUTPA permits recovery of differential between product "in the condition in which it was delivered and its [] value in the condition in which it should have been delivered according to the contract").

Plaintiff Harman purchased in December 2017 (FAC ¶ 204); his claims are thus time-barred under the four-year limitations period.  *See* Fla. Stat. § 95.11(3)(f).[13]

**Indiana Claim**.  Plaintiff Draper purchased in May 2019 (FAC ¶ 218), and Plaintiff Miller purchased in November 2019 (FAC ¶ 227); their claims are thus time-barred.  *See* Ind. Code Ann. § 24-5-0.5-5(b) (two-year limitations period).

**Michigan Claim**.  As with the common law fraudulent concealment claim, the Michigan Claim is barred by the economic loss rule.  *See ZF-TRW Airbag*, 2022 WL 522484, at *84 (collecting cases).

**Missouri Claim**.  Plaintiff Purvis, who acquired the notebook as a gift, lacks standing to assert the claim.  *See* Mo. Ann. Stat. § 407.025.1(1) (limiting actions to "purchase[rs] or lease[es] [of] merchandise").[14]

---

[13] Plaintiff Erickson does not allege his date of purchase (FAC ¶¶ 195–202), and HP thus reserves the right to challenge his claims as time–barred as well.

[14] Plaintiff Purvis allege only when she received the notebook as a gift—not when it was actually purchased, or any other specifics.  *See* FAC ¶¶ 244–251.  HP thus reserves the right to challenge her claims on all other grounds, including without limitation under the applicable statute of limitations.

**New Jersey Claim**.  Plaintiff pleads no "ascertainable loss," which cannot exist for parts covered by a warranty, or where a product outlasts the warranty period. *Glass*, 2011 WL 6887721, at \*10–11 (collecting cases).

The claim is also time-barred to the extent it is based on Plaintiff's 2012 purchase (FAC ¶ 277).  *See* N.J.S.A. 2A:14-1 (six-year limitations period).

**New York Claims**.  The N.Y. Gen. Bus. Law § 350 claim fails because Plaintiff identifies no actionable representations relied upon.  *See Small v. Lorillard Tobacco Co.*, 252 A.D.2d 1, 15, (1998), *aff'd*, 94 N.Y.2d 43 (1999).  The claim under N.Y. Gen Bus. Law § 349 based on alleged omissions similarly fails for lack of causation.  *See Gale v. Int'l Bus. Machines Corp.*, 9 A.D.3d 446 (2004).

**Ohio Claim**.  Plaintiff Washington's claim is time-barred, as she purchased in October 2018 and used the notebook for ~18 months (FAC ¶¶ 269–270).  *See* Ohio Rev. Code Ann. § 1345.10(C) (two-year limitations period).

**Oregon Claim**.  Plaintiff Householder purchased her refurbished notebook in October 2019 and used it for approximately one year before allegedly experiencing the defect (FAC ¶¶ 253–254); her claim is thus time-barred.  *See* Or. Rev. Stat. Ann. § 646.638(6) (one-year limitations period).

**South Carolina Claim**.  The South Carolina claim is time-barred under the three-year limitations period.  *See* FAC ¶¶ 261–262 (June 2018 purchase; three-month use); S.C. Code Ann. § 39-5-150.

## II. PLAINTIFFS' UNJUST ENRICHMENT CLAIM FAILS.

Plaintiffs' unjust enrichment claim fails for several reasons. ***First***, this Court should apply Rule 9(b) to the claim because it sounds in fraud. *See, e.g.*, *Schechter*, 2020 WL 1528038, at \*15 n.8. As explained, Plaintiffs have not satisfied Rule 9(b).

***Second***, because Plaintiffs have not established their fraud–claims, they cannot show that any benefit conferred on HP was unjust. *See, e.g.*, *Miller*, 2018 WL 2740240, at \*15 (dismissing unjust enrichment claim where plaintiffs did not experience the alleged defect).

***Third***, Plaintiffs from Alabama, California, Florida, Indiana, Michigan, Missouri, New Jersey, New York, and Oregon may not pursue claims for unjust enrichment because an express contract (the Limited Warranty) governs the subject matter at hand and Plaintiffs have adequate legal remedies. *See Pistorio v. FCA US LLC*, 2022 WL 141524, at \*14 (E.D. Mich. Jan. 14, 2022) (applying Alabama, California, Florida, and Michigan law).[15]

***Fourth***, Plaintiffs' claims (except for those arising under California and Indiana law) separately fail because Plaintiffs did not purchase directly from HP. *See RREF RB–AL SLDL, LLC v. Saxon Land Dev.*, 968 F. Supp. 2d 1133, 1141 (M.D.

---

[15] *See also Shea*, 2021 WL 4804171, at \*9 (Indiana law); *Pfizer*, 2022 WL 488410, at \*9 (New York and New Jersey law); *Elfaridi v. Mercedes-Benz USA, LLC*, 2018 WL 4071155, at \*11 (E.D. Mo. Aug. 27, 2018) (Missouri law); *Miller*, 2018 WL 2740240, at \*15 (Oregon law).

Ala. 2013) (Alabama law).[16]  Indeed, since Plaintiff Purvis received her notebook as a gift (FAC ¶ 245), she cannot claim to have conferred a benefit on the seller (whoever that was), much less HP.

*Fifth*, certain Plaintiffs' claims are time-barred.  California Plaintiffs Schauer, Cosman, Roberts, and Graner are barred by the two-year statute of limitations set forth in Civ. Proc. Code § 339(1).  *See* FAC ¶¶ 153, 162, 170, 179.

Florida Plaintiff Harman is barred by the four-year limitations period set forth in Fla. Stat. Ann. § 95.11(3)(p).  *See* FAC ¶ 204.[17]

Indiana Plaintiffs Draper and Miller are barred by the two-year limitations period that also governs their Indiana Claim.  *See Schwindt v. Hologic, Inc.*, 2011 WL 3806511, at *7 (S.D. Ind. Aug. 26, 2011); FAC ¶¶ 218–219 (Draper); ¶¶ 227–228 (Miller).

---

[16] *Marrache v. Bacardi U.S.A., Inc.*, 17 F.4th 1084, 1102 (11th Cir. 2021) (Florida law); *Storey v. Attends Healthcare Prod., Inc.*, 2016 WL 3125210, at *13 (E.D. Mich. June 3, 2016) (Michigan law); *Speaks Fam. Legacy Chapels, Inc. v. Nat'l Heritage Enterprises, Inc.*, 2009 WL 2391769, at *4 (W.D. Mo. Aug. 3, 2009) (Missouri law); *Glass*, 2011 WL 6887721, at *16 (New Jersey law); *Graham v. Take-Two Interactive Software, Inc.*, 2020 WL 408408, at *2 (S.D.N.Y. Jan. 24, 2020) (New York law); *Marlowe v. Nature's Bounty Co.*, 2017 WL 2291683, at *3 (N.D. Ohio May 25, 2017) (Ohio law); *Amos v. Brew Dr. Kombucha, LLC*, 2020 WL 9889190, at *4, n.2 (D. Or. Mar. 23, 2020) (Oregon law); *Myrtle Beach Hosp., Inc. v. City of Myrtle Beach*, 341 S.C. 1, 9 (2000) (South Carolina law).

[17] Again, Plaintiffs Erickson and Purvis do not allege their purchase dates (FAC ¶¶ 195–202 (Erickson) ¶¶ 244–251 (Purvis), and HP thus reserves its arguments relating to the statute of limitations.

South Carolina Plaintiff Evans is barred by the three-year limitations period set forth in S.C. Code Ann. § 15-3-530(1). *See* FAC ¶¶ 261–262.

## III. PLAINTIFFS' IMPLIED WARRANTY CLAIMS FAIL.

Plaintiffs' implied warranty claims[18] fail because Plaintiffs have not alleged facts demonstrating that their notebooks were unmerchantable. "The mere manifestation of a defect by itself does not constitute a breach [of] the implied warranty of merchantability." *Stearns v. Select Comfort Retail Corp.*, 2009 WL 1635931, at *8 (N.D. Cal. June 5, 2009). Rather, products are unmerchantable when they "lack even the most basic degree of fitness for ordinary use." *Swearingen v. Amazon Pres. Partners, Inc.*, 2014 WL 3934000, at *1 (N.D. Cal. Aug. 11, 2014). Where, as here, buyers use their products for years, including even after the alleged manifestation of the defect, they have no viable claim for breach of implied warranty. *See, e.g.*, *Glass*, 2011 WL 6887721, at *14 (dismissing New Jersey implied warranty claim where plaintiff used vehicle for years without incident).

There are also state-specific grounds for dismissal. ***First***, the New Jersey and Oregon Plaintiffs have no implied warranty claims because the HP Limited Warranty limits all implied warranties "TO THE DURATION OF THE EXPRESS WARRANTY SET FORTH ABOVE." *See* **Ex. A** to HP's accompanying Request

---

[18] Only the California, Oregon, Michigan, and New Jersey Plaintiffs assert claims for breach of implied warranty of merchantability. *See* FAC, **Counts X, XIII, XV, XX**.

for Judicial Notice, at p. 1 (typography in original). Sellers may properly limit implied warranties under New Jersey and Oregon law. *See Priano–Keyser v. Apple, Inc.*, 2019 WL 7288941, at \*9 (D.N.J. Dec. 30, 2019) (New Jersey law); Or. Rev. Stat. Ann. § 72.3160 (2) (Oregon law). Here, New Jersey Plaintiff Kaplitt used his notebook for nearly three years before the alleged defect manifested (FAC ¶ 278), and Oregon Plaintiff alleges she used her *refurbished* notebook for approximately one year before encountering any issues (FAC ¶¶ 253–254).

*Second*, the Oregon Plaintiff's lack of privity with HP (FAC ¶ 253) is fatal to her claim. *See Dravo Equip. Co. v. German*, 73 Or. App. 165, 169 (1985).

*Third*, the New Jersey implied warranty claim fails because the alleged defect manifested after the expiration of the warranty. *Glass*, 2011 WL 6887721, at \*15. And the claim is otherwise time-barred as relates to Kaplitt's 2012 purchase (FAC ¶ 277). *See* N.J. Stat. Ann. § 12A:2–725 (four-year limitations period)

*Finally*, California Plaintiffs Schauer and Graner's claims under the Song-Beverly Act (**Count X**) are time-barred pursuant to Cal. Com. Code § 2725; Plaintiffs did not file suit within four years of purchase (FAC ¶¶ 152, 179). Florida Plaintiff Roberts cannot assert a Song-Beverly Act claim because the act only applies to products "sold at retail" in California. *See* Cal. Civ. Code § 1792.

## IV.   PLAINTIFFS LACK STANDING FOR INJUNCTIVE RELIEF.

To establish standing for injunctive relief, Plaintiffs must demonstrate that they are likely to suffer future injury from the challenged conduct. *Twardzik*, 2022 WL 606092, at *2 (citing *In re Johnson & Johnson Talcum Powder Prod. Mktg., Sales Pracs. & Liab. Litig.*, 903 F.3d 278, 292 (3d Cir. 2018)). Plaintiffs here assert only that others who are not aware of any alleged defect are likely to suffer such injury. *See* FAC ¶ 140 ("likely that many of the Class Laptops will be used or purchased by unsuspecting members of the putative class, and injunctive relief could prevent harm to those who remain unaware of the Defect").

As for Plaintiffs themselves, the FAC alleges only that they are "interested" in purchasing another notebook "and would consider doing so" again. FAC ¶¶ 150, 160, 168, 177, 185, 194, 202, 216, 225, 234, 243, 251, 259, 267, 275, 284, 292. But that "supposed injury is *hypothetical*" and so insufficient to confer standing. *Twardzik*, 2022 WL 606092, at *3 (emphasis in original). Plaintiffs "cannot maintain [their] theory of the case—that [Plaintiffs] would not have purchased the [notebooks] or would [] have paid a premium had [Plantiffs] known they contained [a defect]— while also maintaining that [Plaintiffs] will purchase the products again in the future if they are correctly labeled. *Sabater v. Am. Journey (PET), LLC*, 2021 WL 5149846, at *4 (S.D. Fla. Oct. 29, 2021) (plaintiff lacked standing to seek injunctive relief).

To the extent Plaintiffs' FAC seeks injunctive relief, it should be dismissed for lack of Article III standing.

## V.      THE CLASS ALLEGATIONS SHOULD BE STRICKEN.

This Court should also strike the class allegations from the FAC.

***First***, the Alabama Claim cannot proceed on a class basis as a matter of law. *See* Ala. Code § 8-19-10(f) ("A consumer or other person bringing an action under this chapter may not bring an action on behalf of a class[.]").  Similarly, the Ohio Claim cannot proceed on a class basis because Plaintiff did not allege "either that 'a specific rule or regulation has been promulgated [by the Ohio Attorney General] under R.C. 1345.05 that specifically characterizes the challenged practice as unfair or deceptive', or that 'an Ohio state court has found the specific practice either unconscionable or deceptive in a decision open to public inspection.'"  *Pattie v. Coach, Inc.*, 29 F. Supp. 3d 1051, 1055 (N.D. Ohio 2014).

***Second***, Plaintiffs' bizarre attempt to assert non-California state law claims on behalf of several state "subclasses" comprising only Californians should be rejected.  Even if there was a logical basis to define the Florida, Indiana, Michigan, Missouri, Oregon, and South Carolina "subclasses" as including only California purchasers, *see* FAC ¶ 293, subparagraphs d–g, k–l, there is no basis for the extraterritorial application of those states' laws to Californians.  *See Focus Fin. Partners, LLC v. Holsopple*, 250 A.3d 939, 970 (Del. Ch. 2020) ("Delaware law

presumes that a law is not intended to apply outside the territorial jurisdiction of the State in which it is enacted." (citation, quotation marks omitted)).

**Third**, Plaintiffs, each of whom alleges unique purchasing experiences and different defects that allegedly manifest within and outside the warranty period, cannot satisfy Rule 23's certification requirements. *See, e.g.*, *Johnson v. Organo Gold Int'l, Inc.*, 2016 WL 2771124, at *2 (D. Del. May 13, 2016) (striking class allegations based in part because named plaintiff cannot represent a class of plaintiffs who have not suffered any injury); *Green v. Green Mountain Coffee Roasters, Inc.*, 279 F.R.D. 275, 284 (D.N.J. 2011) (striking class allegations in consumer fraud and warranty case because common issues of fact do not predominate as to New Jersey Claims, or claims for breach of implied warranty or unjust enrichment); *accord Sanders v. Apple Inc.*, 672 F. Supp. 2d 978, 991 (N.D. Cal. 2009) (striking class allegations where, as here, the class definition "necessarily includes individuals who did not purchase their [laptop], individuals who either did not see or were not deceived by advertisements, and individuals who suffered no damages"). Because "the Court would be forced to engage in individual inquiries of each class member with respect to[, among other things, the] materiality of the statement, whether the member saw [HP]'s advertisements or visited [HP]'s website, and what caused the member to make the purchase," *Sanders*, 672 F. Supp. 2d at 991, the class allegations should be stricken with prejudice. Plaintiffs simply cannot meet their "burden of

advancing a *prima facie* showing that the class action requirements of [Rule] 23 are satisfied or that discovery is likely to produce substantiation of the class allegations." *Semenko*, 2013 WL 1568407, at *2.

At a minimum, this Court should strike the nationwide common law claims for fraudulent concealment and unjust enrichment. Plaintiffs "may bring state law claims only under the law of the state where he or she lived and the alleged injury occurred. *Dzielak v. Whirlpool Corp.*, 26 F. Supp. 3d 304, 332 (D.N.J. 2014) (citation omitted). Plaintiffs thus lack standing to assert state law claims for the majority of states where no Plaintiff resides and where no alleged injury occurred. In addition, material differences in state law by necessity will prevent class treatment of these claims on a nationwide basis. *See, e.g.*, *Yarger v. ING Bank, FSB*, 285 F.R.D. 308, 324–25 (D. Del. 2012) (holding that material variations in state law defeated predominance for unjust enrichment and breach of implied covenant claims where the court had to apply the law of 16 states); *Marcus v. BMW of N. Am., LLC*, 2010 WL 4853308, at *8-9 (D.N.J. Nov. 19, 2010), *vacated on other grounds,* 687 F.3d 583 (3d Cir. 2012) (conflict of laws defeat predominance as to proposed nationwide class).

## **CONCLUSION**

HP respectfully requests that this Court dismiss the FAC, and strike the putative class allegations.

*/s/ Kelly E. Farnan*

*Of Counsel*:                                   Kelly E. Farnan (#4395)
Michael J. Stortz                          Richards, Layton & Finger, P.A.
Marshall L. Baker                        One Rodney Square
Akin Gump Strauss Hauer & Feld LLP   920 N. King Street
580 California Street, Suite 1500      Wilmington, DE 19801
San Francisco, CA 94104               (302) 651-7700
(415) 765-9500                             farnan@rlf.com
mstortz@akingump.com
mbaker@akingump.com                *Attorneys for Defendant HP Inc.*


Dated: June 23, 2022

## WORD COUNT CERTIFICATION

The undersigned hereby certifies that HP's Opening Brief in Support of Motion to Dismiss and to Strike contains 6,993 words (exclusive of the cover page, table of contents, table of authorities, and signature blocks) in Times New Roman 14–point font, counted using Microsoft Word's word count feature.

*/s/ Kelly E. Farnan*
Kelly E. Farnan (#4395)
Richards, Layton & Finger, P.A.
One Rodney Square
920 N. King Street
Wilmington, DE 19801
(302) 651-7700
farnan@rlf.com

*Attorney for Defendant HP Inc.*