## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

PHYLLIS CARSON; LORNE COSMAN;     )
WILLIAM DRAPER; PHILLIP            )
ERICKSON; TERENCE GRANER;         )       C.A. No. 22-208-CFC
DONALD HARMAN; SARAH              )
HOUSEHOLDER; TRUDY L. GRANER;    )
TRUDY LETSON; SABINE MILLER;      )
DIANA HOBERT-POWELL; JANET         )
PURVIS; PATRICIA ROBERTS;         )
CAROLE SCHAUER; CARA               )
WASHINGTON; STEPHEN KAPLITT;      )
MICHAEL DOBKIN; CHERYL MEOLA;    )
DIANE DRAKE; CHROSTPHER NIND;    )
ROSE CARINA; BRUCE WILLIAMS;     )
ANTHONY HARRIS; TIMUR             )
SAKHARUK; ROBERT DIMARTINO;      )
IAN PERRY; STEPHEN LUTHER;        )
GREGORY ORENSKI; RODNEY NASH;    )
and DEBORAH THELEN individually and )
on behalf of all others similarly situated, )
                                  )
              Plaintiffs,          )
                                  )
       v.                          )
                                  )
HP INC.,                           )
                                  )
              Defendant.           )

## OPENING BRIEF IN SUPPORT OF DEFENDANT'S MOTION
## TO DISMISS AND TO STRIKE

*Of Counsel*:
Michael J. Stortz
Marshall L. Baker
Akin Gump Strauss Hauer & Feld LLP
580 California Street, Suite 1500
San Francisco, CA 94104
(415) 765-9500
mstortz@akingump.com
mbaker@akingump.com

Dated: September 1, 2022

Kelly E. Farnan (#4395)
Richards, Layton & Finger, P.A.
One Rodney Square
920 N. King Street
Wilmington, DE 19801
(302) 651-7700
farnan@rlf.com

*Attorneys for Defendant HP Inc.*

2

# **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................................. ii

INTRODUCTION ............................................................................................ 1

BACKGROUND ............................................................................................. 2

LEGAL STANDARDS .................................................................................... 5

    I.     MOTION TO DISMISS ..................................................................... 5

    II.    MOTION TO STRIKE ....................................................................... 7

ARGUMENT ................................................................................................. 8

    I.     PLAINTIFFS' STATUTORY CLAIMS FAIL FOR LACK OF
        SPECIFICITY AND FOR FAILURE TO STATE A CLAIM. ............. 8

        A.    Plaintiffs Still Do Not Plead Their Fraud-Based Claims
             With Specificity. ......................................................................... 8

        B.    Plaintiffs Have Otherwise Failed to State Any Plausible
             Fraud Claim. ............................................................................ 12

        C.    Plaintiffs' Fraud Claims Fail for Additional Reasons. ............. 15

    II.    PLAINTIFFS' NATIONWIDE CLASS CLAIMS SHOULD BE
        DISMISSED. ................................................................................. 20

        A.    Plaintiffs' Unjust Enrichment Claim Fails. ............................... 20

        B.    Plaintiffs' Express Warranty Claim Fails. ................................. 22

        C.    Plaintiffs' Implied Warranty Claims Fail. ................................. 25

    III.   PLAINTIFFS LACK STANDING FOR INJUNCTIVE
        RELIEF. ....................................................................................... 27

    IV.   THE CLASS ALLEGATIONS SHOULD BE STRICKEN. ............. 28

CONCLUSION ............................................................................................. 32

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Abraham v. Volkswagen of Am., Inc.*,
 795 F.2d 238 (2d Cir. 1986) ...............................................................................23

*ADT LLC v. Vivint, Inc.*,
 2017 WL 5640725 (S.D. Fla. Aug. 3, 2017) ......................................................18

*Advanced Acupuncture Clinic, Inc. v. Allstate Ins. Co.*,
 2008 WL 4056244 (D.N.J. Aug. 26, 2008) ..........................................................7

*Alabama Tchrs. Credit Union v. Design Build Concepts, Inc.*,
 334 F. Supp. 3d 1171 (N.D. Ala. 2018).............................................................15

*Allen v. Ollie's Bargain Outlet, Inc.*,
 37 F.4th 890 (3d Cir. 2022) ...............................................................................31

*Allstate Vehicle & Prop. Ins. Co. v. BSH Home Appliance Corp.*,
 2022 WL 2405495 (E.D. Mich. May 4, 2022) ...................................................26

*Amos v. Brew Dr. Kombucha, LLC*,
 2020 WL 9889190 (D. Or. Mar. 23, 2020).........................................................21

*Armstrong v. Deere & Co.*,
 2017 WL 4168485 (S.D. Ind. Sept. 20, 2017).....................................................14

*Ashcroft v. Iqbal*,
 556 U.S. 662 (2009).............................................................................................6

*Bardy v. Cardiac Sci. Corp.*,
 2013 WL 5588313 (W.D. Wash. Oct. 10, 2013)................................................21

*Bell Atl. Corp. v. Twombly*,
 550 U.S. 544 (2007).............................................................................................6

*Bell v. Cheswick Generating Station, Genon Power Midwest, L.P.*,
 2015 WL 401443 (W.D. Pa. Jan. 28, 2015) ........................................................7

*Benson Tower Condo. Owners Ass'n v. Victaulic Co.*,
 2014 WL 5285475 (D. Or. Oct. 15, 2014) ...................................................13, 14

ii

*Brothers v. Hewlett-Packard Co.*,
　2006 WL 3093685 (N.D. Cal. Oct. 31, 2006) .....................................................25

*Canal Elec. Co. v. Westinghouse Elec. Co.*,
　973 F.2d 988 (1st Cir. 1992).................................................................................23

*Cappuccitti v. DirecTV, Inc.*,
　623 F.3d 1118 (11th Cir. 2010) ............................................................................29

*Cashatt v. Ford Motor Co.*,
　2020 WL 1987077 (W.D. Wash. Apr. 27, 2020) .................................................31

*Cipollone v. Liggett Grp., Inc.*,
　505 U.S. 504 (1992).............................................................................................22

*Connectors Realty Grp. Corp. v. State Farm Fire & Cas. Co.*,
　2021 WL 1143513 (N.D. Ill. Mar. 25, 2021) .......................................................31

*Costa v. FCA US LLC*,
　542 F. Supp. 3d 83 (D. Mass. 2021) ....................................................................14

*Daugherty v. Am. Honda Motor Co.*,
　144 Cal. App. 4th 824 (2006) ...............................................................................12

*David v. Am. Suzuki Motor Corp.*,
　629 F. Supp. 2d 1309 (S.D. Fla. 2009).................................................................22

*Dravo Equip. Co. v. German*,
　73 Or. App. 165 (1985).........................................................................................26

*Duquesne Light Co. v. Westinghouse Elec. Corp.*,
　66 F.3d 604 (3d Cir. 1995) ...................................................................................23

*Dzielak v. Whirlpool Corp.*,
　26 F. Supp. 3d 304 (D.N.J. 2014).........................................................................30

*Eisen v. Porsche Cars N. Am., Inc.*,
　2012 WL 841019 (C.D. Cal. Feb. 22, 2012) .......................................................10

*Elfaridi v. Mercedes-Benz USA, LLC*,
　2018 WL 4071155 (E.D. Mo. Aug. 27, 2018)......................................................21

iii

*Faltermeier v. FCA US LLC*,
  2017 WL 1128467 (W.D. Mo. Mar. 24, 2017),
  *aff'd*, 899 F.3d 617 (8th Cir. 2018)....................................................................10

*Frederico v. Home Depot*,
  507 F.3d 188 (3d Cir. 2007) ................................................................8, 10, 11

*Friedman v. Am. Guardian Warranty Servs., Inc.*,
  837 So. 2d 1165 (Fla. 4th DCA 2003)..............................................................14

*Gale v. Int'l Bus. Machines Corp.*,
  9 A.D.3d 446 (2004) .........................................................................................19

*Glass v. BMW of N. Am., LLC*,
  2011 WL 6887721 (D.N.J. Dec. 29, 2011).................................................*passim*

*Goodson v. Bos. Sci. Corp.*,
  2011 WL 6840593 (N.D. Ga. Dec. 29, 2011) ...................................................27

*Graham v. Take-Two Interactive Software, Inc.*,
  2020 WL 408408 (S.D.N.Y. Jan. 24, 2020) ......................................................21

*Green v. Green Mountain Coffee Roasters, Inc.*,
  279 F.R.D. 275 (D.N.J. 2011).............................................................................29

*Harman v. Taurus Int'l Mfg., Inc.*,
  2022 WL 479139 (M.D. Ala. Feb. 16, 2022) ....................................................15

*Harris v. Mid-W. Egg Donation, LLC*,
  365 S.W.3d 274 (Mo. Ct. App. 2012) .........................................................13, 14

*Harris v. Pfizer Inc.*,
  2022 WL 488410 (S.D.N.Y. Feb. 16, 2022)
  (New Jersey and New York law)............................................................13, 14, 21

*Holmes v. Behr Process Corp.*,
  2015 WL 7252662 (N.D. Ala. Nov. 17, 2015).......................................14, 16, 17

*Hurry v. Gen. Motors LLC*,
  2022 WL 3587349 (M.D. Ala. Aug. 22, 2022) .................................................26

*Jackson v. Anheuser-Busch InBev SA/NV, LLC*,
  2021 WL 3666312 (S.D. Fla. Aug. 18, 2021) ...............................................9, 10

iv

*Johnson v. Organo Gold Int'l, Inc.*,
   2016 WL 2771124 (D. Del. May 13, 2016) ......................................................29

*Kelsey v. Nissan N. Am.*,
   2020 WL 4592744 (C.D. Cal. July 15, 2020)....................................................16

*Kirchner v. Wyndham Vacation Resorts, Inc.*,
   2021 WL 1198314 (D. Del. Mar. 30, 2021) ........................................................6

*Koski v. Carrier Corp.*,
   347 F. Supp. 3d 1185 (S.D. Fla. 2017)..............................................................16

*Kowalsky v. Hewlett-Packard Co.*,
   771 F. Supp. 2d 1138 (N.D. Cal. 2010)..............................................................24

*LiMandri v. Judkins*,
   52 Cal. App. 4th 326 (1997) ...............................................................................14

*Lipstein v. UnitedHealth Grp.*,
   296 F.R.D. 279 (D.N.J. 2013)..............................................................................31

*Long v. Hewlett-Packard Co.*,
   316 F. App'x 585 (9th Cir. 2009) ......................................................................23

*Lujan v. Defenders of Wildlife*,
   504 U.S. 555 (1992).............................................................................................6

*Marcus v. BMW of N. Am., LLC*,
   2010 WL 4853308 (D.N.J. Nov. 19, 2010), *vacated on other grounds*,
   687 F.3d 583 (3d Cir. 2012) ..............................................................................30

*Marlborough Holdings Grp. Ltd. v. Pliske Marine, Inc.*,
   2011 WL 13322647 (S.D. Fla. Mar. 18, 2011) .................................................15

*Marlowe v. Nature's Bounty Co.*,
   2017 WL 2291683 (N.D. Ohio May 25, 2017) ..................................................21

*Marrache v. Bacardi U.S.A., Inc.*,
   17 F.4th 1084 (11th Cir. 2021) ..........................................................................21

*Martell v. Gen. Motors LLC*,
   492 F. Supp. 3d 1131 (D. Or. 2020) ..................................................................10

*Matanky v. Gen. Motors LLC*,
370 F. Supp. 3d 772 (E.D. Mich. 2019) ............................................................14

*McCabe v. Daimler AG*,
160 F. Supp. 3d 1337 (N.D. Ga. 2015)..............................................................14

*Mesa v. BMW of N. Am., LLC*,
904 So.2d 450 (Fla. 3d DCA 2005) ...................................................................26

*Miller v. Gen. Motors, LLC*,
2018 WL 2740240 (E.D. Mich. June 7, 2018) .....................................13, 20, 21

*Minnick v. Clearwire US, LLC*,
683 F. Supp. 2d 1179 (W.D. Wash. 2010) .........................................................20

*Monopoli v. Mercedes-Benz USA, LLC*,
2022 WL 409484 (N.D. Ga. Feb. 10, 2022) .......................................................21

*Mooradian v. FCA US, LLC*,
2017 WL 4869060 (N.D. Ohio Oct. 27, 2017)...................................................27

*Moore v. Mack's Sport Shop, LLLP*,
2017 WL 4350980 (E.D. Ark. Sept. 29, 2017)...................................................21

*Myrtle Beach Hosp., Inc. v. City of Myrtle Beach*,
341 S.C. 1 (2000)...............................................................................................21

*Oestreicher v. Alienware Corp.*,
544 F. Supp. 2d 964 (N.D. Cal. 2008) ...............................................................13

*OS33 v. CenturyLink Commc'ns, L.L.C.*,
350 F. Supp. 3d 807 (E.D. Mo. 2018) ...............................................................16

*Owen v. Gen. Motors Corp.*,
533 F.3d 913 (8th Cir. 2008) .............................................................................15

*Pattie v. Coach, Inc.*,
29 F. Supp. 3d 1051 (N.D. Ohio 2014) ..............................................................29

*Perez v. Volkswagen Grp. of Am., Inc.*,
2013 WL 1661434 (W.D. Ark. Apr. 17, 2013) ..................................................15

RLF1 27898102v.1

*Pistorio v. FCA US LLC*,
    2022 WL 141524 (E.D. Mich. Jan. 14, 2022) ....................................................21

*Popham v. Keystone RV Co.*,
    2016 WL 4993393 (N.D. Ind. Sept. 19, 2016) ............................................25, 26

*Priano-Keyser v. Apple, Inc.*,
    2019 WL 7288941 (D.N.J. Dec. 30, 2019).........................................................26

*Rasmussen v. Apple Inc.*,
    27 F. Supp. 3d 1027 (N.D. Cal. 2014) ...............................................................31

*Roe v. Ford Motor Co.*,
    2019 WL 3564589 (E.D. Mich. Aug. 6, 2019)................................................9, 12

*RREF RB–AL SLDL, LLC v. Saxon Land Dev.*,
    968 F. Supp. 2d 1133 (M.D. Ala. 2013)............................................................21

*Sabater v. Am. Journey (PET), LLC*,
    570 F. Supp. 3d 1160 (S.D. Fla. 2021)..............................................................28

*Sanders v. Apple Inc.*,
    672 F. Supp. 2d 978 (N.D. Cal. 2009).........................................................30, 31

*Santos v. SANYO Mfg. Corp.*,
    2013 WL 1868268 (D. Mass. May 3, 2013).......................................................21

*Schechter v. Hyundai Motor Am.*,
    2020 WL 1528038 (D.N.J. Mar. 31, 2020) ....................................................5, 20

*Schwindt v. Hologic, Inc.*,
    2011 WL 3806511 (S.D. Ind. Aug. 26, 2011) ...................................................22

*Semenko v. Wendy's Int'l, Inc.*,
    2013 WL 1568407 (W.D. Pa. Apr. 12, 2013) .................................................7, 30

*Shea v. Gen. Motors LLC*,
    2021 WL 4804171 (N.D. Ind. Oct. 14, 2021) ..............................................10, 21

*Sloan v. Gen. Motors LLC*,
    2017 WL 3283998 (N.D. Cal. Aug. 1, 2017) ................................................12, 13

RLF1 27898102v.1

*Small v. Lorillard Tobacco Co.*,
   252 A.D.2d 1 (1998), *aff'd*, 94 N.Y.2d 43 (1999) ..............................................19

*Smith v. Ford Motor Co.*,
   462 F. App'x 660 (9th Cir. 2011) ........................................................24

*Speaks Fam. Legacy Chapels, Inc. v. Nat'l Heritage Enterprises, Inc.*,
   2009 WL 2391769 (W.D. Mo. Aug. 3, 2009) ......................................21

*Stearns v. Select Comfort Retail Corp.*,
   2009 WL 1635931 (N.D. Cal. June 5, 2009) ......................................25

*Storey v. Attends Healthcare Prod., Inc.*,
   2016 WL 3125210 (E.D. Mich. June 3, 2016) ....................................21

*Swearingen v. Amazon Pres. Partners, Inc.*,
   2014 WL 3934000 (N.D. Cal. Aug. 11, 2014) ....................................25

*Szep v. Gen. Motors LLC*,
   491 F. Supp. 3d 280 (N.D. Ohio 2020) ..............................................14

*Tabak v. Apple, Inc.*,
   2020 WL 9066153 (N.D. Cal. Jan. 30, 2020) .....................................25

*Taleshpour v. Apple, Inc.*,
   2022 WL 1577802 (9th Cir. May 19, 2022) ..................................15, 17

*Talley v. Gen. Motors, LLC*,
   2022 WL 958467 (D. Del. Mar. 30, 2022) ..........................................27

*Twardzik v. HP Inc.*,
   2022 WL 606092 (D. Del. Jan. 25, 2022), *reconsideration denied*,
   2022 WL 3081430 (D. Del. Aug. 3, 2022) ........................8, 9, 27, 28

*United Access Techs., LLC v. Verizon Internet Servs., Inc.*,
   2021 WL 1200650 (D. Del. Mar. 26, 2021) ..........................................7

*Vitt v. Apple*,
   469 F. App'x 605 (9th Cir. 2012) ..........................................................9

*Wasco Prods., Inc. v. Southwall Techs., Inc.*,
   435 F.3d 989 (9th Cir. 2006) ..............................................................16

*Westfield Ins. Co. v. Chip Slaughter Auto Wholesale, Inc.*,
  717 F. Supp. 2d 433 (D. Del. 2010)....................................................................11

*Wetzel v. CertainTeed Corp.*,
  2019 WL 3976204 (W.D. Wash. Mar. 25, 2019)..............................................15

*White v. Volkswagen Grp. of Am., Inc.*,
  2013 WL 685298 (W.D. Ark. Feb. 25, 2013) ....................................................26

*Woods v. Caterpillar, Inc.*,
  2005 WL 1926511 (Ohio Ct. App. Aug. 12, 2005)...........................................15

*Yarger v. ING Bank, FSB*,
  285 F.R.D. 308 (D. Del. 2012) ..........................................................................30

*In re ZF-TRW Airbag Control Units Prods. Liab. Litig.*,
  2022 WL 522484 (C.D. Cal. Feb. 9, 2022) ...........................................10, 16, 19

## STATUTES & RULES

Ala. Code § 8-19-10(f)..........................................................................................28

Ala. Code § 8-19-14..............................................................................................17

Ala. Code § 8-19-15(b) .........................................................................................16

Ark. Code Ann. § 4-88-102(9)..............................................................................17

Ark. Code Ann. § 4-88-113(f) .........................................................................17, 29

Cal. Bus. & Prof. Code § 17208 ...........................................................................17

Cal. Civ. Code § 1783 ...........................................................................................17

Cal. Civ. Proc. Code § 338(a) ...............................................................................17

Fla. Stat. Ann. § 95.11(3)......................................................................................18

Ind. Code Ann. § 24-5-0.5-5(b) ............................................................................18

Mo. Ann. Stat. § 407.025.1(1) ..............................................................................19

N.J.S.A. 2A:14-1 ...................................................................................................19

N.J. Stat. Ann. § 12A:2–725 .................................................................................27

Ohio Rev. Code Ann. § 1345.10(C) ................................................................20

Ohio Rev. Code Ann. § 2305.10 ...................................................................27

Or. Rev. Stat. Ann. § 72.3160(2) .................................................................26

Or. Rev. Stat. Ann. § 646.638(6) .................................................................20

**OTHER AUTHORITIES**

U.S. Const. art. III, § 2 ..................................................................................6

## INTRODCTION

Like its predecessors, Plaintiffs' Second Amended Complaint (D.I. 19 ("SAC")) is devoid of the specific allegations that Federal Rule of Civil Procedure 9(b) requires.  Rather than address this glaring defect—or multiple others that HP raised in its prior motion to dismiss (D.I. 14)—Plaintiffs amended their pleading only to add: 13 new Plaintiffs from four additional states; 17 new claims, including statutory fraud claims under various state laws and a "catch-all" claim for violation of the "unfair prongs" of various state statutes; and putative nationwide class claims for breach of express and implied warranty, and declaratory relief.

In addition to failing to meet the requirements of Rule 9(b) and Rule 8 for their fraud-based claims, Plaintiffs' remaining claims—both old and new—fail on multiple other grounds.  Their unjust enrichment and implied warranty claims fail for lack of privity and various other grounds arising under state law.  Plaintiffs' new nationwide and state law claims for breach of express warranty fail because Plaintiffs do not allege a defect that manifested during the one-year warranty period, or that they timely sought in-warranty repair.  Plaintiffs also lack Article III standing to seek injunctive relief.

The putative class allegations also remain defective.  Plaintiffs attempt to elide the issues HP previously raised by omitting the individualized factual allegations from their SAC and refusing to comply with Rule 9(b).  Even so, their 254-page

SAC amply shows that individualized issues—including the models purchased, purchase experiences, alleged defect experiences, warranty status, and claims of injury—predominate.  Moreover, as a matter of law, no class claims can be brought under five of the different state statutes Plaintiffs invoke.  The putative nationwide class claims for unjust enrichment and fraudulent omission fail on their face due to differences in state law, overbreadth, and factual differences that overwhelm any common issue.  Plaintiffs' putative nationwide class claim for injunctive or declaratory relief fails because no common class-wide order of equitable relief would be appropriate on these individualized facts.

This Court should dismiss Plaintiffs' individual claims without leave to amend, and strike the putative class allegations with prejudice.

## BACKGROUND

The only thread purporting to connect the thirty Plaintiffs is that each allegedly purchased (or, in one instance, received as a gift) HP notebooks, almost exclusively from third parties, at various times over the last decade.  *See* SAC ¶¶ 132, 143, 154-55, 162, 173, 185, 196, 208, 219, 230, 247, 259, 271, 283, 295, 304, 315, 326, 337, 349, 361, 372, 384, 395, 407, 421, 431, 443, 454.[1]  While the SAC alleges

---

[1] Plaintiff Purvis alleges she received an HP notebook as a gift, but does not allege who purchased the notebook, when, from where, or any other specifics.  SAC ¶ 295. Allegations as to other Plaintiffs are similarly incomplete.  *See, e.g.*, SAC ¶¶ 218-228 (Plaintiff Erickson does not identify purchase date); 349 (Plaintiff Kaplitt does

an ever-expanding variety of individual experiences, each Plaintiff's claims share the following deficiencies.

**First**, with two exceptions,[2] Plaintiffs allegedly purchased their notebooks from third-party retailers or resellers.  *See* SAC ¶¶ 131-446.  Yet no Plaintiff provides specific details as to any statements made by HP relevant to their purchase.  Instead, the SAC includes the same generic—and verbatim identical—allegation for each Plaintiff: that they "researched different laptops and viewed multiple advertisements from HP, touting HP laptops' reliability, durability, and superiority over competitive offerings."  *See, e.g.*, *id*. ¶¶ 133, 156, 163.  No Plaintiff provides any specifics as to these advertisements, such as the specific statements HP allegedly made therein, how or when any advertisement was conveyed to Plaintiff, or other facts specific to any Plaintiff's purported review of such advertisements.  *Id*. ¶¶ 131-446.

**Second**, Plaintiffs do not allege ***how*** they purchased their notebooks, such as the relevant purchase channel (e.g., in-store, online, by telephone) and retail platform.  Plaintiffs apparently used a variety of channels and retailers—ranging from an eBay purchase of a refurbished notebook (*id.* ¶ 304) to a purchase via the QVC television network (*id.* ¶ 326)—but the SAC is silent on necessary specifics.

---

not identify purchase location).  As with Plaintiffs' First Amended Complaint ("FAC") no information is alleged as to Plaintiff Trudy L. Graner.
[2] Plaintiff Harris allegedly purchased the notebook directly from HP.

***Third***, Plaintiffs still fail to present a uniform defect theory, opting instead to simply delete prior allegations from their FAC detailing their different individual experiences with their notebooks.  Even so, the SAC, including the numerous screenshots purporting to depict various disparate HP notebook problems, continues to confirm that no uniformity exists.  *Id*. ¶¶ 131-446.

These thirty Plaintiffs now assert forty claims[3] against HP on behalf of themselves, a nationwide class, and 14 state subclasses.[4]  The bulk of Plaintiffs' claims purportedly arise under various "consumer fraud" statutes of their respective states, as set forth in the margin,[5] a "catch-all" claim for violation of the unfair prong

---

[3] The claims continue to be misnumbered.  The SAC is missing Count XX and XXXVII, and Count XXXVIII is misnumbered as XXXIII.

[4] Although the SAC mentions a "Georgia Subclass," no such class is defined.  *See* SAC ¶ 467.

[5] (**Counts I–II**) N.Y. Gen. Bus. Law §§ 349 and 350 ("New York Claims"); (**Count III**) Indiana Deceptive Consumer Sales Act ("Indiana Claim"); (**Counts IV–V**) Florida Deceptive and Unfair Trade Practices Act (FDUTPA) and Misleading Advertising ("Florida Claims"); (**Count VI**) Alabama Deceptive Trade Practices Act ("Alabama Claim"); (**Count VII**) Missouri Merchandise Practices Act ("Missouri Claim"); (**Count VIII**) Ohio's Consumer Sales Practices Act ("Ohio Claim"); (**Counts IX–X, XIII**) California Unfair Competition Law (UCL), Consumers Legal Remedies Act (CLRA), and False Advertising Law (FAL) ("California Claims"); (**Count XIV**) Oregon Unlawful Trade Practices Act ("Oregon Claim"); (**Count XVI**) Michigan Consumer Protection Act ("Michigan Claim"); (**Count XXI**) New Jersey Consumer Fraud Act ("New Jersey Claim"); (**Count XXV-XXVI**) Georgia Fair Business Practices Act, Unfair Deceptive Trade Practices Act ("Georgia Claims"); (**Count XXVII**) Washington State Consumer Protection Act ("Washington Claim"); (**Count XXVIII**) Arkansas Deceptive Trade Practices Act ("Arkansas Claim"); (**Count XXIX**) Massachusetts Consumer Protection Act ("Massachusetts Claim"); (**Count XXXIX**) violations of the "unfair" prong of

of various state statutes (**Count XXXIX**), and a duplicative common law claim for fraudulent omission (**Count XXIV**).  Plaintiffs also assert unjust enrichment claims (**Count XIX**, **XXIII**).  While some Plaintiffs have alleged separate individual claims for breach of express or implied warranty (**Counts XI, XII, XV, XVII, XXII, XXX–XXXVIII**), most have not.  Yet their SAC asserts a broad nationwide class claims under both theories (**Counts XL, XLI**).  Lastly, Plaintiffs also assert a declaratory relief claim (**Count XLII**) on behalf of a nationwide class.[6]

## LEGAL STANDARDS

### I.    MOTION TO DISMISS

Because the SAC sounds in fraud, Rule 9(b) requires Plaintiffs to "state with particularity the circumstances constituting" the putative fraud.  Fed. R. Civ. P. 9(b).  "[T]he Third Circuit has explained that, '[e]ven when fraud is not a necessary element of a claim[,] . . . claims that do sound in fraud must be pled with particularity.'"  *Schechter v. Hyundai Motor Am.*, 2020 WL 1528038, at *15 n.8 (D.N.J. Mar. 31, 2020) (quoting *Travelers Indem. Co. v. Cephalon, Inc.*, 620 F. App'x. 82, 85 n.3 (3d Cir. 2015)) (alterations, ellipsis in original).  Rule 9(b)'s

---

various states' unfair and deceptive practices statutes ("catch-all consumer protection claim").

[6] Counts XL is duplicative of Counts XII and XXI as to Plaintiffs Letson, Sakharuk, DiMartino, and Count XLI is duplicative of Counts XV, XII, XXII, XXX, XXXII–XXXVI, and XXXVIII as to Plaintiffs Householder, Hobert-Powell, Kaplitt, Dobkin, Sakharuk, DiMartino, Meola, Carson, Erickson, Harman, Roberts, Nind, Nash, Carina, Draper, Miller, Washington, and Orenski.

"particularity" requirement serves to "place the defendant on notice of the precise misconduct with which [it is] charged[;]" as such, Plaintiffs must state the "who, what, when, where, and how" of the alleged fraud. *Kirchner v. Wyndham Vacation Resorts, Inc.*, 2021 WL 1198314, at *3 (D. Del. Mar. 30, 2021) (citations omitted).

Under Rule 12(e), a complaint should be dismissed when it is "so vague or ambiguous that the [defendant] cannot reasonably prepare a response." Fed. R. Civ. P. 12(e).   Under Rule 12(b)(6), a complaint must plead under Rule 8, or, as applicable, Rule 9(b), "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557, 570 (2007).   Allegations "merely consistent with" a claim, but lacking factual content to establish it, are insufficient to state a claim. *Id.*; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although this Court must accept the SAC's allegations as true when considering HP's Motion, legal conclusions are properly disregarded. *Twombly*, 550 U.S. at 555. Likewise, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.  Dismissal is appropriate when "the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Twombly*, 550 U.S. at 558.

In addition, federal courts are limited to adjudicating only "cases" and "controversies."  U.S. Const. art. III, § 2.  The doctrine of standing is an essential part of the case-or-controversy requirement of Article III.  *Lujan v. Defenders of*

*Wildlife*, 504 U.S. 555, 560 (1992).  Standing is thus a "threshold jurisdictional issue" on which Plaintiffs bear the burden.  *United Access Techs., LLC v. Verizon Internet Servs., Inc.*, 2021 WL 1200650, at *5 (D. Del. Mar. 26, 2021).  And dismissal under Rule 12(b)(1) is proper "if the plaintiff lacks standing to bring his claim."  *Id.* (citation omitted).

## II.    MOTION TO STRIKE

"[T]he authority to strike class allegations stems from Federal Rules of Civil Procedure 12(f), 23(c)(1)(A), and 23(d)(1)(D)[.]"  *Bell v. Cheswick Generating Station, Genon Power Midwest, L.P.*, 2015 WL 401443, at *2 (W.D. Pa. Jan. 28, 2015).  Pre-discovery motions to strike are proper "where the complaint itself demonstrates that the requirements for maintaining a class action cannot be met."  *Advanced Acupuncture Clinic, Inc. v. Allstate Ins. Co.*, 2008 WL 4056244, at *7 (D.N.J. Aug. 26, 2008).  In such cases, "plaintiff[s] bear[] the burden of advancing a prima facie showing that the class action requirements of [Rule] 23 are satisfied or that discovery is likely to produce substantiation of the class allegations."  *Semenko v. Wendy's Int'l, Inc.*, 2013 WL 1568407, at *2 (W.D. Pa. Apr. 12, 2013).

RLF1 27898102v.1

**ARGUMENT**

I. **PLAINTIFFS' STATUTORY CLAIMS FAIL FOR LACK OF SPECIFICITY AND FOR FAILURE TO STATE A CLAIM.**

A. **Plaintiffs Still Do Not Plead Their Fraud-Based Claims With Specificity.**

As HP explained in its prior motion, although Plaintiffs allege that HP made misrepresentations about the reliability and durability of the notebooks, none of the 17 Plaintiffs alleged anything as to the specific statements, if any, they reviewed or relied upon.  D.I. 14 at 8-11.  Plaintiffs responded by adding—for themselves and the additional 13 new Plaintiffs—a verbatim identical allegation that they each purportedly "researched different laptops" and "viewed multiple advertisements from HP, touting HP laptops' reliability, durability, and superiority over competitive offerings."  *See* SAC ¶¶ 131-446.  Rule 9(b) requires much more.

Rule 9(b)'s central purpose is to require that plaintiffs charging fraud do so "with sufficient particularly to place [a] defendant on notice of the precise misconduct with which [it is] charged."  *Frederico v. Home Depot*, 507 F.3d 188, 201 (3d Cir. 2007) (citation omitted).  At a minimum, that requires Plaintiffs to "explain[] exactly how HP [] made a false representation that [Plaintiffs] reasonably relied on."  *Twardzik v. HP Inc.*, 2022 WL 606092, at *4 (D. Del. Jan. 25, 2022) (citation and quotation marks omitted), *reconsideration denied*, 2022 WL 3081430 (D. Del. Aug. 3, 2022).

Nowhere in the 332 paragraphs that Plaintiffs devote to describing their individual purchases does any Plaintiff identify the specific marketing statements attributed to HP that he or she claims to have relied upon.  *See* SAC ¶¶ 131-446.  To be sure, the SAC is otherwise interspersed with references to online statements, videos, pictures, patent information, and other information concerning multiple models of HP notebooks sold over the past decade.  *See, e.g.*, SAC ¶¶ 7-11, 121, 127, 134.[7]  Yet no Plaintiff claims that she actually reviewed any of these—or any specific statement made by HP— in connection with her purchase, as Rule 9(b) requires. *Glass v. BMW of N. Am., LLC*, 2011 WL 6887721, at *7 (D.N.J. Dec. 29, 2011) ("Plaintiff[s] cannot simply reference a statement on a website without providing the date when the statement was made or at what point—if ever—Plaintiff[s] w[ere] exposed to that statement.") (citation omitted).

---

[7] The generic statements in these paragraphs would not be actionable, even if Plaintiffs had specifically connected the statements to their individual purchasing experiences, which they have not done.  Their SAC otherwise includes no particularized allegations of falsity, *see Twardzik*, 2022 WL 606092, at *5, and the statements do not support any plausible claim for relief.  *See id.*; *Vitt v. Apple*, 469 F. App'x 605, 607 (9th Cir. 2012) (generalized statements regarding a laptop's durability are non-actionable puffery); *Jackson v. Anheuser-Busch InBev SA/NV, LLC*, 2021 WL 3666312, at *15 (S.D. Fla. Aug. 18, 2021) (dismissing Florida fraud claim based on generalized statements); *Roe v. Ford Motor Co.*, 2019 WL 3564589, at *4 (E.D. Mich. Aug. 6, 2019) (statements about general quality, and reliability are puffery).  To the extent the Court were to consider those statements in evaluating the SAC, the SAC should be dismissed on these independent grounds.

Whatever Plaintiffs may intend to convey by their generic references to statements "touting HP laptops' reliability, durability, and superiority," it is not the "who, what, when, where and how" that Rule 9(b) demands. The SAC simply fails to place HP "on notice of the precise misconduct with which [it is] charged," (*Frederico*, 507 F.3d at 201), and this critical gap requires dismissal of Plaintiffs' claims. *See, e.g.*, *Shea v. Gen. Motors LLC*, 2021 WL 4804171, at *8 (N.D. Ind. Oct. 14, 2021) (dismissing for failure to "sufficiently allege [plaintiffs] relied on [challenged] materials in making their purchases").[8]

To the extent Plaintiffs somehow intend to allege an omissions-based theory, they still must satisfy Rule 9(b). At a minimum, that requires that they "plead the circumstances of omission with specificity[.]" *Eisen v. Porsche Cars N. Am., Inc.*, 2012 WL 841019, at *3 (C.D. Cal. Feb. 22, 2012). A plaintiff can do so by "describ[ing] the content of the omission and where the omitted information should or could have been revealed, as well as provide representative samples of advertisements, offers, or other representations that plaintiff relied on to make her purchase and that failed to include the allegedly omitted information." *Id.* (citation

---

[8] Courts repeatedly enforce Rule 9(b)'s pleading requirements in dismissing claims under the various consumer fraud statutes Plaintiffs invoke. *See, e.g.*, *In re ZF-TRW Airbag Control Units Prods. Liab. Litig.*, 2022 WL 522484, at *70, *87, *90-91 (C.D. Cal. Feb. 9, 2022); *Jackson*, 2021 WL 3666312, at *16; *Glass*, 2011 WL 6887721, at *13; *Faltermeier v. FCA US LLC*, 2017 WL 1128467, at *3 (W.D. Mo. Mar. 24, 2017), *aff'd*, 899 F.3d 617 (8th Cir. 2018); *Martell v. Gen. Motors LLC*, 492 F. Supp. 3d 1131, 1143–46 (D. Or. 2020).

omitted).   Plaintiffs' regurgitated allegation on amendment—i.e., that they all somehow reviewed unspecified "multiple advertisements" and performed some undefined "research"—fails Rule 8(a)'s plausibility standard, and falls far short of satisfying Rule 9(b).

These shortcomings are acute here, where Plaintiffs purchased or otherwise acquired their notebooks from a variety of sources.  *See, e.g.*, SAC ¶¶ 295 (received notebook as a gift); 304 (purchased refurbished notebook from eBay); 326 (purchased notebook from QVC television network).  Because the SAC does not allege with specificity what Plaintiffs claim to have reviewed, HP has no "notice of the precise misconduct with which [it is] charged."  *Frederico*, 507 F.3d at 201.

Finally, Plaintiffs cannot support their claims based on their alleged review of the "Class Laptop box" or materials, as they each confirm that any such review occurred only "***after*** receiving" their notebooks (*e.g.*, SAC ¶ 135 (emphasis added)).[9]  *See Westfield Ins. Co. v. Chip Slaughter Auto Wholesale, Inc.*, 717 F. Supp. 2d 433, 446 (D. Del. 2010) (dismissing fraud claims where plaintiffs did not rely on representations made *before* the purchase).

Whether based on an alleged representation or omission, Plaintiffs still fail to satisfy Rule 9(b), and the SAC should therefore be dismissed.

---

[9] This generic allegation is repeated throughout the SAC in Paragraphs 131-466.

## B.     Plaintiffs Have Otherwise Failed to State Any Plausible Fraud Claim.

Plaintiffs' claims also fail to sufficiently allege: (1) any defect; (2) HP's knowledge of any defect; and (3) any duty to disclose.

***First***, even after deleting certain inconvenient allegations that illustrated the myriad differences in each Plaintiff's alleged experiences, Plaintiffs still fail to identify a common defect so as to give HP adequate notice of what, exactly, it must defend. *Roe*, 2019 WL 3564589, at *7 (dismissing omission-based claims where "complaint gives little indication of the [product's] failure rate or how that rate compares to the failure rate of a part that the law would deem 'defective'"); *Daugherty v. Am. Honda Motor Co.*, 144 Cal. App. 4th 824, 838 (2006) (alleged failure to disclose that component might fail "in the fullness of time" is not actionable).

***Second***, "a fraudulent omission claim requires proof that a defendant was aware of the defect at the time of sale to establish defendant had a duty to disclose." *Sloan v. Gen. Motors LLC*, 2017 WL 3283998, at *5 (N.D. Cal. Aug. 1, 2017).  This "common sense" requirement applies "not only under California law but also, as it appears, under the laws of the other states in which Plaintiffs have brought claims, as well as the common law of torts generally." *Id.* (collecting authorities).[10]

---

[10] In *Sloan*, the court applied the knowledge requirement in dismissing claims arising under 32 states' laws, including Alabama, Arkansas, California, Florida, Georgia,

Plaintiffs cannot establish HP's knowledge of the particular defect alleged, whatever it may be, with a bald allegation that HP "knew of the crucial importance of a durable hinge design."  SAC ¶ 128 (citing 2012 patent application, with no allegation that it is relevant to any individual Plaintiff's notebook).  The knowledge requirement would be vitiated entirely if it could be satisfied with such a meaningless expression.

Further, "[r]andom anecdotal examples of disgruntled customers posting their views on websites," are insufficient to impute knowledge of any defect, *see, e.g.*, *Oestreicher v. Alienware Corp.*, 544 F. Supp. 2d 964, 975 & n.9 (N.D. Cal. 2008), particularly where, as here, there is no temporal or substantive connection between such statements and Plaintiffs' individual experiences.   Similarly, Plaintiffs' counsel's litigation demand letters to HP, sent just this year in connection with this lawsuit, are insufficient to provide HP with pre-sale notice of any ill-defined "defect."  *See, e.g.*, SAC ¶ 140 (alleging "multiple class members have contacted HP").

---

Indiana, Massachusetts, Ohio, and Washington law.  *See* 2017 WL 3283998, at *1, *4, *7.  The other state laws at issue here are in accord.  *See Harris v. Mid-W. Egg Donation, LLC*, 365 S.W.3d 274, 277–78 & n.1 (Mo. Ct. App. 2012) (Missouri law); *Miller v. Gen. Motors, LLC*, 2018 WL 2740240, at *13, *15 (E.D. Mich. June 7, 2018) (Michigan law); *Benson Tower Condo. Owners Ass'n v. Victaulic Co.*, 2014 WL 5285475, at *12 n.7 (D. Or. Oct. 15, 2014) (Oregon law); *Harris v. Pfizer Inc.*, 2022 WL 488410, at *4–5 (S.D.N.Y. Feb. 16, 2022) (New Jersey and New York law).

*Finally,* Plaintiffs' claims independently fail because HP owed no duty to disclose any alleged defect to them.  There is no duty to disclose where, as here, there is no confidential or fiduciary relationship between the parties.  *See Holmes v. Behr Process Corp.*, 2015 WL 7252662, at *4 (N.D. Ala. Nov. 17, 2015) (Alabama law; imposing duty only when a confidential relationship exists or the buyer requests specific information from seller); *LiMandri v. Judkins*, 52 Cal. App. 4th 326, 337 (1997) (California law; requiring some relationship between the parties to a transaction); *Friedman v. Am. Guardian Warranty Servs., Inc.*, 837 So. 2d 1165, 1166 (Fla. 4th DCA 2003) (Florida law; limiting the duty to fiduciary or confidential relationships or where partial representations have been made); *Szep v. Gen. Motors LLC*, 491 F. Supp. 3d 280, 296 (N.D. Ohio 2020) (Ohio law; same); *Armstrong v. Deere & Co.*, 2017 WL 4168485, at *6–7 (S.D. Ind. Sept. 20, 2017) (Indiana law; duty only on *sellers* who have superior knowledge, and the duty arises from trust and reliance that the buyer *must repose* in the seller).[11]

---

[11] *See also Matanky v. Gen. Motors LLC*, 370 F. Supp. 3d 772, 794 (E.D. Mich. 2019) (Michigan law; no duty absent "incomplete or misleading statements in response to a specific purchaser inquiry"); *Pfizer*, 2022 WL 488410, at *4–5 (New Jersey and New York law; no duty absent a special relationship or partial disclosures or, in New York only, where seller knows the buyer is operating under a mistaken perception of material fact); *Harris*, 365 S.W.3d at 277–78 & n.1 (Missouri law; imposing duty in special relationships); *Benson*, 2014 WL 5285475, at *12 & n.7 (Oregon law; requiring special relationship, which does not exist where parties deal at "arms-length"); *McCabe v. Daimler AG*, 160 F. Supp. 3d 1337, 1351 (N.D. Ga. 2015) (Georgia law; no duty absent confidential or special relationship); *Costa v. FCA US LLC*, 542 F. Supp. 3d 83, 102 (D. Mass. 2021) (Massachusetts law; no duty absent

And for Plaintiffs from Alabama, California, Florida, Missouri, New Jersey, and Ohio, there is no duty to disclose defects that manifest outside a product's warranty period. *See Alabama Tchrs. Credit Union v. Design Build Concepts, Inc.*, 334 F. Supp. 3d 1171, 1198 (N.D. Ala. 2018) (Alabama law).[12]  Plaintiffs Carson, Schauer, Cosman, Roberts, Graner, Luther, Harman, Nind, Purvis, Orenski, Washington, Dobkin, Kaplitt, and Harris—each of whom allegedly experienced the defect at or outside the one-year Limited Warranty period (*see* SAC ¶¶ 147, 159, 166, 177, 180, 212, 237, 251, 297, 353)—cannot proceed on any omissions-based claim.

## C.   Plaintiffs' Fraud Claims Fail for Additional Reasons.

The Alabama, California, Florida, Michigan, and Missouri Plaintiffs' common law fraudulent concealment claims should be dismissed under the economic loss doctrine, which precludes such claims absent personal injury or damage to other property. *See Harman v. Taurus Int'l Mfg., Inc.*, 2022 WL 479139, at *6 (M.D. Ala.

---

fiduciary or similar relation of trust and confidence); *Perez v. Volkswagen Grp. of Am., Inc.*, 2013 WL 1661434, at *10 (W.D. Ark. Apr. 17, 2013) (Arkansas law; no duty absent a special relationship, such as a contractual or fiduciary relationship); *Wetzel v. CertainTeed Corp.*, 2019 WL 3976204, at *4 (W.D. Wash. Mar. 25, 2019) (Washington law; no duty absent fiduciary or other special relationship).

[12] *See also Taleshpour v. Apple, Inc.*, 2022 WL 1577802, at *1 (9th Cir. May 19, 2022) (California law); *Marlborough Holdings Grp. Ltd. v. Pliske Marine, Inc.*, 2011 WL 13322647, at *6 (S.D. Fla. Mar. 18, 2011) (Florida law); *Owen v. Gen. Motors Corp.*, 533 F.3d 913, 920 (8th Cir. 2008) (Missouri law); *Glass*, 2011 WL 6887721, at *9 (New Jersey law); *Woods v. Caterpillar, Inc.*, 2005 WL 1926511, at *3, *5 (Ohio Ct. App. Aug. 12, 2005) (Ohio law).

Feb. 16, 2022) (Alabama law); *Koski v. Carrier Corp.*, 347 F. Supp. 3d 1185, 1198 (S.D. Fla. 2017) (Florida law); *ZF-TRW Airbag*, 2022 WL 522484, at *84 (Michigan law); *OS33 v. CenturyLink Commc'ns, L.L.C.*, 350 F. Supp. 3d 807, 815 (E.D. Mo. 2018) (Missouri law); *Kelsey v. Nissan N. Am.*, 2020 WL 4592744, at *1 (C.D. Cal. July 15, 2020) (California law).

Plaintiffs' statutory fraud claims, including their "catch-all" claim for violation of the unfair prong of various states' trade practices statutes (**Count XXXIX**) fail for other state-specific reasons:[13]

**Alabama Claim**.   Plaintiff Carson's Alabama Claim fails because she forfeited the claim by asserting her claim for fraudulent concealment.  *See* Ala. Code § 8-19-15(b) (pursuing common law remedy for fraudulent concealment excludes and surrenders all rights and remedies available for the Alabama Claim); *Holmes*, 2015 WL 7252662, at *3 (applying Section 8-19-15(b) to dismiss Alabama Claim).

In addition, Plaintiff purchased her notebook in October 2019 and allegedly experienced the defect in April 2021 (*see* SAC ¶¶ 143, 147); her claim therefore

---

[13] Rather than dismissing the clearly time-barred Plaintiffs in response to HP's prior motion to dismiss, the SAC now adds three generic paragraphs implausibly alleging that HP's alleged "active concealment" tolls *all* applicable statutes of limitations for *all* claims and *all* Plaintiffs.  SAC ¶¶ 464-466.  But Plaintiffs failed to meet the standards of Rule 9(b), so there is no basis for equitable tolling.  *See Wasco Prods., Inc. v. Southwall Techs., Inc.*, 435 F.3d 989, 991 (9th Cir. 2006).  Further, Plaintiffs' cookie-cutter allegations do not otherwise support any claim of equitable tolling of any statute of limitations period, much less all such periods.

expired before she filed the FAC in May 2022.  *See Holmes*, 2015 WL 7252662, at

*3 (dismissing claim under one-year statute of limitations in Ala. Code § 8-19-14).

**Arkansas Claim.**  The Arkansas Claim fails because the SAC does not allege

what "actual financial loss" was proximately caused by Plaintiff Meola's reliance on

the alleged misrepresentations and omissions.   Ark. Code Ann. § 4-88-

113(f)(1)(A).[14]

**California Claims**.  Plaintiffs' UCL claim based on purported "unlawful"

conduct (SAC ¶ 582) fails because Plaintiffs failed to state a claim for violation of

the underlying statutes.  *See, e.g.*, *Taleshpour*, 2022 WL 1577802, at *2 (dismissing

UCL unlawful claim where derivative claim under the CLRA failed).

All of Plaintiffs Schauer's and Graner's California Claims, as well as

Plaintiffs Cosman's and Luther's CLRA and FAL claims are time-barred; the

limitations period (four years for the UCL; three years for the CLRA and FAL)[15]

expired before these Plaintiffs joined the lawsuit.  *See* SAC ¶¶ 155 (Schauer

purchased on June 23, 2017);  185 (Graner purchased on January 27, 2018); 162

---

[14] Ark. Code Ann. § 4-88-102(9) (defining "actual financial loss" as "an ascertainable amount of money that is equal to the difference between the amount paid by a person for goods or services and the actual market value of the goods or services provided").

[15] *See* Cal. Bus. & Prof. Code § 17208 (UCL); Cal. Civ. Code § 1783 (CLRA); Cal. Civ. Proc. Code § 338(a) (FAL; three years for actions created by statute).

17

(Cosman purchased on June 1, 2018); 208 (Luther purchased on August 22, 2018 and filed the SAC in July 2022).

**Florida Claims**.  The FDUTPA claim fails because there is no allegation of damages cognizable under the statute.  *See ADT LLC v. Vivint, Inc.*, 2017 WL 5640725, at *5 (S.D. Fla. Aug. 3, 2017) (FDUTPA permits recovery of differential between product "in the condition in which it was delivered and its [] value in the condition in which it should have been delivered according to the contract").

Plaintiff Harman purchased in December 2017 (SAC ¶ 230); his claims are thus time-barred under the four-year limitations period.  *See* Fla. Stat. § 95.11(3)(f).[16]

**Georgia and Massachusetts Claims.**    The SAC bizarrely alleges a "placeholder" claim under Georgia's Fair Business Practices Act (**Count XXV**) and Massachusetts's Consumer Protection Act (**Count XXIX**), apparently on the belief that Plaintiffs might assert such claims at some undetermined point in the future.  No Rule permits asserting claims on a "placeholder" basis, and any such claim should be dismissed.

**Indiana Claim**.  Plaintiff Draper purchased in May 2019 (SAC ¶ 259), and Plaintiff Miller purchased in November 2019 (*id*. ¶ 271); their claims are thus time-barred.  *See* Ind. Code Ann. § 24-5-0.5-5(b) (two-year limitations period).

---

[16] Plaintiff Erickson does not allege his date of purchase (SAC ¶¶ 218–228), and HP thus reserves the right to challenge his claims as time-barred as well.

**Michigan Claim**.  As with the common law fraudulent concealment claim, the Michigan Claim is barred by the economic loss rule.  *See ZF-TRW Airbag*, 2022 WL 522484, at *84 (collecting cases).

**Missouri Claim**.  Plaintiff Purvis, who acquired the notebook as a gift, lacks standing to assert the claim.  *See* Mo. Ann. Stat. § 407.025.1(1) (limiting actions to "purchase[rs] or lease[es] [of] merchandise").[17]

**New Jersey Claim**.  Plaintiffs Dobkin and Kaplitt plead no "ascertainable loss," which cannot exist for parts covered by a warranty, or where a product outlasts the warranty period.  *Glass*, 2011 WL 6887721, at *10–11 (collecting cases).

Plaintiff Kaplitt's New Jersey Claim is also time-barred to the extent it is based on his 2012 purchase (SAC ¶ 329).  *See* N.J.S.A. 2A:14-1 (six-year limitations period).

**New York Claims**.  The N.Y. Gen. Bus. Law § 350 claim fails because Plaintiff identifies no actionable representations relied upon.  *See Small v. Lorillard Tobacco Co.*, 252 A.D.2d 1, 15 (1998), *aff'd*, 94 N.Y.2d 43 (1999).  The claim under N.Y. Gen Bus. Law § 349 based on alleged omissions similarly fails for lack of causation.  *See Gale v. Int'l Bus. Machines Corp.*, 9 A.D.3d 446 (2004).

---

[17] Plaintiff Purvis alleges only when she received the notebook as a gift—not when it was actually purchased, or any other specifics.  *See* SAC ¶¶ 294–302.  HP reserves the right to challenge her claims on all other grounds, and her ability to represent a putative class of "purchasers."

**Ohio Claim**.   Plaintiff Washington's and Orenski's Ohio Claim is time-barred.  *See* Ohio Rev. Code Ann. § 1345.10(C) (two-year limitations period); *see* SAC ¶¶ 326–330 (Plaintiff Washington purchased in October 2018); 315–319 (Plaintiff Orenski purchased in November 2018).

**Oregon Claim**.  Plaintiff Householder purchased her refurbished notebook in October 2019 and used it for approximately one year before allegedly experiencing a defect in 2020 (SAC ¶¶ 303–308); her claim is thus time-barred.  *See* Or. Rev. Stat. Ann. § 646.638(6) (one-year limitations period).

**Washington Claim**. Plaintiff Drake does not "identify the relied-upon statements and, therefore, [he] [has] not alleged a plausible basis to identify . . . causation[,]" a required element of the Washington Claim.  *Minnick v. Clearwire US, LLC*, 683 F. Supp. 2d 1179, 1188 (W.D. Wash. 2010).

## II.   PLAINTIFFS' NATIONWIDE CLASS CLAIMS SHOULD BE DISMISSED.

### A.   Plaintiffs' Unjust Enrichment Claim Fails.

Plaintiffs' unjust enrichment claims fail for several reasons.  ***First***, Plaintiffs have not satisfied Rule 9(b), which applies to the claim because it sounds in fraud.  *See, e.g.*, *Schechter*, 2020 WL 1528038, at *15 n.8.

***Second***, Plaintiffs cannot show any benefit conferred on HP was unjust, as they have not adequately alleged their fraud claims.  *See, e.g.*, *Miller*, 2018 WL 2740240, at *15.

*Third*, Plaintiffs from Alabama, Arkansas, California, Florida, Indiana, Massachusetts, Michigan, Missouri, New Jersey, New York, and Oregon may not pursue claims for unjust enrichment because an express contract (the Limited Warranty) governs the subject matter at hand and Plaintiffs have adequate legal remedies. *See Pistorio v. FCA US LLC*, 2022 WL 141524, at *14 (E.D. Mich. Jan. 14, 2022) (applying Alabama, California, Florida, and Michigan law).[18]

*Fourth*, Plaintiffs' claims (except for those arising under California, Indiana, Arkansas, Massachusetts, and Washington law) separately fail because Plaintiffs did not purchase directly from HP. *See RREF RB–AL SLDL, LLC v. Saxon Land Dev.*, 968 F. Supp. 2d 1133, 1141 (M.D. Ala. 2013) (Alabama law).[19]   Indeed, since

---

[18] *See also Shea*, 2021 WL 4804171, at *9 (Indiana law); *Pfizer*, 2022 WL 488410, at *9 (New York and New Jersey law); *Elfaridi v. Mercedes-Benz USA, LLC*, 2018 WL 4071155, at *11 (E.D. Mo. Aug. 27, 2018) (Missouri law); *Miller*, 2018 WL 2740240, at *15 (Oregon law); *Moore v. Mack's Sport Shop, LLLP*, 2017 WL 4350980, at *10 (E.D. Ark. Sept. 29, 2017) (Arkansas law); *Santos v. SANYO Mfg. Corp.*, 2013 WL 1868268, at *7 (D. Mass. May 3, 2013) (Massachusetts law); *Bardy v. Cardiac Sci. Corp.*, 2013 WL 5588313, at *7 (W.D. Wash. Oct. 10, 2013).

[19] *Marrache v. Bacardi U.S.A., Inc.*, 17 F.4th 1084, 1102 (11th Cir. 2021) (Florida law); *Storey v. Attends Healthcare Prod., Inc.*, 2016 WL 3125210, at *13 (E.D. Mich. June 3, 2016) (Michigan law); *Speaks Fam. Legacy Chapels, Inc. v. Nat'l Heritage Enterprises, Inc.*, 2009 WL 2391769, at *4 (W.D. Mo. Aug. 3, 2009) (Missouri law); *Glass*, 2011 WL 6887721, at *16 (New Jersey law); *Graham v. Take-Two Interactive Software, Inc.*, 2020 WL 408408, at *2 (S.D.N.Y. Jan. 24, 2020) (New York law); *Marlowe v. Nature's Bounty Co.*, 2017 WL 2291683, at *3 (N.D. Ohio May 25, 2017) (Ohio law); *Amos v. Brew Dr. Kombucha, LLC*, 2020 WL 9889190, at *4, n.2 (D. Or. Mar. 23, 2020) (Oregon law); *Myrtle Beach Hosp., Inc. v. City of Myrtle Beach*, 341 S.C. 1, 9 (2000) (South Carolina law); *Monopoli v. Mercedes-Benz USA, LLC*, 2022 WL 409484, at *16 (N.D. Ga. Feb. 10, 2022) (Georgia law).

21

Plaintiff Purvis received her notebook as a gift (SAC ¶ 295), she cannot claim to have conferred a benefit on the seller (whoever that was), much less HP.

*Fifth*, certain Plaintiffs' claims are time-barred. California Plaintiffs Schauer, Cosman, Graner, and Luther are barred by the two-year statute of limitations set forth in Civ. Proc. Code § 339(1). *See* SAC ¶¶ 155, 162, 185, 208. Florida Plaintiff Harman is barred by the four-year limitations period set forth in Fla. Stat. Ann. § 95.11(3)(p). *See* SAC ¶ 230.[20] Indiana Plaintiffs Draper and Miller are barred by the two-year limitations period that also governs their Indiana Claim. *See Schwindt v. Hologic, Inc.*, 2011 WL 3806511, at *7 (S.D. Ind. Aug. 26, 2011); SAC ¶¶ 259-63 (Draper); 271–75 (Miller).

### B.   Plaintiffs' Express Warranty Claim Fails.

"A manufacturer's liability for breach of an express warranty derives from, and is measured by, the terms of that warranty." *Cipollone v. Liggett Grp., Inc.*, 505 U.S. 504, 525 (1992). "[A] written warranty is treated as a contract between buyer and seller." *David v. Am. Suzuki Motor Corp.*, 629 F. Supp. 2d 1309, 1318 (S.D. Fla. 2009) (citation omitted).

---

[20] Again, Plaintiffs Erickson and Purvis do not allege their purchase dates (SAC ¶¶ 218–228 (Erickson), 294–302 (Purvis)), and HP thus reserves its arguments relating to the statute of limitations.

Plaintiffs did not experience any alleged defect during the one-year Limited Warranty period.[21]  *See, e.g.*, SAC ¶¶ 136 (18 months), 147 (18 months), 166 (18 months), 177 (two years), 189 (one year), 212 (two-and-a-half years), 235 (three years), 251 (18 months), 263 (two-and-a-half years).[22]  Their breach of express warranty claims thus fail.  *Duquesne Light Co. v. Westinghouse Elec. Corp.*, 66 F.3d 604, 616 (3d Cir. 1995) (no breach of warranty claim where defect occurred after one-year limited warranty period); *Abraham v. Volkswagen of Am., Inc.*, 795 F.2d 238, 250 (2d Cir. 1986) (discovery of "latent defects" after warranty term are not actionable); *Canal Elec. Co. v. Westinghouse Elec. Co.*, 973 F.2d 988, 993 (1st Cir. 1992) (similar); *Long v. Hewlett-Packard Co.*, 316 F. App'x 585, 586 (9th Cir. 2009) (limited warranties limit "the coverage of the warranty to defects that manifest themselves during the specified time period").

Not only did Plaintiffs not experience any alleged defects during the Limited Warranty period,[23] they also did not provide HP the opportunity to repair or replace

---

[21] Plaintiffs acknowledge that the HP Limited Warranty period for their notebooks is one year. *See, e.g.*, SAC ¶ 621.

[22] This is not an exhaustive list of every allegation in which Plaintiffs confirm that they did not experience any alleged defect within the one-year period.  Moreover, some Plaintiffs apparently purchased or received the notebook (new or used) more than a year after the Limited Warranty period began.  *See* **Ex. A** to HP's accompanying Request for Judicial Notice ("RJN") at 1 ("The Limited Warranty Period starts on the latter of the date or purchase or lease from HP or from the date HP or, if applicable, the HP authorized service provider completes installation.").

[23] Plaintiff Letson and Erickson have failed to allege facts sufficient to show a breach of the Limited Warranty.  For example, Plaintiff Letson fails to alleges when she

the notebook within that period, as the Limited Warranty requires.[24]  *See* RJN, **Ex. A** at 1 ("To the extent permitted by local law, HP guarantees that it will repair, replace, or refund, at HP's option, an HP Hardware Product that manifests a defect in materials or workmanship during the Limited Warranty Period, if you, the end-user customer, provides HP with notice of a defect in your HP Hardware Product during the Limited Warranty Period.").  In fact, some Plaintiffs alleged that they only contacted third party retailers and repair shops (*e.g.*, SAC ¶¶ 237, 252, 400), and Plaintiff Hobert-Powell deliberately decided not to contact HP (*id.* ¶ 288).  Thus, Plaintiffs' breach of express warranty claims fails.  *Kowalsky v. Hewlett-Packard Co.*, 771 F. Supp. 2d 1138, 1155 (N.D. Cal. 2010) (dismissing express warranty claim where plaintiff did not timely seek warranty repair).

As for Plaintiffs' "claim" of unconscionability, there is nothing unconscionable about a one-year limited warranty.  Plaintiffs cannot show procedural unconscionability because they had the option of purchasing an extended service plan from HP, the involved retailer, or other sources.  *See Smith v. Ford Motor*

---

contacted HP (*see* SAC ¶¶ 200-201), and Plaintiff Erickson does not allege when he purchased his notebook (*see id.* ¶ 219).

[24] Although Plaintiffs Luther, Draper, DiMartino, Perry, and Carina allegedly attempted to contact HP, their defects did not manifest during the warranty period. SAC ¶¶ 212, 263, 266, 376–377, 421–424, 430–436.  In fact, Plaintiff Luther attempted to contact HP even though he "knew that his warranty had expired," and alleges that he never actually spoke to an HP representative. *Id.* ¶ 212.  Moreover, none of these Plaintiffs allege when they contacted HP.

*Co.*, 462 F. App'x 660, 663-64 (9th Cir. 2011) (no procedural unconscionability in such circumstances); *Popham v. Keystone RV Co.*, 2016 WL 4993393, at *7 (N.D. Ind. Sept. 19, 2016).  Nor have Plaintiffs alleged facts that would come close to meeting the high bar of substantive unconscionability.  *See, e.g.*, *Tabak v. Apple, Inc.*, 2020 WL 9066153, at *12 (N.D. Cal. Jan. 30, 2020) (upholding one-year warranty period); *Brothers v. Hewlett-Packard Co.*, 2006 WL 3093685, at *8 (N.D. Cal. Oct. 31, 2006) (same).

### C.   Plaintiffs' Implied Warranty Claims Fail.

Plaintiffs' implied warranty claims[25] fail because Plaintiffs have not alleged facts demonstrating that their notebooks were unmerchantable.   "The mere manifestation of a defect by itself does not constitute a breach [of] the implied warranty of merchantability."   *Stearns v. Select Comfort Retail Corp.*, 2009 WL 1635931, at *8 (N.D. Cal. June 5, 2009).  Rather, products are not merchantable when they "lack even the most basic degree of fitness for ordinary use."  *Swearingen v. Amazon Pres. Partners, Inc.*, 2014 WL 3934000, at *1 (N.D. Cal. Aug. 11, 2014). Where, as here, buyers use their products for months or years after purchase, they

---

[25] Only the California, Oregon, Michigan, New Jersey, Massachusetts, Arkansas, Alabama, Florida, Georgia, Indiana, and Ohio Plaintiffs assert claims for breach of implied warranty of merchantability.  *See* SAC, **Counts XI, XV, XVII, XXII, XXX, XXXII, XXXIII, XXXIV, XXXV, XXXVI, and XXXVIII.**

have no viable claim for breach of implied warranty.  *See, e.g.*, *Glass*, 2011 WL 6887721, at *14.

There are also state-specific grounds for dismissal.  ***First***, the New Jersey, Oregon, Michigan, Arkansas, and Indiana Plaintiffs have no implied warranty claims because the HP Limited Warranty limits all implied warranties "TO THE DURATION OF THE EXPRESS WARRANTY SET FORTH ABOVE."  *See* RJN, **Ex. A** at 1 (typography in original).  Sellers may properly limit implied warranties under state law applicable to these Plaintiffs.  *See Priano-Keyser v. Apple, Inc.*, 2019 WL 7288941, at *9 (D.N.J. Dec. 30, 2019) (New Jersey law); Or. Rev. Stat. Ann. § 72.3160(2) (Oregon law); *Allstate Vehicle & Prop. Ins. Co. v. BSH Home Appliance Corp.*, 2022 WL 2405495, at *3 (E.D. Mich. May 4, 2022) (Michigan law); *White v. Volkswagen Grp. of Am., Inc.*, 2013 WL 685298, at *5 (W.D. Ark. Feb. 25, 2013) (Arkansas law); *Popham*, 2016 WL 4993393, at *5 (Indiana law). Notably, these Plaintiffs do not allege experiencing any alleged defect until after the one-year warranty period.  See SAC ¶¶ 136, 305-308, 340, 353.

***Second***, the Oregon, Florida, Alabama, and Georgia Plaintiffs' lack of privity with HP (SAC ¶¶ 304, 173, 219, 230, 247) is fatal to their implied warranty claims. *See Dravo Equip. Co. v. German*, 73 Or. App. 165, 169 (1985) (Oregon law); *Mesa v. BMW of N. Am., LLC*, 904 So.2d 450, 458 (Fla. 3d DCA 2005) (Florida law); *Hurry v. Gen. Motors LLC*, 2022 WL 3587349, at *7 (M.D. Ala. Aug. 22, 2022)

26

(Alabama law); *Goodson v. Bos. Sci. Corp.*, 2011 WL 6840593, at \*5 (N.D. Ga. Dec. 29, 2011) (Georgia law).

**Third**, the New Jersey implied warranty claim is time-barred as relates to Kaplitt's 2012 purchase (SAC ¶ 349).  *See* N.J. Stat. Ann. § 12A:2–725 (four-year limitations period).

**Fourth**, the Song-Beverly Act claim for breach of implied warranty is time-barred as to the California Plaintiffs.  *Talley v. Gen. Motors, LLC*, 2022 WL 958467, at \*2 (D. Del. Mar. 30, 2022) (dismissing claim under one-year limitations period).

**Fifth**, the Ohio implied warranty in tort claim fails because Plaintiffs have not alleged facts showing that their notebooks were unfit for their ordinary, intended use. Plaintiff Orenski used his notebooks for "thirty-two months" before experiencing any issue.  SAC ¶ 319; *Mooradian v. FCA US, LLC*, 2017 WL 4869060, at \*7 (N.D. Ohio Oct. 27, 2017) (dismissing implied warranty in similar circumstances). Moreover, Plaintiff Washington's claim is time-barred under the applicable two-year limitations period.  *See* SAC ¶¶ 326-330; Ohio Rev. Code Ann. § 2305.10.

## III.    PLAINTIFFS LACK STANDING FOR INJUNCTIVE RELIEF.

To establish standing for injunctive relief, Plaintiffs must demonstrate that they are likely to suffer future injury from the challenged conduct.  *Twardzik*, 2022 WL 606092, at \*2 (citing *In re Johnson & Johnson Talcum Powder Prod. Mktg., Sales Pracs. & Liab. Litig.*, 903 F.3d 278, 292 (3d Cir. 2018)).  Plaintiffs assert only

that others who are not aware of any alleged defect are likely to suffer such injury. *See* SAC ¶ 129 ("likely that many of the Class Laptops will continue to be used or purchased by unsuspecting members of the putative class, and injunctive relief could prevent harm to those who remain unaware of the Hinge Defect").

As for Plaintiffs themselves, the SAC alleges only that they are "interested" in purchasing another notebook "and would consider doing so" again. *See, e.g.*, SAC ¶¶ 152, 160, 171, 183, 194. But that "supposed injury" is "*hypothetical*" and thus insufficient to confer standing. *Twardzik*, 2022 WL 606092, at *3 (emphasis in original). Plaintiffs cannot "maintain [their] theory of the case—that [Plaintiffs] would not have purchased the [notebooks] or would not have paid a premium had [Plantiffs] known they contained [a defect]—while also maintaining that [Plaintiffs] will purchase the products again in the future if they are correctly labeled." *Sabater v. Am. Journey (PET), LLC*, 570 F. Supp. 3d 1160, 1164-65 (S.D. Fla. 2021) (plaintiff lacked standing to seek injunctive relief).

To the extent Plaintiffs' SAC seeks injunctive relief, it should be dismissed for lack of Article III standing.

## IV.   THE CLASS ALLEGATIONS SHOULD BE STRICKEN.

This Court should also strike the class allegations from the SAC. ***First***, as HP argued in its prior motion, the Alabama Claim cannot proceed on a class basis as a matter of law. *See* Ala. Code § 8-19-10(f) ("A consumer or other person bringing an

action under this chapter may not bring an action on behalf of a class."). The Arkansas Claim also prohibits private class action claims, except for certain state constitutional violations not alleged here. Ark. Code § 4-88-113(f). The Georgia Fair Business Practices Act likewise precludes a private plaintiff from bringing a claim in a representative capacity. *See Cappuccitti v. DirecTV, Inc.*, 623 F.3d 1118, 1126 n.19 (11th Cir. 2010). Similarly, the Ohio Claim cannot proceed on a class basis because Plaintiff did not allege "either that a specific rule or regulation has been promulgated [by the Ohio Attorney General]" that is applicable here, or that "an Ohio state court has found the specific practice either unconscionable or deceptive in a decision open to public inspection." *Pattie v. Coach, Inc.*, 29 F. Supp. 3d 1051, 1055 (N.D. Ohio 2014) (citation omitted). The SAC fails to cure these defects.

**Second**, it appears from the face of their 254-page SAC that Plaintiffs—each of whom alleges unique purchasing experiences and different putative experiences with their notebooks—cannot satisfy Rule 23's ascertainability, predominance and commonality requirements. *See, e.g.*, *Johnson v. Organo Gold Int'l, Inc.*, 2016 WL 2771124, at *2 (D. Del. May 13, 2016) (striking class allegations based in part because named plaintiff cannot represent a class of plaintiffs who have not suffered any injury); *Green v. Green Mountain Coffee Roasters, Inc.*, 279 F.R.D. 275, 284

(D.N.J. 2011) (striking class allegations in consumer fraud and warranty case because common issues of fact do not predominate).

Because "the Court would be forced to engage in individual inquiries of each class member with respect to . . . materiality of the statement, whether the member saw [HP]'s advertisements or visited [HP]'s website, and what caused the member to make the purchase," the class allegations should be stricken with prejudice. *Sanders v. Apple Inc.*, 672 F. Supp. 2d 978, 991 (N.D. Cal. 2009). Plaintiffs simply cannot meet their "burden of advancing a prima facie showing that the class action requirements of [Rule] 23 are satisfied or that discovery is likely to produce substantiation of the class allegations." *Semenko*, 2013 WL 1568407, at *2.

At a minimum, this Court should strike the nationwide common law claims for fraudulent concealment and unjust enrichment. Plaintiffs "may bring state law claims only under the law of the state where he or she lived and the alleged injury occurred." *Dzielak v. Whirlpool Corp.*, 26 F. Supp. 3d 304, 332 (D.N.J. 2014) (citation omitted). Plaintiffs thus lack standing to assert state law claims for the majority of states where no Plaintiff resides and where no alleged injury occurred.

In addition, material differences in state law prevents class treatment of these claims on a nationwide basis. *See, e.g.*, *Yarger v. ING Bank, FSB*, 285 F.R.D. 308, 324–25 (D. Del. 2012) (material variations in state law defeat predominance where the court had to apply the law of 16 states); *Marcus v. BMW of N. Am., LLC*, 2010

WL 4853308, at *8-9 (D.N.J. Nov. 19, 2010) (conflict of laws defeat predominance as to proposed nationwide class), *vacated on other grounds,* 687 F.3d 583 (3d Cir. 2012).

***Third***, the class definitions are overbroad, as these definitions ("all purchasers" of myriad notebook models) necessarily include individuals who have not experienced any issue with their notebooks.  *Cashatt v. Ford Motor Co.*, 2020 WL 1987077, at *5 (W.D. Wash. Apr. 27, 2020) (striking class allegations because class definition encompasses individuals who operated product but sustained no injury); *Connectors Realty Grp. Corp. v. State Farm Fire & Cas. Co.*, 2021 WL 1143513, at *3 (N.D. Ill. Mar. 25, 2021) (same); *Rasmussen v. Apple Inc.*, 27 F. Supp. 3d 1027, 1046 (N.D. Cal. 2014) (striking class definition, which includes those who did not experience laptop defect, as overbroad); *Sanders*, 672 F. Supp. 2d at 991 (striking class allegations where class definition "necessarily includes individuals who did not purchase their [laptop], individuals who either did not see or were not deceived by advertisements, and individuals who suffered no damages").

***Finally***, the nationwide class allegations seeking injunctive or declaratory relief should be stricken because class certification cannot be had when no single injunction or judicial declaration would provide classwide relief.   *Allen v. Ollie's Bargain Outlet, Inc.*, 37 F.4th 890, 904 (3d Cir. 2022); *Lipstein v. UnitedHealth Grp.*, 296 F.R.D. 279, 292 (D.N.J. 2013) ("Rule 23(b)(2) applies only when a single

injunction or declaratory judgment would provide relief to each member of the class."). Plaintiffs purchased various notebook models at different price points from various retailers and different times, and the class definitions necessarily include those who have not experienced any defect or who have had satisfactory repairs under the warranty. SAC ¶ 467(a)-(n). Because no single injunction or declaratory judgment would provide relief to all members of any class, the Court should strike the nationwide class allegations claim for declaratory and injunctive relief.

## CONCLUSION

HP respectfully requests that this Court dismiss Plaintiffs' individual claims without leave to amend, and strike the putative class allegations with prejudice.

|  | /s/ Kelly E. Farnan |
|---|---|
| *Of Counsel*: | Kelly E. Farnan (#4395) |
| Michael J. Stortz | Richards, Layton & Finger, P.A. |
| Marshall L. Baker | One Rodney Square |
| Akin Gump Strauss Hauer & Feld LLP | 920 N. King Street |
| 580 California Street, Suite 1500 | Wilmington, DE 19801 |
| San Francisco, CA 94104 | (302) 651-7700 |
| (415) 765-9500 | farnan@rlf.com |
| mstortz@akingump.com | |
| mbaker@akingump.com | *Attorneys for Defendant HP Inc.* |

Dated: September 1, 2022

## <u>WORD COUNT CERTIFICATION</u>

The undersigned hereby certifies that HP's Opening Brief in Support of Motion to Dismiss and to Strike contains 7,990 words (exclusive of the cover page, table of contents, table of authorities, and signature blocks) in Times New Roman 14–point font, counted using Microsoft Word's word count feature.

*/s/ Kelly E. Farnan*
Kelly E. Farnan (#4395)
Richards, Layton & Finger, P.A.
One Rodney Square
920 N. King Street
Wilmington, DE 19801
(302) 651-7700
farnan@rlf.com

*Attorney for Defendant HP Inc.*