## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

PHYLLIS CARSON; LORNE COSMAN;
WILLIAM DRAPER; PHILLIP
ERICKSON; TERENCE GRANER;            Case No.:  1:22-cv-00208-CFC
DONALD HARMAN; SARAH
HOUSEHOLDER; TRUDY L. GRANER;
TRUDY LETSON; SABINE MILLER;
DIANA HOBERT-POWELL; JANET
PURVIS; PATRICIA ROBERTS;
CAROLE SCHAUER; CARA
WASHINGTON; STEPHEN KAPLITT;
MICHAEL DOBKIN; CHERYL MEOLA;
DIANE DRAKE; CHRISTOPHER NIND;
ROSE CARINA; BRUCE WILLIAMS;
ANTHONY HARRIS; TIMUR
SAKHARUK; ROBERT DIMARTINO;
IAN PERRY; STEPHEN LUTHER;
GREGORY ORENSKI; RODNEY NASH;
and DEBORAH THELEN individually and
on behalf of all others similarly situated,

                    Plaintiffs,

v.

HP Inc.

                    Defendant.

_____

## PLAINTIFFS' ANSWERING BRIEF IN OPPOSITION TO
## DEFENDANT'S MOTION TO DISMISS AND STRIKE

# **TABLE OF CONTENTS**

I.   INTRODUCTION AND SUMMARY OF ARGUMENT ..................................1

II.  FACTUAL BACKGROUND ....................................................................2

III. LEGAL STANDARD ............................................................................3

IV.  ARGUMENT ......................................................................................4

   A.  Rule 9(b) does Not Apply to All Plaintiffs' Statutory Consumer Protection
       Claims, and Where it Does Apply, It Is Met ......................................4

   B.  Plaintiffs Successfully Allege a Common Material Defect, HP's Exclusive
       Prior Knowledge of the Defect, and a Duty to Disclose .....................8

   C.  Plaintiffs' Statutory Omissions-Based Claims and Fraudulent Concealment
       Claims Are Otherwise Well-Pled .....................................................12

   D.  Plaintiffs' Unjust Enrichment Claims Are Well-Pled .........................20

   E.  Plaintiffs' Statutory Unfairness Claims are Well-Pled.......................23

   F.  Plaintiffs' Breach of Express Warranty Claims Are Well-Pled...........24

   G.  Plaintiffs' Breach of Implied Warranty Claims Are Well-Pled ..........27

   H.  Striking Class Allegations is Premature and Contrary to Law............31

V.   LEAVE TO AMEND ...........................................................................33

VI.  CONCLUSION ...................................................................................34

# TABLE OF AUTHORITIES

Page(s)

Cases

*Alabama Tchrs. Credit Union v. Design Build Concepts, Inc.*,
    334 F. Supp. 3d 1171 (N.D. Ala. 2018) ...............................................................12

*Amato v. Subaru of Am., Inc*.,
    Civil Action No. 18-16118, 2019 WL 6607148 (D.N.J. Dec. 5, 2019) ................5

*Amerifirst Bank v. TJX Cos*.,
    564 F.3d. 489 (1st Cir. 2009) ...............................................................................24

*Anderson v. Apple Inc.,*
    500 F. Supp. 3d 993 (N.D. Cal.)...........................................................................13

*Apodaca v. Whirlpool Corp.,*
    No. 1300725, 2013 WL 6477821 (C.D. Cal. Nov. 8, 2013) ..................................8

*Banh v. Am. Honda Motor Co*.,
    No. 2:19-cv-05984-RGK-AS, 2019 WL 8683361 (C.D. Cal. Dec. 17, 2019).......6

*BMTP, LLC v. RBH, Inc.*,
    No. 2:19-CV-00177-RDP, 2020 WL 6868840 (N.D. Ala. Mar. 3, 2020) ...........13

*Boddison v. GM Ltd. Liab. Co.*,
    No. 8: 20-cv-2139-WFJ-AEP, 2021 WL 2685770 (M.D. Fla. June 30, 2021)....13

*Bossart v. GM LLC*,
    2021 WL 5278191 (E.D. Mich. May 19, 2021)...................................................29

*Bowes v. Paccar, Inc.*,
    No. C19-1794-JCC,  2020 WL 3100828 (W.D. Wash. June 11, 2020)..............30

*Brooks v. BC Custom Construction, Inc.,* No. 3:18-CV-0,
    0717-YY, 2019 WL 3763769 (D. Or. May 21, 2019) ........................................19

*Brothers v. Hewlett-Packard Co.*,
   2006 WL 3093685 (N.D. Cal. Oct. 31, 2006) ......................................................27

*Brown v. Madison Reed, Inc.*,
   No. 21-CV-01233-WHO, 2022 WL 3579883 (N.D. Cal. Aug. 19, 2022)..........15

*Burns v. Toyota Motor Sales, U.S.A., Inc.*,
   2016 WL 128544 (W.D. Ark. Jan. 12, 2016) ......................................................14

*Bush Truck Leasing, Inc. v. Cummins, Inc.*,
   No. 1:18-cv-871, 2021 2021 WL 9057624 (S.D. Ohio Apr. 13, 2021) ................4

*Canfield v. FCA US LLC*,
   2019 WL 133402 (D. Del. Jan. 8, 2019) ..............................................................5

*Carriuolo v. Gen. Motors LLC*,
   72 F. Supp. 3d 1323 (S.D. Fla. 2014)................................................................22

*Carroll v. BMW of N. Am., LLC*,
   553 F. Supp. 3d 588 (S.D. Ind. 2021) ...............................................................11

*Catalano v. BMW of N. Am., Ltd. Liab. Co.*,
   167 F. Supp. 3d 540 (S.D.N.Y. 2016) ...............................................................18

*CF Gainesville Inv'r, LLC v. Astroenery Solar, Inc.*,
   No. 2:21-CV-02654-CAS (RAOx), 2022 WL 2818259
   (C.D. Cal. July 18, 2022)...................................................................................31

*Cohan v. Pella Corp.*,
   2015 WL 6465369 (D.S.C. Oct. 26, 2015)..........................................................6

*Cohen v. Subaru of Am., Inc.*,
   No. 1:20-cv-08442-JHR-AMD, 2022 WL 721307 (D.N.J. Mar. 10, 2022) ........31

*Colgate v. Juul Labs, Inc.*,
   402 F. Supp. 3d 728 (N.D. Cal. 2019)................................................................23

*Counts v. Gen. Motors, LLC*,
   237 F. Supp. 3d 572 (E.D. Mich. 2017) .............................................................11

*Daniel v. Ford Motor Co.*,
   806 F.3d 1217 (9th Cir. 2015) ...............................................................31

*Davis v. D.R. Horton, Inc.*,
   No. 19-1686-LPS-JLH, 2020 WL 6042091 (D. Del., Oct. 13, 2020).................31

*Defrank v. Samsung Elecs. Am., Inc.*,
   No. 19-21401 (KM) (JBC), 2020 WL 6269277 (D.N.J. Oct. 26, 2020)..........7, 22

*Doeblers' Pa. Hybrids, Inc. v. Doebler*,
   442 F.3d 812 (3d Cir. 2006) ..................................................................23

*Duncan v. Nissan N. Am., Inc.*,
   305 F. Supp. 3d 311 (D. Mass. 2018)........................................................29

*Durso v. Samsung Elecs. Am., Inc.*,
   No. 2:12-cv-5352, 2013 WL 5947005 (D.N.J. Nov. 6, 2013) ............................32

*Ehrhart v. Synthes (USA)*,
   No. 07-1237, 2007 WL 4591276 (D.N.J. Dec. 21, 2007) ......................................4

*Elward v. Electrolux Home Prod, Inc.*,
   264 F. Supp. 3d 877 (N.D. Ill. 2017)........................................................16

*Ewalt v. GateHouse Media Ohio Holdings II, Inc.*,
   No. 2:19-cv-4262, 2021 WL 825978 (S.D. Ohio Mar. 4, 2021)...........................5

*Fort Lauderdale Lincoln Mercury, Inc., v. Corgnati*,
   715 So. 2d 311 (Fla. 4th DCA 1998) .................................................16

*Fraker v. Bayer Corp.*,
   No. CV F 08 - 1564 AWI GSA, 2009 WL 5865687 (E.D. Cal. Oct. 2, 2009) ......5

*Gale v. Int'l Bus. Machines Corp.*,
   9 A.D. 446 (N.Y. App. 2004) .................................................................18

*Garneau v. Bush*,
   838 N.E. 2d 1134 (Ind. Ct. App. 2005) .............................................23

*Glass v. BMW of North America, LLC,*
   2011 WL 6887721 (D. N.J. Dec. 29, 2011) ........................................................12

*Harris v. Orange S.A.,*
   636 F.App'x 476 (11th Cir. 2015).........................................................................10

*Hays v. Adam,*
   512 F. Supp. 2d. 1330 (N.D. Ga. 2007) ..............................................................22

*Hooper v. Barnett Bank of W. Fla.,*
   474 So. 2d 1253 (Fla. Dist. Ct. App. 1985)........................................................10

*Horn v. A.O. Smith Corp.,*
   50 F.3d 1365 (7th Cir. 1995) ...............................................................................16

*In re Rust-Oleum Restore Mktg., Sales Pracs. & Prod. Liab. Lit,*
   155 F. Supp. 3d 772 (N.D. Ill. 2016).................................................................9, 10

*In re Cardizem CD Antitrust Litigation,*
   105 F. Supp. 2d 618 (E.D. Mich. 2000) ..............................................................21

*In re Chevrolet Bolt EV Battery Litig.,*
   No. 2:20-CV-13256-TGB-CI, 2022 WL 4686974  (E.D. Mich. Sep. 30, 2022) .33

*In re Interior Molded Doors Antitrust Litig.,*
   No. 3:18-cv-00718-JAG, 2019 WL 4478734 (E.D. Va. Sep. 18, 2019)...............5

*In re MyFord Touch Consumer Litig.,*
   46 F. Supp. 3d 936 (N.D. Cal. 2014)...................................................................10

*In re Samsung DLP Television Class Action Litig.,*
   07-CV-2141 (GEB), 2009 WL 3584352 (D.N.J. Oct. 27, 2009) ........................26

*In re Sony SXRD Rear Projection Television Class Action Litig.,*
   No. 06 Civ. 5173, 2008 WL 1956267 (S.D.N.Y. 2008) .....................................33

*In re Tiraco Marine Svcs., Inc.,*
   374 B.R. 529 (Bankr. S.D.N.Y. 2007) ................................................................10

*In re Valsartan Losartan & Irbesartan Prods. Liab. Litig.*,
   No. 19-2875 (RBK/KW), 2021 U.S. Dist. LEXIS 256073,
   (D.N.J. Oct. 7, 2021) ........................................................................................33

*In re Volkswagen Timing Chain Prod. Liab. Litig.*,
   No. 16-cv-2765, 2017 WL 1902160 (D.N.J. May 8, 2017) .............. 13, 28, 30, 31

*In re Wal-Mart*,
   505 F. Supp. 2d 609 (N.D. Cal. 2007)..................................................................32

*James v. Nat'l Fin., LLC*,
   132 A.3d 799 (Del. Del. Ch. 2016) ....................................................................25

*Johnson v. Glock, Inc.*,
   No. 20-CV-08807-WHO, 2021 WL 1966692 (N.D. Cal. May 17, 2021) ...........15

*Jones v. Coty Inc.*,
   362 F. Supp. 3d 1182 (S.D. Ala. 2018) ...............................................................13

*Kearney v. BMW*,
   No. 17-13544 (WHW-CLW), 2018 WL 4144683 ...........................................6, 20

*Krause v. Eugene Dodge, Inc.*,
   509 P. 2d 1199 (Or. 1973) ...................................................................................10

*Kreidler v. Pixler*,
   No. C06-0697RSL, 2006 WL 3539005 (W.D. Wash. Dec. 7, 2006) ...................5

*Landsman & Funk PC v. Skinder-Strauss Assocs.*,
   640 F.3d 72 (3d Cir. 2011) ..................................................................................32

*Lightning Lube, Inc., v. Witco Corp.*,
   4 F.3d 1153 (3d Cir.) ...........................................................................................10

*Luna v. FCA US LLC*,
   No. 19-CV-08229-LHK, 2020 WL 3605554 (N.D. Cal. July 2, 2020) ..............30

*Lunderstadt v. Colafella*,
   885 F.2d 66 (3d Cir. 1989) ....................................................................................4

*Mack v. LLR, Inc.*,
No. EDCV 17-00853 JGB (DTBx), 2019 WL 1873294 (C.D. Cal. Feb. 6, 2019)4

*MacMorris v. Wyeth, Inc.*,
2005 WL 1528626 (M.D. Fla. 2005).....................................................22

*Manchanda v. Navient Student Loans & Educ. Credit Mgmt. Corp.*,
No. 19cv5121, 2020 WL 5802238 (S.D.N.Y. Sep. 29, 2020) ..............................5

*Marlborough Holdings Grp. Ltd., v. Pliske Marine, Inc.*,
2011 WL 13322647 (S.D. Fla. Mar. 18, 2011) ..................................................12

*McKie v. Sears Prot. Co.*,
No. 10-1531-PK, 2011 WL 1587103 (D. Or. Apr. 26, 2011) ...............................5

*Michels v. Monaco Coach Corp.*,
298 F. Supp. 2d 642 (E.D. Mich. 2003) ..................................................5

*Miller v. WinCo Foods, LLC*,
No. 3:19-CV-02094-AC, 2020 WL 6693149 (D. Or. Sept. 3, 2020)..................22

*Minnick v. Clearwire US, LLC*,
683 F. Supp. 2d 1179 (W.D. Wash. 2010) ...........................................19

*Mooradian v. FCA US, LLC*,
1:17-cv-1132, 2017 WL 4869060 (N.D. Ohio Oct. 27, 2017)...........................28

*Norgart v. Upjohn Co.*,
981 P.2d 79 (1999) .........................................................22

*Opheim v. Volkswagen Aktiengesellschaft*,
No. 20-02483 (KM) (ESK), 2021 WL 2621689 (D.N.J. June 25, 2021)..............7

*Oro BRC4 v. Silvertree Apartments*,
No. 2:19-CV-04907, 2021 WL 184686 (S.D. Ohio Jan. 19, 2021) ....................10

*Owen v. Gen. Motors Corp*,
533 F.3d 913 (8th Cir. 2008) ...............................................12

*Payne v. Fujifilm U.S.A., Inc.*,
  2007 WL 4591281 (D.N.J. Dec. 28, 2007) ..........................................................25

*Pelman ex rel. Pelman v. McDonald's Corp.*,
  396 F. Supp. 2d 439 (S.D.N.Y. 2005) ...............................................................17

*Phillips Petroleum Co. v. Shutts*,
  472 U.S. 797, 105 S. Ct. 2965, 86 L. Ed. 2d 628 (1985) ....................................33

*Phillips v County of Allegheny*,
  515 F.3d 224 (3d Cir. 2008) ................................................................................4

*Pollard v. Remington Arms Co., LLC*,
  No. 13-0086-CV-W-ODS, 2013 WL 3039797 (W.D. Mo. June 17, 2013).........11

*Popham v. Keystone RV Co.*,
  2016 WL 4993393 (N.D. Ind. Sept. 19, 2016) ...................................................27

*Powell v. Subaru of Am., Inc.*,
  502 F. Supp. 3d 856 (D.N.J. 2020)......................................................... 5, 23, 24

*Puhalla v. Mercedes-Benz USA, LLC (In re Takata Airbag Prods. Liab. Litig.)*,
  462 F. Supp. 3d 1304 (S.D. Fla. 2020)..............................................................21

*Reynolds v. FCA US LLC*,
  546 F. Supp. 3d 635 (E.D. Mich. 2021) .............................................................31

*Rickman v. BMW*,
  18-4363(KM) (JBC), 2020 WL 3468250 (D.N.J. June 25, 2020) ......................11

*Rivera v. Ford Motor Co.*,
  No. 16-CV-13786, 2017 WL 3485815 (E. D. Mich. Aug. 15, 2017) .................10

*Robinson Helicopter Co., Inc., v. Dana Corp.*,
  102 P.3d 268 (Cal. 2004).....................................................................................13

*Robinson v. Gen. Motors LLC*,
  No. CV 20-663-RGA-SRF, 2021 WL 3036353 (D. Del. Jul. 19, 2021)..............14

*Roche Diagnostics Corp. v. Priority Healthcare Corp.*,
   407 F. Supp. 3d 1216 (N.D. Ala. 2019) ...............................................................22

*Roche Diagnostics Corp. v. Shaya*,
   427 F. Supp. 3d 905 (E.D. Mich. 2019) ...............................................................22

*Roe v. Ford Motor Company,*
   No. 18-cv-12528-LJM-APP, 2019 WL 3564589 (E.D. Mich. Aug 6, 2019) ........8

*Rosal v. First Fed. Bank of California*,
   671 F. Supp. 2d 1111 (N.D. Cal. 2009).................................................................24

*Rushing v. Williams-Sonoma, Inc.,*
   No. 16-CV-01421-WHO, 2022 WL 2833980 (N.D. Cal. July 20, 2022)............16

*Short v. Hyundai Motor Co*.,
   444 F. Supp. 3d 1267 (W.D. Wash. 2020) ...........................................................10

*Silva v. Unique Bev. Co., LLC,*
   No. 3:17-cv-00391-HZ, 2017 WL 2642286 (D. Or. June 15, 2017) ...................5

*Singh v. Lenovo (United States) Inc*.,
   510 F. Supp. 3d 310 (D. Md. 2021) ..................................................... 6, 27, 28, 29

*Skeen v. BMW of N. Am., LLC*,
   2014 WL 283628 (D.N.J. Jan. 24, 2014) ..................................................... 26, 29

*Smith v. Ford Motor Co.*,
   462 F. App'x 660 (9th Cir. 2011).........................................................................27

*Standard Gen. L.P. v. Charney*,
   No. 11287-CB, 2017 WL 6498063 (Del. Ch. Dec. 19, 2017) ............................25

*Stearns v. Select Comfort Retail Corp.*,
   08-2746 JF, 2009 WL 1635931 (N.D. Cal. June 5, 2009) ..................................28

*Stutman v. Chem. Bank*,
   731 N.E.2d 608 (N.Y. 2000) ...............................................................................17

*Swearingen v. Amazon Pres. P'rs, Inc.*,
　No. 13-cv-04402-WHO, 2014 WL 3934000 (N.D. Cal. Aug. 11, 2014) ............28

*Tabak v. Apple, Inc.*,
　2020 WL 9066153 (N.D. Cal. Jan. 30, 2020) ......................................................27

*Taleshpour v. Apple, Inc.*,
　2022 WL 1577802 (9th Cir. 2022) ......................................................................12

*Thomas v. Generac Power Systems, Inc.*,
　No. 21-12997, 2022 WL 4091735 (11th Cir. Sept. 7, 2022) ...............................16

*Thornton v. State Farm Mut. Ins. Co.*,
　No. 1:06-CV-00018, 2006 WL 3359448 (N.D. Ohio Nov. 17, 2006) .......... 18, 19

*Toll Bros., Inc. v. Twp. of Readington*,
　555 F.3d 131 .........................................................................................................33

*Waldman v. New Chapter, Inc.*,
　714 F. Supp. 2d 398 (E.D.N.Y. 2010)..................................................................22

*Wehlig v. Citizens Nat'l Bank*,
　586 N.E. 2d 840 (Ind. 1992)................................................................................22

*Weske v. Samsung Elecs., Am., Inc.*,
　42 F. Supp. 3d 599 (D.N.J. 2014)......................................................................6, 7

*Wesley v. Samsung Elecs. Am., Inc.*,
　2021 WL 5771738 (D.N.J. Dec. 3, 2021) ...........................................................28

*Wilson v. Volkswagen Grp. of Am., Inc.*,
　2018 WL 9850223 (S.D. Fla. Nov. 30, 2018) ......................................................30

*Wochos v. Woolverton*,
　378 S.W.3d 280 (Ct. App. Ark. 2010) .................................................................10

*Woods v. Caterpillar, Inc.*,
　2005 WL 1926511 (Ohio Ct. App. Aug. 12, 2005) .............................................12

x

<u>Statutes</u>

6 Del. C. § 2-302(1) .................................................................................25

6 Del. C. § 2-302(2) .................................................................................25

Ark. Code Ann. 4-88-102(9)......................................................................14
Fla. Stat. § 95.031(2)(a) ...........................................................................22

Fla. Stat. § 501.211(2) ..............................................................................16

N.Y. Gen. Bus. Law §350..........................................................................18

New York GBL §§ 349 & 350..................................................................5, 17

Or. Rev. Stat.§ 646.638(6) .......................................................................19

<u>Rules</u>

Fed. R. Civ. P. 8(a)(3) and (d)(3)..............................................................21

Fed. R. Civ. P. 12(b)(1)..............................................................................4

Fed. R. Civ. P. 12(b)(6)..............................................................................3

Fed. R. Civ. P. 12(f)...................................................................................4

## I.      <u>INTRODUCTION AND SUMMARY OF ARGUMENT</u>

Plaintiffs submit this Answering Brief in opposition to HP's motion to dismiss and strike ("Mot.") (D.E. 23). Plaintiffs brought this class action as a putative class action for those who purchased certain laptops manufactured, marketed, and/or sold by HP, Inc. ("HP") which all contain a material defect that causes their hinges to fail, rendering the laptops unfit for their purpose.

HP moves to dismiss Plaintiffs' claims in shotgun fashion, arguing all are legally deficient and should be dismissed, and that class cannot be certified. The claims, however, are well-pled:

*First*, Plaintiffs have adequately alleged material omissions-based statutory and common law claims that survive under either Rule 8 or 9(b). Plaintiffs' robust complaint presents ample allegations of HP's exclusive prior knowledge of the widespread defect, and its failure to remedy it.

*Second*, Plaintiffs have adequately alleged breach of implied and express warranty claims given the unconscionable limitations that HP wrongly seeks to enforce.

*Third*, HP's motion to strike Plaintiffs' class allegations is a premature opposition to class certification, contrary to well established precedent in this Circuit and should be rejected.

HP's attempts to feign ignorance of its own well-documented failures should not be countenanced. For these and other reasons detailed below, its motion should be denied.[1]

## II.    **FACTUAL BACKGROUND**

Since at least 2017, HP manufactured the Envy Laptops ("Envy"), Envy 360 Laptops ("Envy 360"), Pavilion Laptops ("Pavilion"), Pavilion 360 Laptops ("Pavilion 360"), and the HP 14, HP 15, and HP 17 Laptops ("HP Laptops"), which are, collectively, the "Class Laptops." Second Amended Complaint ("SAC") ¶1 (D.E. 19).

Plaintiffs allege that the Class Laptops possess a common, material defect that compromises the laptops' hinges and impairs the Class Laptops' portability and functionality (the "Hinge Defect"). Specifically, the Class Laptops' hinges are defective because they prematurely fail, breaking off from the weak mounting points on the device. SAC ¶4.  The act of opening or closing the laptop fractures the plastic anchors, which destabilizes the hinges, separates them from the bottom case, and causes them to ultimately fail. SAC ¶4.

Defendant has known of the Hinge Defect since at least 2014, from myriad customer comments and product failure images left on Defendant's own websites.

---

[1] Plaintiffs do not oppose HP's motion with respect to Counts IV (as to Plaintiff Harman only) and XXXIII. As for Counts XXV and XXIX, Plaintiffs have not yet asserted them.

SAC ¶17. Nevertheless, Defendant marketed the Class Laptops as "reliable" and "designed for long-lasting performance," with a "compact, portable design." SAC ¶8. HP represented to consumers and technology reporters that the durability of the laptop hinges was tested by opening and closing the laptops "typically from minimum angle to maximum angle" 27,000 times. SAC ¶117-18. This represents seven years of expected use. SAC ¶118. HP stated: "If you're expected to open and close the notebook 10,000, we'll test it to 50,000." SAC¶121. Based upon HP's representations, that equates to fourteen years of use, an unrealistic estimate given Class members' experience.

Since the Hinge Defect impairs the user's ability to view the screen because of an unsecured screen case that users fear closing or moving to minimize further damage, it renders Class Laptops partially or wholly unusable and unfit for their intended purpose as portable computers.

## III.   <u>LEGAL STANDARD</u>

In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of

the complaint, the plaintiff may be entitled to relief." *Phillips v County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008).[2]

Under Rule 12(f), a court may strike from a pleading any matter that is "redundant, immaterial, impertinent, or scandalous." Motions to strike are highly disfavored and are considered a "drastic remedy to be resorted to only when required for the purposes of justice." *See, e.g., Ehrhart v. Synthes (USA)*, No. 07-1237, 2007 WL 4591276, at *3 (D.N.J. Dec. 21, 2007).

When considering a facial attack under Rule 12(b)(1), a claim fails to invoke the District Court's jurisdiction only if it is "wholly insubstantial and frivolous." *Lunderstadt v. Colafella*, 885 F.2d 66, 70 (3d Cir. 1989).

## IV.   <u>ARGUMENT</u>

### A. <u>Rule 9(b) does Not Apply to All Plaintiffs' Statutory Consumer Protection Claims, and Where it Does Apply, It Is Met</u>

Defendant seeks dismissal of Plaintiffs' complaint under Rule 9(b). Mot. at 11. That fails. First, not all of Plaintiffs' claims invoke Rule 9(b). In addition to warranty-based claims,[3] many of the consumer protection claims are immune to

---

[2] Here, and throughout, internal citations and quotations are omitted, unless otherwise noted.

[3] *Mack v. LLR, Inc.*, No. EDCV 17-00853 JGB (DTBx), 2019 WL 1873294, at *5 (C.D. Cal. Feb. 6, 2019)(Rule 9(b) standard does not apply to implied warranty of merchantability claims); *Bush Truck Leasing, Inc. v. Cummins, Inc.*, No. 1:18-cv-871, 2021 2021 WL 9057624, at *6 (S.D. Ohio Apr. 13, 2021)("Because BTL's express warranty claim does not involve fraud, it does not undergo a Rule 9(b) analysis.").

Rule 9(b)[4] or have a scope beyond fraud —which allows Plaintiffs to pursue claims under the statute without invoking Rule 9(b).[5]

The Rule 8 standard is easily met here for the above-described claims. *Canfield v. FCA US LLC*, 2019 WL 133402, at *11, 15 (D. Del. Jan. 8, 2019) ("Plaintiffs have met pleading standards under Rule 8 by adequately pleading the alleged defect, [defendant's] knowledge of the alleged defect, and [defendant's] concealment of this information.").

For the claims subject to Rule 9(b), a relaxed pleading standard accommodates the difficulties with pleading *omissions* rather than *affirmative*

---

[4] Florida Deceptive and Unfair Trade Practices Act: *Powell v. Subaru of Am., Inc*., 502 F. Supp. 3d 856, 887 (D.N.J. 2020); Missouri Merchandise Practices Act: *Powell*, 502 F. Supp. 3d at 887, New York GBL §§ 349 & 350: *Amato v. Subaru of Am., Inc*., Civil Action No. 18-16118, 2019 WL 6607148, at *20 (D.N.J. Dec. 5, 2019); *Manchanda v. Navient Student Loans & Educ. Credit Mgmt. Corp*., No. 19cv5121, 2020 WL 5802238, at *5 (S.D.N.Y. Sep. 29, 2020), Ohio Consumer Sales Practices Act: *Ewalt v. GateHouse Media Ohio Holdings II, Inc*., No. 2:19-cv-4262, 2021 WL 825978, at *15 (S.D. Ohio Mar. 4, 2021), Oregon Unlawful Trade Practices Act: *McKie v. Sears Prot. Co.*, No. 10-1531-PK, 2011 WL 1587103, at *3 (D. Or. Apr. 26, 2011); *Silva v. Unique Bev. Co., LLC,* No. 3:17-cv-00391-HZ, 2017 WL 2642286, at *13 (D. Or. June 15, 2017), and Washington State Consumer Protection Act: *Kreidler v. Pixler*, No. C06-0697RSL, 2006 WL 3539005, at *11 (W.D. Wash. Dec. 7, 2006).
[5] Arkansas Deceptive Trade Practices Act: *In re Interior Molded Doors Antitrust Litig*., No. 3:18-cv-00718-JAG, 2019 WL 4478734, at *20 (E.D. Va. Sep. 18, 2019), California False Advertising Law: *Fraker v. Bayer Corp*., No. CV F 08 - 1564 AWI GSA, 2009 WL 5865687, at *9 (E.D. Cal. Oct. 2, 2009), Massachusetts Consumer Protection Act: *In re Interior Molded Doors Antitrust Litig.*, 2019 WL 4478734, at *20, and Michigan Consumer Protection Act: *Michels v. Monaco Coach Corp.,* 298 F. Supp. 2d 642, 651 (E.D. Mich. 2003).

5

statements; "[l]ike Sherlock Holmes' dog that did not bark in the night, an actionable omission obviously cannot be particularized as to the time, place and contents of the false representations or the identity of the person making the misrepresentation." *Cohan v. Pella Corp*., 2015 WL 6465369, at *3 (D.S.C. Oct. 26, 2015); *Kearney*, 2018 WL 4144683, at *10; *Singh v. Lenovo (United States) Inc*., 510 F. Supp. 3d 310, 326 (D. Md. 2021) (same). Notably, "[v]irtually every court has rejected [Defendant's authority] *Eisen* [*v. Porsche Cars N. Am., Inc*.]," including the California district court where it originated, which demands plaintiff's complaint construct an elaborate counterfactual in which defendant disclosed a defect. *See Banh v. Am. Honda Motor Co*., No. 2:19-cv-05984-RGK-AS, 2019 WL 8683361, at *7 (C.D. Cal. Dec. 17, 2019). Defendant's view "defies common sense." *Weske v. Samsung Elecs., Am., Inc*., 42 F. Supp. 3d 599, 612 (D.N.J. 2014). The Rule's purpose is simply "to place the defendants on notice of the precise misconduct with which they are charged, and to safeguard defendants against specious charges of immoral and fraudulent behavior." *Kearney v. BMW*, No. 17-13544 (WHW-CLW), 2018 WL 4144683, at *10 (D.N.J. Aug. 29, 2018). "[T]o satisfy Rule 9(b), a plaintiff must 'plead the who, what, when, where and how . . .'" *Id.*

Here, the "who" is HP. SAC ¶1. The "what" is its knowledge of the Hinge Defect. *See, e.g., Id.* at ¶¶ 4,32,100,107,121. The "when" is prior to or at the time

of the sale of the Class Laptops. *Id.* at ¶¶13,34-35. The "where" is the channels through which HP sold the Class Laptops. *See, e.g., Id.* at ¶¶132,337,407. The "how" is HP's refusal to disclose a defect of which it had exclusive knowledge, while also concealing it from purchasers. *See, e.g., Id.* at ¶¶13,17,18,31,32.

Precedent from within the Third Circuit contradicts *Eisen*, showing that Plaintiffs' omission allegations are sufficient. *See e.g.*, *Opheim v. Volkswagen Aktiengesellschaft*, No. 20-02483 (KM) (ESK), 2021 WL 2621689, at *14 (D.N.J. June 25, 2021) (plaintiffs can state a claim by alleging that the defendant did not reveal material information and defendant's omission led the plaintiff to purchase the product); *Weske*, 42 F. Supp. 3d at 612.[6]

To the extent that Rule 9(b) applies to any of Plaintiffs' claims, courts "are more willing to find that a complaint complies with Rule 9(b) where it asserts fraudulent omissions, rather than misrepresentation . . ." because plaintiffs in a fraud by omission suit will not be able to specify the time, place, and specific content of an omission as precisely as … in a false representation claim." *Defrank v. Samsung Elecs. Am., Inc*., No. 19-21401 (KM) (JBC), 2020 WL 6269277, at *6 (D.N.J. Oct. 26, 2020).

---

[6] Defendant's argument that it is immune from liability because some plaintiffs purchased from third party retailers, rather than HP, fails. The authority on which it relies is on appeal, *see Twardzik v. HP, Inc. et al.*, Case No. 22-2650 (3d Cir.), and contradicted by abundant authority, *see, e.g., Weske*, 42 F. Supp. 3d at 612.

B.  <u>Plaintiffs Successfully Allege a Common Material Defect, HP's</u>
<u>Exclusive Prior Knowledge of the Defect, and a Duty to Disclose</u>

HP contends that Plaintiffs "fail to identify a common defect so as to give

HP adequate notice of what, exactly, it must defend." Mot. at 12. Not so. Plaintiffs

all allege that their laptops contained the above-described Hinge Defect. *See, e.g.,*

SAC at ¶¶6;85-86;136;147;159;166;177;189;200;212;223;236;238-40;251;263;

275;287;297;308;319;330;341;353;365;376;388;399;411;422;435;447;458. There

is no requirement that Plaintiffs' alleged defect must cross some unspecified failure

rate. Nevertheless, arguments about failure rate or "how that rate compares to the

failure rate of a part that the law would deem 'defective'" are improper for a

motion to dismiss. *Roe v. Ford Motor Company,* No. 18-cv-12528-LJM-APP, 2019

WL 3564589, at *7 (E.D. Mich. Aug 6, 2019). The cases that *Roe* cites for a failure

rate or a timeframe for failure for an alleged defect were decided *at summary*

*judgment* after plaintiffs could gather and present evidence in the defendant's

exclusive possession. *See Id.*; *see also Apodaca v. Whirlpool Corp.,* No. 1300725,

2013 WL 6477821, at *8, 13 (C.D. Cal. Nov. 8, 2013) (omissions claims survived

based on allegations of "testing at the design state that would have revealed the

alleged defect and numerous consumer complaints of the defect."). At this stage,

Plaintiffs need only plead facts that establish their entitlement to relief. Plaintiffs

have more than satisfied that standard.

8

Next, in arguing that Plaintiffs "cannot establish HP's knowledge of the particular defect alleged...." Mot. at 13. HP ignores the breadth of Plaintiffs' allegations regarding HP's knowledge.

First, Plaintiffs provide exemplar consumer complaints (from thousands available) all related to the Hinge Defect. SAC ¶¶91-98;101-107. Many such complaints were posted on HP websites. SAC ¶¶91-97;100-106. Each complaint is dated, and the computer model is provided. *See Id; In re Rust-Oleum Restore Mktg., Sales Pracs. & Prod. Liab. Litig.,* 155 F. Supp. 3d 772, 816 (N.D. Ill. 2016) (finding online customer complaints provide "a temporal connection among the facts that supports the customer complaints as a basis for knowledge of [defendant's] alleged defects."). These are not "random anecdotal examples of disgruntled customers posting their views on websites," as HP asserts, but an extensive catalog of complaints by customers experiencing the same defect. Mot. at 13.

Second, Plaintiffs allege that HP serviced many of the defective notebooks and, in their own words, "harvest that information to help us understand how to test [the notebooks] better and what's driving reliability. SAC ¶107.

Third, Plaintiffs allege that HP engaged in *specifically* testing the reliability of the Class Laptops' hinges. SAC ¶¶116-23. After those fulsome allegations Plaintiffs reference HP's 2012 patent application. SAC ¶ 127. Taking these

9

allegations collectively, in the light most favorable to them, Plaintiffs have established HP knew of the Hinge Defect. *See In re Rust-Oleum,* 155 F. Supp. 3d at 816-17 ("Plaintiffs have not only alleged customer complaints, but have alleged them as a portion of the pool of knowledge in which Rust-Oleum allegedly swam.").

Finally, HP argues that absent a fiduciary relationship, they owed no duty to Plaintiffs to disclose any defect. Mot. at 14. This is incorrect for every state under whose laws Plaintiffs are suing. In those jurisdictions, a duty to disclose arises where (1) a defendant has superior knowledge of an alleged defect,[7] (2) the defendant makes a partial or incomplete disclosure about its product,[8] (3) the

---

[7] *Parsons & Whittemore Enters. Corp. v. Cello Energy, LLC,* 613 F. Supp. 2d 11271, 1288 (S.D. Ala. 2009); *In re MyFord Touch Consumer Litig.*, 46 F. Supp. 3d 936, 960 (N.D. Cal. 2014); *Hooper v. Barnett Bank of W. Fla.,* 474 So. 2d 1253, 1257 (Fla. Dist. Ct. App. 1985); *Harris v. Orange S.A.,* 636 F.App'x 476, 484 (11th Cir. 2015) (Georgia law); *In re Tiraco Marine Svcs., Inc.,* 374 B.R. 529, 537-38 (Bankr. S.D.N.Y. 2007) (New York law); *Short v. Hyundai Motor Co.*, 444 F. Supp. 3d 1267, 1280 (W.D. Wash. 2020).

[8] *Wochos v. Woolverton,* 378 S.W.3d 280, 288 (Ct. App. Ark. 2010); *Rivera v. Ford Motor Co.,* No. 16-CV-13786, 2017 WL 3485815, at *7 (E. D. Mich. Aug. 15, 2017); *Lightning Lube, Inc., v. Witco Corp.,* 4 F.3d 1153, 1185 (3d Cir.) (New Jersey law); *Oro BRC4 v. Silvertree Apartments*, No. 2:19-CV-04907, 2021 WL 184686, at *8 (S.D. Ohio Jan. 19, 2021); *Krause v. Eugene Dodge, Inc.,* 509 P. 2d 1199, 1208 (Or. 1973).

defendant actively conceals the defect,[9] or (4) a buyer would not be able to discover the defect despite exercising reasonable diligence.[10]

Plaintiffs established that HP had a duty to disclose. The SAC alleges that HP had superior knowledge of the Hinge Defect through its pre-sale testing, repairs, and the extensive complaints online. SAC ¶¶ 17-18, 20, 24; 91-99, 100-109, 127-28. HP also made partial or incomplete disclosures about the Class Laptops' functionality, performance, and lifespan. *See, e.g.,* SAC ¶¶111-121. HP actively concealed the Hinge Defect from Plaintiffs and the Class. SAC ¶¶13, 20, 31, 36, 110. Finally, the SAC alleges Plaintiffs and Class Members could not discover the defect despite reasonable diligence because, *inter alia,* the defective materials are enclosed within the Class Laptops and inaccessible to buyers prior to purchase. SAC ¶¶126;138;149;157;168;180;191;203;214;225;242;254;265;278;290;299;310; 321;332;344;356;367;379;390;402;416;426;438;449;460. On a motion to dismiss, those allegations are sufficient.

Finally, HP argues that under Alabama, California, Florida, Missouri, New Jersey, and Ohio law, there is no duty to disclose defects that manifest outside a

---

[9] *Rickman v. BMW*, No. 18-4363(KM) (JBC), 2020 WL 3468250, at *14 (D.N.J. June 25, 2020); *Counts v. Gen. Motors, LLC*, 237 F. Supp. 3d 572, 600 (E.D. Mich. 2017).

[10] *Carroll v. BMW of N. Am., LLC,* 553 F. Supp. 3d 588 at *614 (S.D. Ind. 2021); *Pollard v. Remington Arms Co., LLC,* No. 13-0086-CV-W-ODS, 2013 WL 3039797, at *5 (W.D. Mo. June 17, 2013).

product's warranty period. Mot. at 15. First, as alleged in the SAC and explained

*supra,* the warranty limitations on the Class Laptops are unconscionable and

unenforceable. *See, e.g.,* SAC ¶¶ 21-27. Second, HP grossly overstates the law and

none of HP's cases support such a sweeping proposition.[11] As stated above,

Plaintiffs adequately pled all the requisite elements, including duty to disclose.

### C. Plaintiffs' Statutory Omissions-Based Claims and Fraudulent Concealment Claims Are Otherwise Well-Pled

HP's arguments that the Alabama, California, Florida, and Michigan

Plaintiffs' fraudulent concealment claims are precluded by the economic loss

---

[11] In *Alabama Tchrs. Credit Union v. Design Build Concepts, Inc.*, 334 F. Supp. 3d 1171, 1192 (N.D. Ala. 2018), the court found that defendant did not have contractual or warranty obligations but acknowledged that a "fiduciary or *other type of relationship*" could create a duty to disclose (emphasis added). *Taleshpour v. Apple, Inc.,* 2022 WL 1577802 (9th Cir. 2022) held that "a manufacturer's duty to disclose is limited to its warranty obligations *unless the manufacturer makes an affirmative representation*. . .." as is pled in the SAC (emphasis added); *see, e.g.,* SAC ¶¶ 111-121. *Marlborough Holdings Grp. Ltd., v. Pliske Marine, Inc.,* 2011 WL 13322647 (S.D. Fla. Mar. 18, 2011) concerned damage, disclosed by the manufacturer to the retailer, to a yacht purchased by a second-hand purchaser, instead of a product defect. *Owen v. Gen. Motors Corp,* 533 F.3d 913, 920 (8th Cir. 2008) held that knowledge that a windshield motor guaranteed for three years might fail *due to fatigue* after the expiration of the warranty period is not "superior knowledge" that would give rise to a duty to disclose. The *Owen* Court made no finding about a product defect that was known to defendant during the warranty period. *Glass v. BMW of North America, LLC,* 2011 WL 6887721 (D. N.J. Dec. 29, 2011) is similarly inapposite. Additionally, neither *Owen* nor *Glass* considered the duty to disclose when the seller has made misrepresentations. Finally, the court in *Woods v. Caterpillar, Inc.,* 2005 WL 1926511, at *3, *5 (Ohio Ct. App. Aug. 12, 2005) dismissed plaintiffs' fraud claims because he did not demonstrate that any of defendant's claims were false. It is otherwise silent on the issue of duty to disclose.

doctrine are unavailing. *See In re Volkswagen Timing Chain Prod. Liab. Litig*., No. 16-cv-2765, 2017 WL 1902160, at \*18 (D.N.J. May 8, 2017) (recognizing exceptions to the economic loss doctrine under, *inter alia*, Florida and Michigan law; also stating, "Michigan['s]... economic loss doctrine does not bar fraud claims by consumers who are not in contractual privity with the defendant."); *BMTP, LLC v. RBH, Inc.*, No. 2:19-CV-00177-RDP, 2020 WL 6868840, at \*4, FN3 (N.D. Ala. Mar. 3, 2020) (holding that where plaintiff and defendant are not parties to contract, "Alabama's economic loss rule would not apply to bar their claims"); *Robinson Helicopter Co., Inc., v. Dana Corp.,* 102 P.3d 268, 276 (Cal. 2004) (finding an exception to the economic loss doctrine when an agreement is entered into due to deceit); *Anderson v. Apple Inc.,* 500 F. Supp. 3d 993, 1021 (N.D. Cal.) (extending *Robinson's* exception to fraudulent omission).

**Alabama.** Defendant's forfeiture argument is unavailing. *Boddison v. GM Ltd. Liab. Co.*, No. 8: 20-cv-2139-WFJ-AEP, 2021 WL 2685770, at \*3 (M.D. Fla. June 30, 2021) ("the better view, supports following the Rule theme of allowing alternative, even conflicting, claims to be pled at this stage.").

Encountering the defect does not automatically trigger the statute of limitations. *Jones v. Coty Inc.,* 362 F. Supp. 3d 1182, 1212-213 (S.D. Ala. 2018) (denying summary judgment when plaintiff learned about the "false and misleading nature of the labeling" a year after encountering the defective product).

When Plaintiff Carson discovered the fraud – as opposed to when she encountered the defect – is a fact question that should be resolved in Plaintiffs' favor on a motion to dismiss. *Robinson v. Gen. Motors LLC,* No. CV 20-663-RGA-SRF, 2021 WL 3036353, at *13 (D. Del. Jul. 19, 2021) (declining to dismiss Alabama DTPA claim on motion to dismiss based on statute of limitations).

**Arkansas.** HP claims that Plaintiffs fail to allege an "actual financial loss." Mot. at 35. However, the ADTPA defines "actual financial loss" as an "ascertainable amount of money that is equal to the difference between the amount paid by a person for goods or services and the actual market value of the goods or services provided to a person." Ark. Code Ann. 4-88-102(9). Plaintiff Meola alleged that her Class Laptop malfunctioned, the Hinge Defect manifested, and that she overpaid for her Class Laptop, not knowing about the Hinge Defect. Thus, she alleged far more than mere overpayment, but was left with less than she bargained for. *See Burns v. Toyota Motor Sales, U.S.A., Inc*., 2016 WL 128544, at * 9 (W.D. Ark. Jan. 12, 2016) (plaintiff adequately stated ADTPA claim when he alleged materials defect and manifestation).

**California.** The California Plaintiffs have alleged violations of Consumer Legal Remedies Act, the Song-Beverly Act, and California's False Advertising Law for the "unlawful" prong of the California's Unfair Competition Law. SAC ¶582. As

14

addressed *supra*, HP's arguments against these claims are unavailing. Plaintiffs' UCL claim should not be dismissed.

Moreover, equitable tolling applies to the California Plaintiffs' claims. The discovery rule postpones accrual of a cause of action until the plaintiff discovers, or has reason to discover, the cause of action and fraudulent concealment tolls the statute where a defendant caused a claim to grow stale. *Brown v. Madison Reed, Inc.,* No. 21-CV-01233-WHO, 2022 WL 3579883, at *7 (N.D. Cal. Aug. 19, 2022). Both doctrines require showing "(1) when the alleged discovery of the violation or fraud occurred, (2) the manner or circumstances of the discovery, and (3) reasonable diligence that the discovery could not be made earlier." *Johnson v. Glock, Inc.,* No. 20-CV-08807-WHO, 2021 WL 1966692, at *4 (N.D. Cal. May 17, 2021). The California Plaintiffs properly pled tolling because they only discovered the defect after their respective purchases. *See e.g.,* SAC ¶¶155, 159, 162, 166, 185, 189. Plaintiffs each allege their reasonable diligence and that the discovery could not be made earlier because they could not use or test their Class Laptops prior to purchase and the defective components are fully enclosed in the device. *See e.g.,* SAC ¶¶126;157;168;191. Further, "[t]he question of when a plaintiff actually discovered or reasonably should have discovered the facts for purposes of the delayed discovery rule is a question of fact unless the evidence can

support only one reasonable conclusion." *Rushing v. Williams-Sonoma, Inc.,* No. 16-CV-01421-WHO, 2022 WL 2833980, at *5 (N.D. Cal. July 20, 2022).

**Florida.** FDUTPA entitles a successful plaintiff to actual damages. *Thomas v. Generac Power Systems, Inc.,* No. 21-12997, 2022 WL 4091735, at *2-3 (11th Cir. Sept. 7, 2022) (applying Fla. Stat. § 501.211(2)). Actual damages are the "difference in the market value of the product in the condition in which it was delivered and its market value in the condition which it should have been delivered." *Fort Lauderdale Lincoln Mercury, Inc., v. Corgnati*, 715 So. 2d 311, 314 (Fla. 4th DCA 1998). Where products are worthless, the actual damages are the purchase prices. *Id.* The Florida Plaintiffs and Subclass seek to recover "actual, statutory, and all other damages to the extent permitted by law" which will be determined by a finder of fact. *See* SAC ¶523.

**Indiana.** An Indiana tort action "does not accrue for statute of limitations purposes until it has been discovered, which occurs when the plaintiff knew, or should have known through the exercise of due diligence, that an injury has been sustained as a result of the tortious act of another." *Elward v. Electrolux Home Prod, Inc.,* 264 F. Supp. 3d 877, 890 (N.D. Ill. 2017). Further, "ascertaining when a cause of action accrues is a factual inquiry that is generally suitable for resolution only at summary judgment or trial." *Horn v. A.O. Smith Corp.,* 50 F.3d 1365, 1370

(7th Cir. 1995). Thus, based on the date their Class Laptops malfunctioned, Plaintiffs Draper and Millers claims are timely. *See* SAC ¶263, 275.

**New Jersey.** Plaintiffs Dobkin and Kaplitt plead "ascertainable loss" under the New Jersey Consumer Fraud Act. First, Plaintiffs plead that HP's warranty on the Class Laptops is unconscionable and unenforceable. SAC ¶¶ 21-27. To the extent that HP provided an enforceable warranty, Plaintiffs plead that the warranty coverage of the Hinge Defect was ineffective and worthless. *See, e.g.*, SAC ¶¶ 20-27, 81, 92. Finally, HP fraudulently concealed the Hinge Defect so that it would not be discoverable while still under warranty. SAC ¶340, 334-45, 351-52, 353, 356.[12]

**New York.** Plaintiffs' claims survive under N.Y. Gen. Bus. Law §349. "Omissions, as well as acts, may form the basis of a deceptive practices claim . . . [f]urther, traditional showings of reliance and scienter are not required under GBL 349." *Pelman ex rel. Pelman v. McDonald's Corp.*, 396 F. Supp. 2d 439, 444 (S.D.N.Y. 2005), citing *Stutman v. Chem. Bank*, 731 N.E.2d 608 (N.Y. 2000). *Id*. Plaintiffs must prove injury to recover under § 349, though not necessarily pecuniary harm. *Stutman*, 95 N.Y.2d at 29. Plaintiffs alleged economic injury by purchasing defective laptops and thus their GBL §349 claims should survive. *See,*

---

[12] Despite HP's arguments to the contrary, Plaintiff Kaplitt does not bring claims for his 2012 laptop.

*e.g., Catalano v. BMW of N. Am., Ltd. Liab. Co.*, 167 F. Supp. 3d 540, 562
(S.D.N.Y. 2016).

Plaintiffs' N.Y. Gen. Bus. Law §350 claim survives because Plaintiffs
identify actionable representations they relied upon, including, *inter alia*, HP's
representations of the "superior abilities of the Class Laptops and durability of the
hinges while omitting material information concerning the Hinge Defect." SAC
¶¶494-97. HP's reliance on *Gale v. Int'l Bus. Machines Corp.,* 9 A.D. 446, 447
(N.Y. App. 2004) is misplaced. *Gale* found that plaintiff failed to plead causation
"with sufficient specificity" because he did not allege seeing defendant's
statements advertising reliability of the defective product. *Id.* Here, before
purchasing the Class Laptops, the New York Plaintiffs relied upon and "viewed
multiple advertisements from HP, touting HP laptops' reliability, durability, and
superiority over competitive offerings." *See, e.g.,* SAC ¶¶385,408. The New York
Plaintiffs also allege that they would not have purchased the Class Laptops had
they known of their falsity. SAC ¶¶391,417,427.

**Ohio.** Plaintiffs Washington's and Orenski's claims are timely because they
are tolled by the fraudulent concealment. Ohio recognizes that concealment of a
cause of action can toll the statute of limitations. *Thornton v. State Farm Mut. Ins.
Co.,* No. 1:06-CV-00018, 2006 WL 3359448, at *6 (N.D. Ohio Nov. 17, 2006).
The Ohio Plaintiffs allege that they could not have discovered the Hinge Defect

until shortly before this class action was commenced. SAC¶ 464. Furthermore,

Plaintiffs and Class members contacted HP and authorized retailers and were

repeatedly told that the Class Laptops were not defective and that normal use

caused the damage. SAC ¶465. Thus, the Ohio Plaintiffs established that an

affirmative act by the defendant designed to prevent discovery of the cause of

action. *Thornton,* 2006 WL 3359448, at *6.

**Oregon.** Plaintiff Householder's claims are timely. Private actions under the

Oregon Unfair Trade Practices Act "must be commenced within one year after the

discovery of the unlawful method, act, or practice." Or. Rev. Stat.§ 646.638(6).

The period begins when "the plaintiff knew or should have known of the alleged

misrepresentation." *Brooks v. BC Custom Construction, Inc.,* No. 3:18-CV-00717-

YY, 2019 WL 3763769, at *19 (D. Or. May 21, 2019). Plaintiff Householder was

not, and could not, have been aware of the Hinge Defect – and HP's

misrepresentation about the quality and durability of the Class Laptops – until the

Hinge Defect manifested in October 2020. SAC ¶¶304-13.

**Washington.**   HP complains that Plaintiff Drake does not identify relied-

upon statements under the Washington CPA. However, HP's reliance on *Minnick*

*v. Clearwire US, LLC,* is misplaced. 683 F. Supp. 2d 1179, 1188 (W.D. Wash.

2010). There, the court found that the complaint "does not allege that any named

Plaintiff actually visited the website." *Id.* Here, Plaintiff Drake alleges she

researched laptops and viewed multiple advertisements from HP "touting HP laptops' reliability, durability, and superiority over competitive offerings." SAC ¶396. Thus, these allegations suffice under the Washington CPA.

    D. <u>Plaintiffs' Unjust Enrichment Claims Are Well-Pled</u>

    First, as discussed *infra*, Plaintiffs' fraud claims need not satisfy Rule 9(b) particularity but only the "relaxed" requirements in fraudulent concealment cases where the concealment involves omissions of material fact." *See Kearney*, 2018 WL 4144683, at *10.

    Next, Plaintiffs allege the benefit conferred upon HP was unjust. Plaintiffs allege that (i) HP received a benefit (in the form of unlawfully inflated profits from sales of the defective products) (*see, e.g.,* SAC ¶¶747-48), (ii) at Plaintiffs' expense (by paying for the Class Laptops whose quality, durability, or longevity were not as represented) (SAC ¶¶750-52), and (iii) under circumstances that would make it unjust for Defendant to retain the benefit without paying for it (*i.e.*, it would be unjust for HP to retain the benefit acquired as a result of deception, misrepresentation, and fraud and at the expense of Plaintiffs.) SAC ¶¶749, 752-54. The SAC alleges HP's unjust and bad faith conduct, *see, e.g.,* SAC ¶¶ 4, 8, 10-13, 18-35, all of which are incorporated by reference into Plaintiffs' unjust enrichment claims. SAC ¶ 745.

Third, HP contends that Plaintiffs from various states cannot assert unjust enrichment because they are governed by an express contract and Plaintiffs have adequate legal remedies. HP is mistaken. Fed. R. Civ. P. 8(a)(3) and (d)(3), as well as the law of each of the states in which Plaintiffs bring unjust enrichment claims, permit pleading in the alternative, regardless of whether those alternative claims are mutually exclusive. *See, e.g., Puhalla v. Mercedes-Benz USA, LLC (In re Takata Airbag Prods. Liab. Litig.)*, 462 F. Supp. 3d 1304, 1326 (S.D. Fla. 2020) (finding, in MDL with various states' laws at issue, that unjust enrichment can be pled in the alternative). Plaintiffs are pleading unjust enrichment in the alternative. Those claims stand.

Fourth, HP claims that indirect purchasers cannot allege unjust enrichment. False. HP benefits from sales of HP products by other retailers. On a motion to dismiss, the question of whether Plaintiffs conferred a direct benefit upon HP is resolved in favor of Plaintiffs. *In re Cardizem CD Antitrust Litigation,* 105 F. Supp. 2d 618, 671 (E.D. Mich. 2000).[13] In other states indirect purchasers are

---

[13] *See In re ConAgra Peanut Butter Prod. Liab. Litig.,* No. 1:07MD1845-TWT, 2008 WIL 2132233, at *2-3 (N.D. Ga. May 21, 2008) ("it is clear that the [unjust enrichment] benefit is sufficiently direct in this case for the majority of jurisdictions" to defeat motion to dismiss).

explicitly permitted to allege unjust enrichment, [14] or it is an unsettled matter of law.[15] Plaintiffs' unjust enrichment claims should not be dismissed now.

Finally, the California Plaintiffs' unjust enrichment claims are tolled for the reasons explained *supra*. *See Norgart v. Upjohn Co.,* 981 P.2d 79, 83 (1999) (under California law, the discovery rule "postpones accrual of a cause of action until the plaintiff discovers, or has reason to discover the cause of action" which applies to causes of action predicated on fraud) (quoting Civ. Proc. Code. § 339(1)). This is true for Plaintiff Harman under Fla. Stat. § 95.031(2)(a) (the discovery rule provides that claims accrue when "the facts giving rise to the cause of action were discovered or should have been discovered with due diligence."). Indiana Plaintiffs too had their unjust enrichment claims tolled under the discovery rule and the concealing action exception. *Wehlig v. Citizens Nat'l Bank,* 586 N.E.

---

[14] *Roche Diagnostics Corp. v. Priority Healthcare Corp.,* 407 F. Supp. 3d 1216, 1251 (N.D. Ala. 2019); *See, e.g., Hays v. Adam,* 512 F. Supp. 2d. 1330, 1341 (N.D. Ga. 2007); *Roche Diagnostics Corp. v. Shaya*, 427 F. Supp. 3d 905, 926 (E.D. Mich. 2019) (direct or indirect nature of the benefit is simply a factor to consider in determining whether it would be unjust for the defendant to retain the benefit.) *DeFrank v. Samsung Elecs. Am., Inc.,* No. 19-CV-21401-KM-JBC, 2020 WL 6269277, at \*25 (D.N.J. Oct. 26, 2020); *Waldman v. New Chapter, Inc.,* 714 F. Supp. 2d 398, 404 (E.D.N.Y. 2010); *Miller v. WinCo Foods, LLC,* No. 3:19-CV-02094-AC, 2020 WL 6693149, at \*7 (D. Or. Sept. 3, 2020).
[15] *See, e.g., MacMorris v. Wyeth, Inc.,* 2005 WL 1528626, at \*4 (M.D. Fla. 2005) ("indirect purchasers have been allowed [in this state] to bring an unjust enrichment claim against a manufacturer."); *see also Carriuolo v. Gen. Motors LLC,* 72 F. Supp. 3d 1323, 1326 (S.D. Fla. 2014) (dismissal not proper if the manufacturer marketed its product directly to consumers but sold its product through an intermediary, i.e., a retail outfit).

2d 840, 843 (Ind. 1992) (under Indiana law, a cause of action starts accruing "when the plaintiff knew of or, in the exercise of ordinary diligence, could have discovered that an injury had been sustained as a result of the tortious act of another"); *Garneau v. Bush,* 838 N.E. 2d 1134, 1142 (Ind. Ct. App. 2005) (statute of limitations can be tolled when defendant prevented a plaintiff from discovering an otherwise valid claim by deception). These unjust enrichment claims are timely.

      E.  <u>Plaintiffs' Statutory Unfairness Claims are Well-Pled</u>

      Defendant blithely dismisses the validity of Plaintiffs' unfairness claims brought pursuant to certain states' UDAP statutes. A passing insult is not an argument, so Defendant can be considered to have conceded the pleading with respect to these claims. *See Doeblers' Pa. Hybrids, Inc. v. Doebler*, 442 F.3d 812, 820 n.8 (3d Cir. 2006) ("Judges are not like pigs, hunting for truffles …."). The unfairness claims are, in fact, well-pled.[16] Under the "*Sperry*" test for unfairness, which most states apply, an act is unfair if it (1) offends public policy; (2) is immoral, unethical, oppressive, or unscrupulous; or (3) causes substantial injury to consumers. *Colgate v. Juul Labs, Inc*., 402 F. Supp. 3d 728, 758 (N.D. Cal. 2019) (finding unfairness claim stated under various state laws and noting the ubiquity of the *Sperry* unfairness test).

---

[16] Notably, Rule 9(b) does not apply to unfairness claims. *See Powell v. Subaru of Am., Inc*., 502 F. Supp. 3d 856, 887 (D.N.J. 2020).

Here, Defendant's conduct: (1) offends public policy because the unfairness prongs are part of states' "little FTC" Acts, which were deliberately intended to empower consumers against "protracted reckless conduct, aggravated by failure to give prompt notice when lapses were discovered internally, and causing very widespread and serious harm … to innumerable consumers" of the kind alleged here, *Amerifirst Bank v. TJX Cos.*, 564 F.3d. 489, 496 (1st Cir. 2009) (SAC ¶¶ 935-945); (2) is immoral, unethical, oppressive, and unscrupulous in that Defendant had prior knowledge of the debilitating defect, yet failed to disclose to consumers; and (3) caused substantial injury to consumers since the omission was material and, therefore, Plaintiffs would have paid less or chosen a different product had they known the truth at the time of sale. These allegations state an unfairness claim. *See, e.g., Powell v. Subaru of Am., Inc.*, 502 F. Supp. 3d at 887 (unfairness claims stated under three states' laws in suit alleging omission of a material defect).

F.  Plaintiffs' Breach of Express Warranty Claims Are Well-Pled

It matters not that the Hinge Defect manifested after HP's one-year warranty period expired, *Rosal v. First Fed. Bank of California*, 671 F. Supp. 2d 1111, 1123 (N.D. Cal. 2009), because Plaintiffs adequately allege the durational limitations in HP's warranty are unconscionable and unenforceable. SAC ¶¶ 25-27.

24

The UCC allows courts to decline or alter enforcement of unconscionable contract clauses. *See*, *e.g*., 6 Del. C. § 2-302(1). Courts find agreements unconscionable when both substantive and procedural unconscionability are present. *See e.g.*, *Standard Gen. L.P. v. Charney*, No. 11287-CB, 2017 WL 6498063, *17 (Del. Ch. Dec. 19, 2017). Substantive unconscionability is evidenced by terms showing a gross imbalance that "shocks the conscience." *James v. Nat'l Fin., LLC*, 132 A.3d 799, 815 (Del. Del. Ch. 2016). Procedural unconscionability compares the parties' relative bargaining power and whether the weaker party had meaningful choice. *Id*.

The U.C.C. requires that, "[w]hen it is *claimed* or *appears* to the court that the contract or any clause thereof may be unconscionable the parties shall be afforded a reasonable opportunity to present evidence as to its commercial setting, purpose and effect to aid the court in making the determination." 6 Del. C. § 2-302(2) (emphasis added). HP's motion lacks any discussion concerning the U.C.C. section authorizing the Court to allow discovery on the unconscionability issue. *See Payne v. Fujifilm U.S.A., Inc*., 2007 WL 4591281 at *4 (D.N.J. Dec. 28, 2007) (unconscionability properly pled as to the durational limits of Defendant's warranty in furtherance of U.C.C. §2-302). Even if the Court were to rule on the pleadings, Plaintiffs adequately allege HP's warranty is unconscionable.

As stated, Plaintiffs adequately allege HP's one-year warranty limitation is substantively and procedurally unconscionable. SAC ¶¶100-108. Plaintiffs allege HP possessed prior knowledge of the defect through, among other things, online customer complaints going as far back as 2014[17]; knew that the defect manifests, "both inside and outside of the warranty period."[18]; and nonetheless concealed the defect.[19]

Additionally, Plaintiffs allege the durational limits on the warranty are substantively unconscionable because HP knowingly failed to disclose the defect while misleading consumers regarding the performance of the Class Laptops. SAC ¶ 27.  Plaintiffs also allege procedural unconscionability because of the unequal bargaining power between Defendant and the customers. At the time of purchase, Plaintiffs and the other Class members lacked other options for negotiating the warranty terms. SAC ¶¶ 25-26.  Further, Defendant, knowing of the latent defect, manipulated the warranty so it often expired before the defect materialized and alerted the consumer. *Skeen v. BMW of N. Am., LLC*, 2014 WL 283628, at *12 (D.N.J. Jan. 24, 2014) (finding procedural and substantive unconscionability in a

---

[17] *Payne*, at *4-5 (finding Plaintiff specifically alleged Defendant knew of the alleged defect and failed to disclose it to Plaintiff and the Class).
[18] SAC ¶¶ 22, 99
[19] *In re Samsung DLP Television Class Action Litig.*, 07-CV-2141 (GEB), 2009 WL 3584352, at *5 (D.N.J. Oct. 27, 2009) ("Plaintiffs, by pleading that defendant knowingly sold a defective product without informing consumers about the defect, stated a claim that the express and implied warranties were unconscionable").

defective vehicle case and compiling cases); *Singh*, 510 F. Supp. 3d at 321-324 (finding sufficient allegations of procedural and substantive unconscionability in defective laptop hinge case).

HP cites cases where the plaintiff failed to allege or establish at summary judgment the necessary facts for an unconscionability claim. *Smith v. Ford Motor Co.*, 462 F. App'x 660, 664 (9th Cir. 2011) (noting on *summary judgment* that the plaintiff failed to provide sufficient regarding procedural unconscionability); *Popham v. Keystone RV Co.*, 2016 WL 4993393, at *7 (N.D. Ind. Sept. 19, 2016) (a *summary judgment* decision on unconscionability ); *Tabak v. Apple, Inc.*, 2020 WL 9066153, at *12 (N.D. Cal. Jan. 30, 2020) (plaintiff insufficiently alleged to raise the reasonable inference that a warranty was procedurally or substantively unconscionable."); *Brothers v. Hewlett-Packard Co.*, 2006 WL 3093685, at *8 (N.D. Cal. Oct. 31, 2006) (same).

The breach of express warranty claims should be sustained as adequately alleging unconscionability as to the durational limits of the warranty.

G. <u>Plaintiffs' Breach of Implied Warranty Claims Are Well-Pled</u>

HP argues that Plaintiffs' implied warranty claims fail. HP is wrong and its effort to disclaim or limit its implied warranty lacks merit.

Defendant's quotation of *Stearns v. Select Comfort Retail Corp.* selectively omits the immediately ensuing sentence: "this does not mean the alleged defect

must preclude any use of the product at all." No. 08-2746 JF, 2009 WL 1635931, at *8 (N.D. Cal. June 5, 2009). This omission is no accident. *Stearns* contradicts the more stringent requirement that HP espouses in its quotation of *Swearingen v. Amazon Pres. P'rs, Inc.*, No. 13-cv-04402-WHO, 2014 WL 3934000, at *1 (N.D. Cal. Aug. 11, 2014) (to be unmerchantable, the products must not possess "even the most basic degree of fitness for ordinary use").

A laptop that cannot be opened or moved fails either test. However, the more reasonable approach laid out in *Stearns* is echoed in other jurisdictions, including this one, and should be applied. *See e.g. Wesley v. Samsung Elecs. Am., Inc*., 2021 WL 5771738, at *7-8 (D.N.J. Dec. 3, 2021) (rejecting argument that because the plaintiff continued to use the oven, the ovens could not be unmerchantable); *Singh*, 510 F. Supp. 3d at 325-26 (denying motion to dismiss implied warranty claims).

Additionally, a latent defect need not immediately present itself for the product to be unmerchantable. *In re Volkswagen Timing Chain Prod. Liab. Litig.*, 2017 WL 1902160, at *14-16 (rejecting defendant's claim that the vehicles were merchantable where the latent defect manifested years after purchase).[20]

---

[20] Therefore, Defendant's citation to *Mooradian v. FCA US, LLC,* is also distinguishable because the defect there was repaired and the defect was an annoyance rather than a fundamental failure, is unavailing. No. 1:17-cv-1132, 2017 WL 4869060, at *7 (N.D. Ohio Oct. 27, 2017).

For Defendant's state-specific arguments,[21] HP incorrectly claims that Plaintiffs' implied warranty claims should be dismissed because the express warranty has limited the duration of the implied warranty. Such a determination is premature and counter to applicable caselaw because the limited durations are unconscionable and HP's effort to disclaim or limit its implied warranty fail. *Skeen,* 2014 WL 283628 at *12 (D.N.J. Jan. 24, 2014) (finding unconscionability based on defendant's prior knowledge of the defect and compiling cases); *Bossart v. GM LLC*, 2021 WL 5278191, at *6-7 (E.D. Mich. May 19, 2021) (premature to assess plaintiff's unconscionability argument because additional information needed as to defendant's pre-sale knowledge); *Singh*, 510 F. Supp. 3d at 326 (defendant's efforts to disclaim its implied warranty was "an affirmative defense and should seldom be resolved on a motion to dismiss"); *Duncan v. Nissan N. Am., Inc.*, 305 F. Supp. 3d 311, 320 (D. Mass. 2018) (plaintiffs properly pled unconscionability holding under Oregon law).

Because Plaintiffs alleged a: (1) lack of choice over the terms of the warranty, (2) disparity of bargaining power, (3) purposeful limitation of the warranty period to exclude the defect, and (4) defect known by the

---

[21] Since Defendant provides no state-specific dismissal argument for the Massachusetts implied warranty claim, and HP's general argument for dismissal is unavailing, the claim survives.

manufacturer at the time of sale but concealed from the buyer, dismissal is not warranted. *See, e.g.*, SAC ¶¶13,17,18,25,31,32,676,702,740.

Defendant also incorrectly claims that a lack of privity dooms Plaintiffs' Florida, Georgia, and Oregon implied warranty claims. Not so. *See In re Volkswagen*, 2017 WL 1902160, at 16 ("In Georgia, the vertical privity requirement is satisfied when the manufacturer provides an express warrant…"); *Wilson v. Volkswagen Grp. of Am., Inc.,* 2018 WL 9850223, at *3 (S.D. Fla. Nov. 30, 2018) ("privity, or an exception to the privity requirement for establishing a breach-of-implied-warranty claim, can be shown where a manufacturer provides a warranty to a buyer."); *In re Chevrolet Bolt EV Battery Litig.*, No. 2:20-CV-13256-TGB-CI, 2022 WL 4686974, at *37  (E.D. Mich. Sep. 30, 2022)("Oregon-law implied warranty claim need not be dismissed for lack of privity."). Because HP provided an express warranty to the Plaintiffs as the ultimate purchasers and users of the products, the privity exception applies.

Finally, the statutes of limitations Defendant invoked should be tolled by HP's deceptive conduct. *See* SAC ¶464; *Luna v. FCA US LLC*, No. 19-CV-08229-LHK, 2020 WL 3605554, at *5 (N.D. Cal. July 2, 2020) (fraudulent concealment tolling applies to Song-Beverly claims); *Bowes v. Paccar, Inc.*, No. C19-1794-

JCC,  2020 WL 3100828, at *4-5 (W.D. Wash. June 11, 2020)(declining to dismiss an Ohio breach of implied warranty claim on similar facts).[22]

H. <u>Striking Class Allegations is Premature and Contrary to Law</u>

HP argues that the class allegations should be stricken. Mot. at 28-32. HP is wrong. Motions to strike class allegations are disfavored in this District and premature. *See, e.g., Davis v. D.R. Horton, Inc.*, No. 19-1686-LPS-JLH, 2020 WL 6042091, at *2 (D. Del., Oct. 13, 2020) (agreeing with and adopting the Report and Recommendation of the Magistrate Judge that striking class allegations at the pleading stage is premature).

Defendant's state-law arguments regarding class action bars have been rejected. *Cohen v. Subaru of Am., Inc.*, No. 1:20-cv-08442-JHR-AMD, 2022 WL 721307, at *29 (D.N.J. Mar. 10, 2022) (permitting plaintiffs to bring consumer class claims under Alabama and Arkansas law); *Reynolds v. FCA US LLC*, 546 F. Supp. 3d 635, 657 (E.D. Mich. 2021) (same for Georgia law claim). The pleading deficiency alleged regarding the Ohio Consumer Sales Practices Act can be

---

[22] Moreover, the Song-Beverly limitations invoked by Defendant do not apply to latent defects like the Hinge Defect. *Daniel v. Ford Motor Co.*, 806 F.3d 1217, 1223 (9th Cir. 2015) (California courts have emphasized the policy that Song-Beverly Act should be construed consistently with the legislature's intent to expand consumer protection); *CF Gainesville Inv'r, LLC v. Astroenery Solar, Inc.*, No. 2:21-CV-02654-CAS (RAOx), 2022 WL 2818259, at *8 (C.D. Cal. July 18, 2022).

remedied with leave from the Court. *In re Volkswagen Timing Chain Prod. Liab. Litig.*, 2017 WL 1902160, at *22-23 (dismissing with leave to amend).

Next, Third Circuit precedent is that only in the rarest of cases, "where the complaint itself demonstrates that the requirements for maintaining a class action cannot be met," may a court strike class allegations absent the conducting of discovery in order to rigorously evaluate the requirements of Rule 23. *See Landsman & Funk PC v. Skinder-Strauss Assocs.,* 640 F.3d 72, 93 (3d Cir. 2011) (vacating dismissal where district court prematurely decided class certification issues on motion to dismiss prior to discovery or a motion for class certification).

When considering a motion to strike, courts find that "[i]t would be improper to allow Defendants to slip through the backdoor what is essentially an opposition to a motion for class certification before Plaintiffs have made such a motion and when discovery on the issue is still ongoing," or has yet to begin. *Durso v. Samsung Elecs. Am., Inc.*, No. 2:12-cv-5352, 2013 WL 5947005, at *3 (D.N.J. Nov. 6, 2013). Plaintiffs' allegations satisfy a *prima facie* showing that the elements of Rule 23 elements are met, and any deficiencies can be addressed through modifications to the class definition, as is frequently done, or the use of subclasses or even issue certification under Rule 23(c)(4). Indeed, HP cannot show that a class could *never* be certified in this action centering on defective products

32

of its manufacture. *See, e.g. In re Wal-Mart*, 505 F. Supp. 2d 609, 615-16 (N.D. Cal. 2007).

HP's contention that Plaintiffs' nationwide claims cannot be certified is also wrong. "[I]n a multistate class action, like this one, a particular state's law may be applied where it does not conflict with the law of the state where members of the class resided." *See In re Valsartan Losartan & Irbesartan Prods. Liab. Litig.*, No. 19-2875 (RBK/KW), 2021 U.S. Dist. LEXIS 256073, at *120-21 (D.N.J. Oct. 7, 2021) (citing *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 816, 105 S. Ct. 2965, 86 L. Ed. 2d 628 (1985)). Indeed, numerous courts in multi-state class actions have found that named plaintiffs can be suitable representatives of class members from different states. *See, e.g., In re Sony SXRD Rear Projection Television Class Action Litig*., No. 06 Civ. 5173, 2008 WL 1956267, at *13-14 (S.D.N.Y. 2008). And because Plaintiffs have pled that HP offers inadequate repairs, *e.g.* SAC ¶¶24,129, their claims for injunctive relief remain viable. *In re Chevrolet Bolt EV Battery Litig.,* 2022 WL 4686974, at *31-31. HP's motion to strike must therefore be denied.

## V.    LEAVE TO AMEND

When granting dismissal, courts should freely grant leave to amend unless doing so would be futile or cause undue prejudice. *Toll Bros., Inc. v. Twp. of Readington*, 555 F.3d 131, 144 n. 10 (3d Cir. 2009). Neither applies here because

this action is in its nascent stages. Accordingly, Plaintiffs respectfully request leave to amend perceived factual deficiencies—if any—that the Court identifies.

## VI.   CONCLUSION

Plaintiffs respectfully requests that the Court deny Defendant's motion.

Dated: October 6, 2022

*/s/ P. Bradford deLeeuw*
P. Bradford deLeeuw (#3569)
**DELEEUW LAW LLC**
1301 Walnut Green Road
Wilmington, DE 19807
 (302) 274-2180
(302) 351-6905 (fax)
brad@deleeuwlaw.com

OF COUNSEL:

Scott David Hirsch (*pro hac vice*)
**SCOTT HIRSCH LAW GROUP PLLC**
Fla. Bar No. 50833
6810 N. State Road 7
Coconut Creek, FL 33073
Tel: (561) 569-7062
scott@scotthirschlawgroup.com

Nicholas A. Migliaccio (*pro hac vice*)
Jason S. Rathod (*pro hac vice*)
Mark D. Patronella (*pro hac vice*)
**MIGLIACCIO & RATHOD LLP**
412 H Street NE
Washington, DC 20002
Tel: (202) 470-3520
nmigliaccio@classlawdc.com
jrathod@classlawdc.com
mpatronella@classlawdc.com

34

Dan E. Gustafson (*pro hac vice* forthcoming)
David A. Goodwin (*pro hac vice* forthcoming)
Anthony J. Stauber (*pro hac vice* forthcoming)
**GUSTAFSON GLUEK PLLC**
Canadian Pacific Plaza
120 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Telephone: (612) 333-8844
dgustafson@gustafsongluek.com
dgoodwin@gustafsongluek.com
tstauber@gustafsongluek.com

Howard T. Longman (*pro hac vice* forthcoming)
**LONGMAN LAW, P.C.**
354 Eisenhower Parkway, Suite 1800
Livingston, N.J. 07039
Telephone: (973) 994-2315
Hlongman@longman.law

***Attorneys for Plaintiffs***

## WORD COUNT CERTIFICATION

The undersigned hereby certifies that Plaintiffs' Answering Brief in Opposition to Defendant's Motion to Dismiss and Strike contains 7,985 words (exclusive of the cover page, table of contents, table of authorities, and signature blocks) in Times New Roman 14–point font, counted using Microsoft Word's word count feature.

Dated: October 6, 2022

/s/ P. Bradford deLeeuw_____
P. Bradford deLeeuw (#3569)
**DELEEUW LAW LLC**
1301 Walnut Green Road
Wilmington, DE 19807
 (302) 274-2180
(302) 351-6905 (fax)
brad@deleeuwlaw.com