

Kelly E. Farnan
(302) 651-7705
farnan@rlf.com

October 25, 2024

**BY CM/ECF & HAND DELIVERY**
The Honorable Christopher J. Burke
United States District Court
 for the District of Delaware
844 N. King Street
Wilmington, DE 19801

      RE:    *Thelen, et al. v. HP Inc.*,
                  C.A. No. 22-208-CJB

Dear Judge Burke:

      Pursuant to the Court's September 26, 2024 Order [D.I. 41], and after conferring, the parties submit the following status report regarding their respective views on potential next steps to move the case forward in light of the Court's opinion on Defendant's Motion to Dismiss Plaintiffs' Second Amended Complaint [D.I. 39].

*Plaintiffs' Position*

      In light of the Court's well-reasoned opinion on the Motion to Dismiss [D.I. 22] (the "Opinion"), Plaintiffs are confident, using the Court's guidance set forth in the opinion, they can replead the claims the Court dismissed without prejudice. Accordingly, Plaintiffs propose to file a third amended complaint on or before December 18, 2024. The Court dismissed Plaintiffs' statutory consumer protection, common law fraud and unjust enrichment claims (and certain Plaintiffs' implied warranty claims) without prejudice. *See* Opinion. at 28, 30 n. 24, 32, 52. With respect to Plaintiffs' consumer protection and common law fraud claims, the Court stated:

> With that said, it seems possible that as to the statutory consumer protection claims and common law fraud claims, at least some number of Plaintiffs could address the Court's concerns here in a renewed pleading. For that reason, ***because Plaintiffs have sought leave to amend if their allegations were deemed deficient***, (D.I. 25 at 33-34), and because Federal Rule of Civil Procedure 15(a)(2) states that a court should "freely give leave [to amend the pleadings] when justice so requires[,]" Fed. R. Civ. P. 15(a)(2), the court will dismiss these claims without prejudice.

*Id*. at 28 (emphasis added). Notwithstanding this language, Defendants take the position that Plaintiff must again seek leave to amend their complaint and seek to brief such a motion, rather

The Honorable Christopher J. Burke
Page 2

than simply moving to dismiss claims Plaintiffs assert in their amended pleading. Plaintiffs respectfully submit this would be inefficient and request that the Court clarify that Plaintiffs may file their amended pleading on or before December 18, 2024.

As the Court is aware, this case has been pending since February 16, 2022. Plaintiffs respectfully submit that since the Court has already ruled that Plaintiffs' Express Warranty claims survive the motion to dismiss, the Parties should not delay in conducting a Rule 26(f) conference and a Rule 16 scheduling conference. To the extent Defendant moves to dismiss Plaintiffs' anticipated third amended complaint, the parties can appropriately focus their initial discovery efforts on the surviving claims. Plaintiffs' goal is merely, as it appears the Court desires, to move the cases forward.

*Defendant's Position*

The Court previously ordered, after dismissing nearly the entirety of Plaintiff's "massive" 255-page second amended complaint, that Plaintiffs must move for leave of Court if they wished to further amend. Opinion at 3, 28, 54; Minute Order (D.I. 41) (directing the parties to file a letter that "indicate[s] whether Plaintiffs intend to file a motion for leave to further amend the operative complaint"). The Court's orders thus align with the Federal Rules of Civil Procedure and should be the next step, particularly given the myriad issues that the Court has already addressed in its Opinion. This procedure would also allow the parties to meaningfully meet and confer and potentially narrow any issues with respect to the proposed amended pleading.

At this point, Defendant HP Inc. (HP) anticipates that it will oppose Plaintiffs' motion seeking leave to file their third amended complaint, or depending on the proposed amended pleading, allow the amendment and file a motion to dismiss the third amended complaint based on the Court's Opinion dismissing most of Plaintiffs' claims. However, given that HP has not yet seen Plaintiffs' proposed third amended complaint, HP cannot comment further on what steps should occur in this case beyond additional motions practice. Once Plaintiffs have provided a proposed amended pleading, the parties and the Court will be in a better position to assess whether, and when, discovery should commence.

While there is no basis to begin discovery now, HP further submits that discovery should not commence until after the Court resolves whether Plaintiffs' proposed third amended complaint can become the operative complaint. Plaintiffs are "not entitled to discovery" for claims for which they have "not cured the legal insufficiency[.]" *Brzozowski v. Pa. Turnpike Comm'n*, No. 19-3317, 2023 WL 3409060, at *3 n.3 (3d Cir. May 12, 2023), citing *Ashcroft v. Iqbal*, 556 U.S. 662, 686 (2009) ("Because respondent's complaint is deficient under Rule 8, he is not entitled to discovery."). At this stage, that includes the overwhelming majority of claims asserted in Plaintiffs' second amended complaint.

In addition, Plaintiffs' stated intention to file a third amended complaint means that no operative complaint effectively exists; as such, Plaintiffs should not be entitled to any discovery at this juncture. *See Pesa v. Scandinavian Airlines Sys.*, No. 19-cv-20415, 2021 WL 1660863, at *9 n.4 (D.N.J. Apr. 27, 2021) (holding that the plaintiff was not entitled to seek discovery because "there is no complaint pending for which to conduct such discovery"). Retired Judge Faith S.

Hochberg, acting as special discovery master, recently addressed the situation here where a group of plaintiffs stated their intent to file amended complaints after the District Court dismissed the complaints of a separate group of plaintiffs in the same case. *In re Revlimid & Thalomid Purchase Antitrust Litig.*, No. 19-cv-7532, 2024 WL 3387356, at *1 (D.N.J. July 3, 2024). As Judge Hochberg explained, "the remaining Plaintiffs . . . have all stated an intention to file Amended Complaints, leading to the reality that there are not any truly 'operative' complaints still pending" and therefore the plaintiffs were "not entitled to further discovery because they ha[d] no operative complaints." *Id.* at 3 (recommending a stay of discovery until the plaintiffs filed their operative complaints); *see also Melendez v. Harper*, No. 18-cv-674, 2019 WL 6910324, at *3 (D. Del. Dec. 19, 2019) (discovery deadlines extended until after defendant responded to plaintiff's second amended complaint). The same conclusion follows here: since Plaintiffs intend to file a third amended complaint, no operative complaint exists under which Plaintiffs can seek discovery.

In addition, it is not clear at this point whether the Court will grant plaintiffs leave to amend the Complaint. Although the Court's Memorandum Opinion (D.I. 39) provides that plaintiffs may move for leave to amend, it is not foreordained that the Court will grant such leave. *See, e.g., Krantz v. Prudential Invs.*, 305 F.3d 140, 144 (3d Cir. 2002) ("A District Court has discretion to deny a plaintiff leave to amend where the plaintiff was put on notice as to the deficiencies in his complaint, but chose not to resolve them."). The Court's Opinion carefully delineated many deficiencies in voluminous Plaintiffs' second amended complaint, including identifying at least three plaintiffs who appeared to have no basis to state any claim. See Opinion at 21 n.20. Plaintiffs have not yet identified whether these plaintiffs will be dismissed, and/or whether they will seek to add yet additional Plaintiffs to replace them. Until these issues are resolved, there is no complaint filed before the Court that is truly operative.

Moreover, as a practical matter, Plaintiffs' proposal to proceed with discovery on the limited claims that survived HP's earlier motion to dismiss would "create a discovery mess." *Ferguson v. USAA Gen. Indem. Co.*, 334 F.R.D. 407, 412 (M.D. Pa. 2019) (rejecting request to proceed with discovery on one claim and then follow with discovery on the second). Plaintiffs' proposal would "requir[e] truncated depositions, interrogatories, and requests for production, only to have them all re-started following the conclusion of the first leg." *Id.* Costly discovery disputes could also arise over each parties' view of the "scope" of responsive discovery for the limited claims not dismissed by the Court's recent ruling. HP recognizes that this case has been pending since 2022, but taking a relatively small amount of time to proceed in an orderly fashion with motions practice resolved before discovery begins will reduce costs, confusion, and the chance of further delays over discovery disputes.

In sum, whether and when discovery can begin is largely within Plaintiffs' control. If Plaintiffs intend to seek leave to file an amended complaint that does not take the same broad-brush approach the Court has already rejected, the parties may have an operative complaint on file before the Court sooner. If, on the other hand, Plaintiffs just seek to reassert some or all of claims and legal theories that the Court has already rejected, or to add new Plaintiffs whose claims are supported by sufficient and specific factual allegations, the parties and the Court will have much more to do before there is an operative complaint that would entitle Plaintiffs to proceed with discovery.

The Honorable Christopher J. Burke
Page 4

      HP therefore recommends that Plaintiffs seek leave to file their amended complaint on or before December 18, 2024.  If Plaintiffs decide to first present their proposed amended complaint on December 18, 2024, then in light of the holidays, HP proposes that it have thirty (30) days to review the proposed amended complaint, confer with Plaintiffs, and determine whether to oppose the amendment or stipulate to its filing.  Should HP oppose the proposed amendment, the parties can thereafter work out the remaining briefing deadlines. In the alternative, if the Court allows the pleading to be amended as of right, HP will confer with the Plaintiffs on an appropriate response deadline to avoid unduly burdening HP and its counsel over the holidays.

      Respectfully,

      */s/ Kelly E. Farnan*

      Kelly E. Farnan (#4395)

cc:    All Counsel of Record (By CM/ECF)