# DELEEUW LAW LLC

1301 Walnut Green Road
Wilmington, DE 19807
(302) 274-2180
(302) 351-6905 (fax)
brad@deleeuwlaw.com

November 20, 2024

The Honorable Christopher J. Burke
J. Caleb Boggs Federal Building
844 N. King Street
Unit 28
Room 2325
Wilmington, DE 19801-3555

    Re:    **Case No.: 1:22-cv-00208-CJB** *Thelen, et al. v. HP Inc.* **– Joint Letter on Proposed Scheduling Order**

Dear Judge Burke,

    On behalf of the parties, I respectfully submit the attached proposed Scheduling Order. Per the Court's Order of November 12, 1024 (D.I. 44), the parties conferred in good faith and were able to agree, for the most part, on an initial schedule, including tailored discovery on claims that survived the motion to dismiss in the Court's Memorandum Opinion (D.I. 39). The parties' respective positions regarding two areas where the parties disagree appear below.

*Plaintiffs' Position*

    The first issue the parties diverge is on whether or not there should be a stay of deposition discovery. The Plaintiffs are of the position that there should be no stay of deposition discovery. As detailed in the parties' joint letter to the Court (D.I. 43), Plaintiffs' intend to seek leave to file a Third Amended Complaint using the Court's guidance in the Memorandum Opinion, and believe many of the pleading deficiencies the Court found will be corrected. Furthermore, notwithstanding the anticipated filing of a Third Amended Complaint, and HP's likely legal challenge to it, Plaintiffs respectfully submit that the discovery as to the surviving claims substantially overlaps with claims Plaintiffs intend to seek leave to re-plead. Additionally, much of the discovery will go to the issue of class certification, which the parties have agreed to a schedule on. Based upon the agreed schedule, the parties can choose whom to depose. Should Defendants determine that 70 hours of total deposition time suggested by Plaintiffs is not sufficient, they may ask the Court to expand that limit. Plaintiffs also agree that as to witnesses being deposed, the parties will only do so once. There simply is no compelling reason why deposition discovery should be stayed.

    As to the second issue, Defendant's position that a motion to strike the class allegations in an anticipated Third Amended Complaint be excluded from the Court's preference of it being in the form of a letter, and not to exceed three single pages, Plaintiffs feel that this procedure is adequate. Aside from the fact that Plaintiffs stand on their argument that any motion to strike the class allegations is premature and better served on a motion for class certification, Plaintiffs do not

see why any challenge to the class allegations, appropriate or not, cannot be addressed in the manner preferred by the Court in the Scheduling Order.

*Defendant's Position*

From discussions to date, it appears that Plaintiffs do not intend to limit their Third Amended Complaint to the surviving claim specified in the Court's recent Memorandum Opinion (D.I. 39). Accordingly, if the Court grants leave, HP anticipates that it will move to dismiss Plaintiffs' Third Amended Complaint (3AC).

Notwithstanding the lack of an operative complaint, the parties have worked cooperatively on a plan for further proceedings over the coming months. Specifically, the parties have reached agreement that until the Court rules on HP's anticipated further motion to dismiss, discovery should be limited to discovery on the subset of Plaintiffs' claims, as set forth in their Second Amended Complaint, that survived the Court's rulings on HP's previous motion to dismiss. *See* Order (D.I. 44) (suggesting that the Court will "enter a schedule that permits at least some discovery (i.e., on the surviving claims) to move forward"). In addition, the parties have reached agreement that discovery at this point should be limited to class certification issues.

Based on their agreement as to the scope of discovery, the parties have developed and reached further agreement on a schedule for further proceedings, as set forth in the accompanying proposed Scheduling Order. However, there are two points on which the parties disagree: (1) whether to defer deposition discovery until after the Court rules on HP's motion to dismiss; and (2) whether HP may file, along with its motion to dismiss, a motion to strike the putative class allegations from the 3AC.

As for the first issue, HP believes that conducting deposition discovery *before* the Court has ruled as whether and to what extent Plaintiffs may proceed on the claims in the 3AC would be problematic, for several reasons. At present, the number of remaining Plaintiffs and the viability of their remaining claims under Rules 8 and 9(b) is unknown. *Brzozowski v. Pa. Turnpike Comm'n*, No. 19-3317, 2023 WL 3409060, at *3 n.3 (3d Cir. May 12, 2023) (explaining that plaintiffs are "not entitled to discovery" for claims for which they have "not cured the legal insufficiency[.]"). Depositions conducted before the Court's ruling would necessarily be incomplete, since the specific claims that might proceed, the specific Plaintiffs allowed to assert such claims, and substantive law applicable to those claims, would not be known. While depositions could theoretically be commenced before the Court's ruling, they would necessarily be held open until after the Court's ruling. This would necessitate two trips to the deponent's location, compounding the travel and other logistical burdens inherent in a case with over twenty Plaintiffs located across the United States. In addition, given HP's right to depose all Plaintiffs for a presumptive 7-hour period (Fed. R. Civ. P. 30(d)), or 210 hours for the current 30 named Plaintiffs, the Court will be better positioned after ruling to address Plaintiffs' proposal of 70 hours of total deposition time (which would amount 2 hours and 20 minutes averaged over 30 Plaintiffs). Similar problems would arise as to the deposition of HP or any third party witnesses, during the period in which the viability of Plaintiffs' 3AC remains to be determined.

The Honorable Christopher J. Burke
November 20, 2024
Page 3

To address this issue, HP proposes that deposition discovery be stayed pending the Court's ruling on HP's further motion to dismiss, with the parties to submit a proposed deposition discovery plan as part of the Interim Status Report due no later than June 20, 2025 under the proposed Scheduling Order. With the benefit of the Court's ruling and the parties' input, the Court can best address the total number of hours of deposition time and other key parameters before allowing deposition discovery to proceed.

As for the second issue in dispute, HP seeks a full opportunity to file a motion to strike putative class allegations in Plaintiffs' 3AC. While HP has not yet reviewed Plaintiffs' 3AC, its predecessor included an overbroad class definition of "all purchasers" of various notebook models. (D.I. 19 at ¶ 467). As the Court previously recognized, "certain issues raised" by HP regarding the proposed class defintion "appear to have merit," including that the "class allegations are overbroad." (D.I. 39 at 54). If Plaintiffs continues to allege such an overly broad class definition, they will now confront the Third Circuit's intervening decision in *Huber v. Simon's Agency, Inc.*, 84 F.4th 132, 156 (3d Cir. 2023) (recognizing that "unnamed class members must submit individualized evidence to satisfy standing and recover damages").

While Plaintiffs' decision as to narrowing their proposed class definition remains to be seen, HP seeks to preserve its right to challenge the putative allegations of their 3AC via a further motion to strike, with that motion to be filed contemporaneously with HP's further motion to dismiss. HP proposes an appropriate "carve-out" in the portion of the proposed Scheduling Order (Section 8) that addresses motions to strike generally.

Respectfully submitted,

/s/ P. Bradford deLeeuw

P. Bradford deLeeuw
(Del. Bar No. 3569)

Cc:     Kelly E. Farnan (via E-Filing)