# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PHYLLIS CARSON; LORNE COSMAN; WILLIAM DRAPER; PHILLIP ERICKSON; TERENCE GRANER; DONALD HARMAN; SARAH HOUSEHOLDER; TRUDY LETSON; SABINE MILLER; DIANA HOBERT-POWELL; JANET PURVIS; PATRICIA ROBERTS; CAROLE SCHAUER; CARA WASHINGTON; STEPHEN KAPLITT; MICHAEL DOBKIN; CHERYL MEOLA; DIANE DRAKE; CHRISTOPHER NIND; ROSE CARINA; BRUCE WILLIAMS; ANTHONY HARRIS; TIMUR SAKHARUK; ROBERT DIMARTINO;  IAN PERRY; STEPHE LUTHER; GREGORY ORENSKI; RODNEY NASH;  and DEBORAH THELEN individually an on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> HP INC., <br><br> Defendant. __ | Civil Action No. 22-208-CJB |

## **SCHEDULING ORDER**

This <u>9th</u> day of December, 2024, the Court having conducted an initial Rule 16 scheduling and planning conference pursuant to Federal Rule of Civil Procedure 16(b) and Local Rule 16.1 on December 2, 2024, and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS ORDERED that:

1. **Rule 26(a)(1) Initial Disclosures and E-Discovery Default Standard**. Unless otherwise agreed to by the parties, the parties shall make their initial disclosures, limited to Plaintiffs' claims as alleged in Plaintiffs' Second Amended Complaint, to the extent such claims were not dismissed by the Court's Order dated September 26, 2024, pursuant to Federal Rule of

Civil Procedure 26(a)(1) within five (5) days of the date of this Order. If they have not already done so, the parties are to review the Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI"), which is posted on Magistrate Judge Burke's section of the Court's website (http://www.ded.uscourts.gov) under the "Guidelines" tab, and is incorporated herein by reference.

2. **<u>Joinder of Other Parties and Amendment of Pleadings.</u>** All motions to join other parties, and to amend or supplement the pleadings shall be filed on or before **January 9, 2026**.

3. **<u>Application to Court for Protective Order.</u>** Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and file it with the Court within ten (10) days from the date of this Order. Should counsel be unable to reach an agreement on a proposed form of order, counsel must follow the provisions of Paragraph 6(g) below.

Any proposed protective order must include the following paragraph:

> <u>Other Proceedings</u>. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" [the parties should list any other level of designation, such as "highly confidential," which may be provided for in the protective order] pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

4. **<u>Papers Filed Under Seal</u>**. When filing papers under seal, counsel shall follow the District Court's policy on Filing Sealed Civil Documents in CM/ECF and section G of the

Administrative Procedures Governing Filing and Service by Electronic Means. A redacted version of any sealed document shall be filed electronically within seven (7) days of the filing of the sealed document.

Should any party intend to request to seal or redact all or any portion of a transcript of a court proceeding (including a teleconference), such party should expressly note that intent at the start of the court proceeding. Should the party subsequently choose to make a request for sealing or redaction, it must, promptly after the completion of the transcript, file with the Court a motion for sealing/redaction, and include as attachments: (1) a copy of the complete transcript highlighted so the Court can easily identify and read the text proposed to be sealed/redacted; and (2) a copy of the proposed redacted/sealed transcript. With its request, the party seeking redactions must demonstrate why there is good cause for the redactions and why disclosure of the redacted material would work a clearly defined and serious injury to the party seeking redaction.

5. **Courtesy Copies**. The parties shall provide to the Court two (2) courtesy copies of all briefs and any other document filed in support of any briefs (i.e., appendices, exhibits, declarations, affidavits, etc.). This provision also applies to papers filed under seal. Unless ordered differently by the Court, such copies must be provided to the Court by no later than noon the business day after the filing is made electronically.

6. **Discovery**. Unless otherwise ordered by the Court, the limitations on discovery set forth in Local Rule 26.1 shall be strictly observed. In addition, until the Court rules on Defendant's motion to dismiss Plaintiffs' Third Amended Complaint, discovery shall be limited to Plaintiffs' claims as alleged in Plaintiffs' Second Amended Complaint, to the extent such claims were not dismissed by the Court's Order dated September 26, 2024. Discovery will not be limited to written

3

discovery and will include all discovery as allowed by Federal Rules of Civil Procedure, Local Rules, and this Order.

    a.    <u>Discovery Cut Off</u>. All discovery in this case shall be initiated so that it will be completed on or before **November 21, 2025. The parties propose that this date be the cut off for discovery related to class certification issues. Following the decision on class certification, the parties request that the court hold a status conference to determine the balance of the schedule for any discovery that might remain and trial.**

    b.    <u>Document Production</u>. Document production **related to class certification** shall be substantially complete by **September 19, 2025**.

    c.    <u>Requests for Admission</u>. A maximum of **25** requests for admission are permitted for each side.

    d.    <u>Interrogatories</u>.

        i.    A maximum of **25** interrogatories, including contention interrogatories, are permitted for each side.

        ii.    The Court encourages the parties to serve and respond to contention interrogatories early in the case. In the absence of agreement among the parties, contention interrogatories, if served, shall first be addressed by thro arty with the burden of proof. The adequacy of all interrogatory answers shall, in part, be judged by the level of detail each party provides; i.e., the more detail a party provides, the more detail a party shall receive.

    e.    <u>Depositions</u>.

        i.    <u>Limitation on Hours for Deposition Discovery</u>. Each side is limited to a total of **70** hours of taking testimony by deposition upon oral examination.

          ii.      <u>Location of Depositions</u>. Any party or representative (officer, director, or managing agent) of a party filing a civil action in this Court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

      f.      <u>Disclosure of Expert Testimony</u>.

          i.      <u>Expert Reports</u>. For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before **November 3, 2025**. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before **December 5, 2025**. Reply expert reports from the party with the initial burden of proof are due on or before **January 9, 2026**. No other expert reports will be permitted without either the consent of all parties or leave of the Court. Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition. **The parties propose these dates as they relate to experts for class certification.**

          ii.      <u>Expert Report Supplementation</u>. The parties agree they will permit expert declarations to be filed in connection with motions briefing (including case-dispositive motions)

          iii.      <u>Objections to Expert Testimony</u>. To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by

motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court

      g.    <u>Discovery Matters and Disputes Relating to Protective Orders</u>.

          i.    Any discovery motion filed without first complying with the following procedures will be denied without prejudice to renew pursuant to these procedures.

          ii.    Should counsel find, after good faith efforts—including ***verbal*** communication among Delaware and Lead Counsel for all parties to the dispute—that they are unable to resolve a discovery matter or a dispute regarding a protective order (other than that involving the initial drafting of a protective order, which is discussed further below), the parties involved in the discovery matter or protective order dispute shall file a joint letter in substantially the following form:

> Dear Judge Burke:
>
> The parties in the above-referenced matter write to request the scheduling of a discovery teleconference.
>
> The following attorneys, including at least one Delaware Counsel and at least one Lead Counsel per party, participated in a verbal meet-and-confer (in person and/or by telephone) on the following date(s):
>
> Delaware Counsel: ___
>
> Lead Counsel: _____
>
> The disputes requiring judicial attention are listed below:
>
> [provide here a non-argumentative list of disputes requiring judicial attention]

iii. The moving party (i.e., the party seeking relief from the Court) should also file a "Motion For Teleconference To Resolve Discovery Dispute." The suggested text for this motion can be found in Judge Burke's section of the Court's website, in the "Forms" tab, under the heading "Discovery Matters - Motion to Resolve Discovery Dispute."

iv. The Court will thereafter set a discovery dispute telephone conference and a briefing schedule. The movant's opening letter brief shall include as attachments: (1) a proposed order, attached as an exhibit, setting out the nature of the relief requested of the Court; and (2) to the extent that the dispute relates to responses to certain discovery requests, an attached exhibit (or exhibits) containing the requests and the responses in dispute. To the extent that factual issues are disputed or are otherwise central to the Court's analysis, the parties shall attach as an exhibit (or exhibits) to their letter briefs sworn declarations or affidavits regarding those issues. The parties should also consult and follow Judge Burke's "Guidelines for Discovery Disputes," which is found in the "Guidelines" tab on Judge Burke's section of the District Court's website. The parties shall also comply with paragraph 5 regarding the submission of courtesy copies; if they fail to do so, the telephone conference may be cancelled.

v. Should the Court find further briefing necessary upon the conclusion of the telephone conference, the Court will order it. Alternatively, the Court may choose to resolve the dispute prior to the telephone conference and will, in that event, cancel the conference.

vi. Should counsel find, after good faith efforts—including **verbal** communication among Delaware and Lead Counsel for all parties to the dispute—that they are unable to resolve a dispute regarding the initial drafting of a protective order, the parties involved in the dispute shall file a joint letter in substantially the following form:

7

> Dear Judge Burke:
>
> The parties in the above-referenced matter write to request the scheduling of a teleconference to resolve a protective order dispute.
>
> The following attorneys, including at least one Delaware Counsel and at least one Lead Counsel per party, participated in a verbal meet-and-confer (in person and/or by telephone) on the following date(s):
>
> Delaware Counsel: __
>
> Lead Counsel: _____
>
> The disputes requiring judicial attention are listed below:
>
> [provide here a non-argumentative list of disputes requiring judicial attention]

      vii.    The parties shall also file a "Joint Motion For Teleconference To Resolve Protective Order Dispute." The suggested text for this motion can be found in Judge Burke's section of the Court's website, in the "Forms" tab, under the heading "Discovery Matters - Joint Motion to Resolve Protective Order Dispute."

      viii.    The Court will thereafter set a protective order dispute teleconference and a briefing schedule. Along with their respective letter briefs, each side should include as an attachment the side's proposal as to how the content of the disputed portion(s) of the protective order should read. The parties shall also comply with paragraph 5 regarding the submission of courtesy copies; if they fail to do so, the telephone conference may be cancelled.

      ix.    Should the Court find further briefing necessary upon the conclusion of the telephone conference, the Court will order it. Alternatively, the Court may

choose to resolve the dispute prior to the telephone conference and will, in that event, cancel the conference.

    7.    **Motions to Amend**.

        a.    Any motion to amend a pleading shall *NOT* be accompanied by an opening brief but shall, instead, be accompanied by a letter, not to exceed three (3) single-spaced pages, describing the basis for the requested relief, and shall attach the proposed amended pleading as well as a "blackline" comparison to the prior pleading.

        b.    Within seven (7) days after the filing of a motion in compliance with this Order, any party opposing such a motion shall file a responsive letter, not to exceed five (5) single-spaced pages.

        c.    Within three (3) days thereafter, the moving party may file a reply letter, not to exceed two (2) single-spaced pages, and, by this same date, the parties may file a letter requesting a teleconference to address the motion to amend.

    8.    **Motions to Strike**.

        a.    Any motion to strike any pleading or other document or testimony shall *NOT* be accompanied by an opening brief but shall, instead, be accompanied by a letter, not to exceed three (3) single-spaced pages, describing the basis for the requested relief, and shall attach the document to be stricken. Notwithstanding the forgoing procedure, a further motion by HP to strike the putative class allegations of Plaintiffs' Third Amended Complaint, if filed, shall be included in any motion to dismiss the Third Amended Complaint, and subject to the total page limitations of said motion to dismiss.

9. **Motions to Stay**.

a. Any motion to stay shall *NOT* be accompanied by an opening brief but shall, instead, be accompanied by a letter, not to exceed three (3) single-spaced pages, describing the basis for the requested relief.

b. Within seven (7) days after the filing of a motion in compliance with this Order, any party opposing such a motion shall file a responsive letter, not to exceed five (5) single-spaced pages.

c. Within three (3) days thereafter, the moving party may file a reply letter, not to exceed two (2) single-spaced pages, and, by this same date, the parties may file a letter requesting a teleconference to address the motion to stay.

10. **Class Certification Motion**. Any motion to certify a class shall be made by **February 13, 2026**. Any opposition shall be filed by **March 17, 2026**, and any reply in support of the motion shall be filed by **April 15, 2026.**

11. **Interim Status Report**. Within ten (10) days of the Court's ruling on Defendant's motion to dismiss Plaintiffs' Third Amended Complaint, and by no later than **June 20, 2025**, counsel shall file a joint letter with the Court with an interim report on the nature of the matters in issue and the progress of discovery to date. Thereafter, if the Court deems it necessary, it will schedule a status conference.

12. **Case Dispositive Motions**.

a. **Following the Court's decision on class certification, the parties request that the court hold a status conference to determine subsequent deadlines, including the deadline for case dispositive motions**. All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before a

date approximately four months prior to the pretrial conference. Briefing will be presented pursuant to the Court's Local Rules.

      b.     <u>No early motions without leave</u>. No case dispositive motion under Rule 56 may be filed more than ten (10) days before the above date without leave of the Court. A party seeking leave to file a case dispositive motion prior to ten (10) days before the deadline set forth above shall do so by filing a motion and an accompanying letter brief with the Court of no more than four (4) single-spaced pages, explaining the reasons why an earlier-filed motion should be permitted. If any party wishes to contest this request, it may do so by filing a responsive letter brief of no more than four (4) single-spaced pages, within seven (7) days from the date the requesting party filed its brief. No reply briefs shall be filed.

      c.     <u>Concise Statement of Facts Requirement</u>. Any motion for summary judgment shall be accompanied by a separate concise statement, not to exceed six pages, which details each material fact that the moving party contends is essential for the Court's resolution of the summary judgment motion (not the entire case) and as to which the moving party contends there is no genuine issue to be tried. Each fact shall be set forth in a separate numbered paragraph and shall be supported by specific citation(s) to the record.

Any party opposing the motion shall include with its opposing papers a response to the moving party's concise statement, not to exceed six pages, which admits or disputes the facts set forth in the moving party's concise statement on a paragraph-by-paragraph basis. To the extent a fact is disputed, the basis of the dispute shall be supported by specific citation(s) to the record. Failure to respond to a fact presented in the moving party's concise statement of facts shall indicate that fact is not in dispute for purposes of summary judgment. The party opposing the motion may also include with its opposing papers a separate concise statement, not to exceed four pages, which

sets forth material facts as to which the opposing party contends there is a genuine issue to be tried. Each fact asserted by the opposing party shall also be set forth in a separate numbered paragraph and shall be supported by specific citation(s) to the record.

        d.     The moving party shall include with its reply papers a response to the opposing party's concise statement of facts, not to exceed four pages, on a paragraph-by-paragraph basis.

13.     **Applications by Motion**. Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Court. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

14.     **Post Class Certification Status Conference.** **The parties propose that following a decision on class certification, the Court hold a status conference to address subsequent deadlines, including the scheduling of a pretrial conference.**

15.     **Motions *in Limine***. Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each ***SIDE*** shall be limited to three (3) *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three (3) single-spaced pages of argument and may be opposed by a maximum of three (3) single-spaced pages of argument, and the party making the *in limine* request may add a maximum of one (1) additional single-spaced page in reply in support of its request. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three (3)-page single-spaced submission (and, if the moving party, a single one (1)-page single-spaced reply), unless otherwise ordered by the Court. No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

16.     **Jury Instructions, Voir Dire, and Special Verdict Forms**. Where a case is to be tried to a jury, pursuant to Local Rules 47.1 and 51.1 the parties should file (i) proposed voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms three (3) full business days before the final pretrial conference. This submission shall be accompanied by a courtesy copy containing electronic files of these documents, in Word format, which may be submitted by e-mail to the trial judge's staff.

17.     **Trial**. This matter is scheduled for a **5-7** day **jury** trial beginning at 9:30 a.m. on **a date to be determined**, with the subsequent trial days beginning at 9:00 a.m. Until the case is submitted to the jury for deliberations, the jury will be excused each day at 4:30 p.m. The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

*Christopher J. Burke*
UNITED STATES MAGISTRATE JUDGE

[Counsel Shall Provide a Chart of All Relevant Deadlines]

| EVENT | DEADLINE |
|---|---|
| Joinder of Other Parties and Amendment of Pleadings | **January 9, 2026** |
| Substantial Completion of Class Certification Document Discovery | **September 19, 2025** |
| Fact Discovery Cut Off | **November 21, 2025** |
| Plaintiffs' Class Certification Expert Reports | **November 3, 2025** |
| Defendant's Class Certification Expert Rebuttal Reports | **December 5, 2025** |
| Plaintiffs' Class Certification Expert Rebuttal Reports | **January 9, 2026** |
| Motion for Class Certification | **February 13, 2026** |
| Opposition to Class Certification Motion | **March 17, 2026** |
| Replies in Support of Class Certification Motion | **April 15, 2026** |
| Interim Status Report | **Ten days after Court's decision on Defendant's anticipated motion to dismiss, and by no later than June 20, 2025** |
| Status Conference to Set Remaining Deadlines | **Two weeks after the Court's decision on Class Certification** |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |