IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DEBORAH THELEN, *et al.*, on behalf of themselves and all others similarly situated, )<br>)<br>)<br>*Plaintiffs*, )<br>)<br>v. )<br>)<br>HP, Inc., )<br>)<br>*Defendants* ) | C.A. No. 1:22-cv-00208-CJB |

**STIPULATED PROTECTIVE ORDER REGARDING DISCLOSURE OF
CONFIDENTIAL INFORMATION**

Pursuant to the agreement between Plaintiffs and HP, Inc. ("HP"), the Court hereby enters this Protective Order ("Order") regarding the confidentiality of documents and information ("materials") being sought through discovery in the above-captioned action (the "Action").

## DEFINITIONS

1.  The following definitions shall apply in this Order:

    1.1   Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

    1.2   The term "Confidential Material(s)" will mean and include information (regardless of how it is generated, stored or maintained) or tangible things that a producing party contends qualifies for protection under Fed. R. Civ. P. 26(c) or contends contains confidential or sensitive non-public information, including but not limited to, information that reveals trade secrets and/or research, technical, commercial, or

1

financial information; personnel or employment records; information that the disclosing party in good faith believes will, if disclosed, have the effect of causing harm to its business or the competitive position of that party or the personal privacy of an individual; and information that a party believes in good faith to be subject to federal, state, or foreign data protection laws. Confidential Materials include documents, portions of documents, answers to interrogatories, responses to requests for admissions, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, including data, summaries, and compilations derived therefrom that is deemed to be confidential information by any party to which it belongs.

   1.3 The term "Counsel" will mean attorneys of record and in-house attorneys in the action, as well as the attorneys, paralegals, and clerical and secretarial staff employed by and working for such attorneys.

   1.4 Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

   1.5 Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, answers to interrogatories, documents, responses to requests for admission, tangible things, and informal exchanges of information), that are produced or generated in disclosures or responses to discovery in this matter, whether formally or informally.

   1.6 Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an

expert witness or in good faith as a consultant or technical advisor in this action (as well as their employees and support staff).

   1.7 Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

   1.8 Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, jury research or trial preparation services, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

   1.9 Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

   1.10 Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

   2. <u>Scope</u>.  This Order shall govern the use, handling and disclosure of all documents, testimony or information produced or given in this Action that are designated to be subject to this Order.  The protections conferred by this Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by the parties or their Counsel that reveal Protected Material.  This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and time calculation.

   3. <u>Marking</u>.  Any documents, testimony or information submitted, either voluntarily or pursuant to any subsequent order, which is asserted in good faith by the producing party or by any other party to contain or constitute information protected by Federal

RLF1 32073970v.1

Rule of Civil Procedure 26(c) or other provision of law, or that otherwise contain Confidential Materials, shall be so designated in writing, or orally at a deposition, hearing or trial and shall be segregated from other information being submitted. Materials so designated shall be clearly marked on their face with the legend "CONFIDENTIAL" on each page or image as reasonably practicable. Documents produced on DVD, CD, on other media, or electronically, may be designated for production under this Order by similarly labelling the media or placing the electronic file in a folder labeled "CONFIDENTIAL." Any copies that are made of any documents marked "CONFIDENTIAL" shall also be so marked, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked.

4. <u>Depositions</u>. A designating party may designate those portions of the transcript CONFIDENTIAL, in accordance with paragraph 3 of this Order. The designating party shall designate such Confidential Materials either on the record or by serving upon all counsel of record via email a Notice setting forth the page, line numbers and designation. Within thirty days of receiving a deposition transcript, any party may designate all or any portion of it as "CONFIDENTIAL" by written notice served on the opposing party identifying the pages or lines that are to be afforded "CONFIDENTIAL" treatment or otherwise indicating the entirety of the transcript is to be afforded "CONFIDENTIAL" treatment. During the thirty-day period following receipt of the deposition transcript, it shall be treated as "CONFIDENTIAL," unless otherwise agreed to by the parties. Alternatively, a party may designate all or any part of a deposition as "Confidential" by stating on the record during the deposition that all or part of the deposition should be so treated. Any portions of a transcript designated as

CONFIDENTIAL shall thereafter be treated as confidential in accordance with this Order. The parties shall negotiate in good faith to alter the time frames set forth in this paragraph as necessary.

5.  Use. All Confidential Materials, and all information derived therefrom (including but not limited to all testimony, deposition or otherwise, that refers, reflects or otherwise discusses any such materials), shall not be used, directly or indirectly, by any person for any business, commercial or competitive purposes or for any purpose whatsoever other than solely for the preparation and trial of this action, as well as any appeals, in accordance with this Order. A person or entity receiving Confidential Materials must (i) maintain such information in confidence using the same degree of care it would use in safeguarding its own confidential or proprietary information, but in no event less than a reasonable degree of care, (ii) use such Confidential Materials only for the purposes described herein, and (iii) prevent the disclosure of such information to third parties in accordance with this Order. The Parties agree that Confidential Materials produced in discovery in this case shall not be used, or be required to be produced or admissible, in whole or in part, in any other legal or administrative proceedings

6.  Restrictions on Disclosure of Confidential Materials.

6.1  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party shall not disclose any Confidential Materials to any person or entity other than: (i) the parties and their Counsel; (ii) court reporters and their staff; (iii) mock jurors and Professional Vendors to whom disclosure is reasonably necessary for this litigation; (iv) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation; (v) witnesses who

are deposed in this action or who are called to testify as witnesses at any hearing or trial in this action; (vi) the author or recipient of a document containing the information or a custodian; (vii) the Court and its personnel, and members of any jury impaneled to hear this case; (viii) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions; and (ix) other persons only by written consent of the Producing Party or order of the Court, on such conditions as may be agreed or ordered.

   6.2 Confidential Materials shall not be disclosed to any person designated in paragraph 6.1(iii)-(v) and-(ix) unless he or she has executed a written, dated declaration in the form attached as Exhibit A, acknowledging that they have first read this Order, agreed to be bound by the terms thereof, agreed not to reveal such Confidential Materials to anyone, and agreed to utilize such Confidential Materials solely for the purposes of this litigation. All persons to whom Confidential Materials are disclosed shall not disclose same to any other person except as provided in this Order and are also enjoined from using same except in the preparation for and trial of this case between the named parties thereto. No person receiving or reviewing Confidential Materials shall disseminate or disclose them to any person other than those described above in paragraph 6.1 and for the purposes specified, and in no event shall such person make any other use of such CONFIDENTIAL Materials. Counsel shall maintain copies of the forms signed by persons acknowledging their obligations under this Order for a period of one year after the termination of the case.

   6.3 No person receiving or reviewing Confidential Materials shall disseminate or disclose them to any person other than those described above in

paragraphs 6.1 and 6.2. Nothing in this Order shall limit a party's right to use its own Protected Material as it deems appropriate.

7. <u>Challenging Confidentiality Designations</u>. In the event that any party disagrees with any designation made under this Order, that party may serve written notice on all parties specifying, by bates number, which documents are improperly designated and a statement providing the basis for the challenge. During the seven day period following service of such a notice, the parties shall confer in an effort to resolve the objections. In conferring, the Challenging Party shall explain the basis for its belief that the confidentiality designation was not proper and shall give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. If the dispute is not resolved, the parties will follow the procedures set forth in any applicable order entered by, or designated procedure of, the presiding judge at the time. In any event, the parties shall at least comply with D. Del. LR 7.1.1 ("Statement Required to be Filed with Nondispositive Motions). The specified documents shall continue to be treated as CONFIDENTIAL pending resolution of the dispute by the Court.

8. <u>Filing or Use of Protected Material</u>. A Receiving Party may not file in the public record any Protected Material. Any party seeking to file Protected Material with the Court shall file the Protected Material under seal in accordance with Local Rule 5.1.3 and the Court's CM/ECF Procedures.

9. <u>Final Disposition</u>. Within sixty (60) days after the final disposition of this case, each Receiving Party shall assemble and return all Protected Material to the Producing Party or destroy such material. As used in this section, "all Protected Material" includes all copies,

abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such documents prepared, but not filed with the Court, must not duplicate Confidential Material verbatim or have Confidential Material as an attachment. Any such archival copies that contain or constitute Protected Material remain subject to this Order. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

    10.    <u>Inadvertent Disclosure and Clawback; Non-Waiver</u>.

        10.1    To the extent not modified or otherwise addressed by this Order, privileged information produced in this matter will be handled in accordance with Fed. R. Civ. P. 26(b)(5) and Fed. R. Evid. 502(d). The provisions of this section constitute an order pursuant to Fed. R. Evid. 502(d) and (e). Nothing contained herein is intended

to or shall serve to limit a party's right to conduct a preproduction review of documents, ESI or information (including metadata) for responsiveness/relevance, privilege and/or other protection. While parties may redact certain information in accordance with the provisions of the ESI Protocol, a party's failure to do so shall not by itself waive such protection, and the party may clawback any such documents or information pursuant to Fed. R. Evid. 502(d).

  10.2 The inadvertent disclosure or production of any document or information subject to a claim of attorney-client privilege, work product protection, or any other ground on which the production of such information should be withheld, does not, standing alone, prejudice or otherwise constitute a waiver of, or estoppel as to, such claim of privilege, work product protection, or other ground for withholding production that the producing party would otherwise be entitled to.

  10.3 Within five (5) business days of the clawback, the Producing Party shall provide information to the Receiving Party regarding the asserted privilege(s) as would normally be contained in a privilege log.

  10.4 Due to the large volume of electronic and hard copy data in the possession, custody, or control of the parties and the concerns regarding attorney-client privilege, work-product protection, and other privileges and immunities under applicable law, this "clawback" provision is intended to expedite and facilitate the production and clawback of electronic and hard copy data, information and documents, and to protect against waiver of any such privileges and immunities upon disclosure of such privileged or protected materials and information (whether inadvertent or otherwise).

10.5    Nothing in this Order may be construed to require the production of any information that a party contends is protected from disclosure or production by the attorney-client privilege, the work product doctrine, and/or any other privilege or immunity.

11.    <u>Disputing Claims of Privilege or Immunity Over Produced Documents</u>.

11.1    If a Producing Party produces or discloses Discovery Material that it believes is subject to a claim of attorney client privilege, work product immunity, or other immunity under applicable law, the Producing Party must give written notice to the Receiving Party or Parties that the Discovery Material is subject to a claim of attorney-client privilege, work product immunity, or other privilege or immunity under applicable law and request that the document be returned to the Producing Party.  The Producing Party is not required to provide any explanation or evidence regarding the reasonableness of efforts taken to prevent such disclosure or production.

11.2    A Receiving Party must promptly alert the Producing Party if information that is produced, disclosed, or exhibited by a Producing Party appears, either on its face or in light of facts known to the Receiving Party, to be privileged or protected.

11.3    If the Receiving Party disclosed to others the privileged or protected information before being notified, it must take reasonable steps to retrieve and prevent all further use or distribution of such information.

11.4    Unless challenged, the Receiving Party or Parties must, to the extent technically feasible, return to the Producing Party (with the cost borne by the Producing Party) and/or destroy such Discovery Material and destroy any and all copies within

ten business days of the receipt of such a request. Any such Discovery Material that may exist on any computer or back-up media that cannot be reasonably deleted may be retained until such time as they are subject to routine deletion or destruction provided that no person attempts to access the contents of the information unless allowed under the terms of this Order. Return or destruction of the Discovery Material by the Receiving Party does not constitute an admission or concession, or permit any inference, that the returned Discovery Material is, in fact, properly subject to a claim of attorney client privilege, work product immunity, or other privilege or immunity under applicable law, nor does it foreclose any party from moving the court for an order that such Discovery Material has been improperly designated or should be produced for reasons other than waiver.

   11.5 If the Receiving Party challenges the designation of the Discovery Material as privileged or protected information, including challenge to any clawback by the Producing Party pursuant to Section 11, the Receiving Party must notify the Producing Party of its intent to challenge within seven business days of receipt of the written notification of produced Discovery Material per Section 11.1. However, to the extent that a Producing Party seeks to claw back more than 100 documents within a 7-day period, the Receiving Party shall be provided an additional seven business days, or additional time as the Parties agree, to review such documents and dispute the privilege claims asserted over them. The Receiving Party may retain and sequester the documents as contemplated by Fed. R. Civ. P. 26(b)(5)(B). The Receiving Party may submit the Discovery Material to the Court for in camera review as contemplated by Fed. R. Civ. P. 26(b)(5)(B). It may not use or disclose the privileged or protected

information, in any manner or for any other purpose, unless and until after the court has determined that the information is not privileged or protected. If the court determines the information is privileged or protected, the Receiving Party must destroy the Discovery Material and all copies within three business days.

11.6   Nothing herein prevents the Receiving Party from challenging the propriety of the claim of attorney-client privilege, work product immunity, or any other applicable privilege or immunity through the meet and confer process and, if necessary, by submitting a written challenge to the court.

12.    <u>No Waiver</u>.  An inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

13.    <u>Unauthorized Disclosure</u>.  If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the declaration attached hereto as Exhibit A.

14.    <u>Protected Material Subpoenaed or Ordered Produced in Other Litigation</u>.  If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that

party shall (a) promptly notify in writing the Designating Party, and include a copy of the subpoena or court order; and (b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order, and include a copy of this Order; and (c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected. If the Designating Party timely seeks a protective order, the party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

15.     Other Proceedings. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" [the parties should list any other level of designation, such as "highly confidential," which may be provided for in the protective order] pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

16.     Nothing in this Order shall be construed to prevent a party or a non-party from seeking such further provisions regarding confidentiality as may be appropriate.

RLF1 32073970v.1

17. Nothing in this Order shall be deemed a waiver by a party of any objections that might be raised as to the relevance or admissibility at trial of evidentiary materials.

18. Except as to documents filed with the Court, this Order shall remain binding after the final disposition of this case unless otherwise ordered by the Court, and the Court shall retain jurisdiction over all parties bound hereby for the purposes of enforcing this Order. Each individual signing the acknowledgement attached as Exhibit A agrees to be subject to the jurisdiction of this Court for purposes of this Order.

Respectfully submitted this 10th day of January 2025.

| /s/ P. Bradford deLeeuw | /s/ Kelly E. Farnan |
|---|---|
| P. Bradford deLeeuw (DE Bar #3569) | Kelly E. Farnan (#4395) |
| **DELEEUW LAW LLC** | **RICHARDS, LAYTON & FINGER, P.A.** |
| 1301 Walnut Green Road | One Rodney Square |
| Wilmington, DE 19807 | 920 N. King Street |
| (302) 274-2180 | Wilmington, DE 19801 |
| brad@deleeuwlaw.com | T: (302) 651-7700 |
|  | farnan@rlf.com |
| **SCOTT HIRSCH LAW GROUP PLLC** |  |
| Scott David Hirsch (*pro hac vice*) | **K&L GATES, LLP** |
| 6810 N. State Road 7 | Michael J. Stortz (*pro hac vice*) |
| Coconut Creek, FL 33073 | Nathan Townsend (*pro hac vice*) |
| Tel: (561) 569-6283 | K&L Gates Center |
| scott@scotthirschlawgroup.com | 210 Sixth Avenue |
|  | Pittsburgh, Pennsylvania 15222 |
| **MIGLIACCIO & RATHOD LLP** | Phone: 412.355.6368 |
| Nicholas A. Migliaccio (*pro hac vice*) | michael.stortz@klgates.com |
| Jason S. Rathod (*pro hac vice*) | Nathan.Townsend@klgates.com |
| Mark D. Patronella (*pro hac vice*) |  |
| 412 H. Street NE | *Attorneys for Defendant HP, Inc.* |
| Washington, DC 20002 |  |
| Tel: (202) 470-3520 |  |
| nmigliaccio@classlawdc.com |  |
| jrathod@classlawdc.com |  |
| mpatronella@classlawdc.com |  |

**GUSTAFSON GLUEK PLLC**
Daniel E. Gustafson (*pro hac vice* forthcoming)
David A. Goodwin (*pro hac vice*)
Mary M. Nikolai
Canadian Pacific Plaza
120 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Telephone: (612) 333-8844
dgustafson@gustafsongluek.com
dgoodwin@gustafsongluek.com
mnikolai@gustafsongluek.com

*Attorneys for Plaintiffs*

      IT IS SO ORDERED THIS <u> 13th </u> day of <u>   January   </u>, 2025.

                *Christopher J. Burke*
                The Honorable Christopher J. Burke
                United States Magistrate Judge

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DEBORAH THELEN, *et. al.*, on behalf of themselves and all other similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>HP, Inc.,<br><br>    Defendant. | C.A. No. 1:22-cv-00208-CFC<br><br>**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER REGARDING DISCLOSURE OF CONFIDENTIAL INFORMATION** |

I, _____, being duly sworn, state that:

1.   My address is _____.
2.   My present employer is _____ and the address of my present employment is _____. My present occupation or job description is _____.

3.   I have carefully read and understood the provisions of the Stipulated Protective Order Regarding Disclosure of Confidential Information in this case signed by the Court, and I will comply with all provisions of the Order.

4.   I will hold in confidence and not disclose to anyone not qualified under the Order any Confidential Material or any words, summaries, abstracts, or indices of Confidential Information disclosed to me. I will limit use of Confidential Material disclosed to me solely for purpose of this Action.

5.   No later than the final conclusion of the case, I will return all Confidential Material and summaries, abstracts, and indices thereof which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the party for whom I was employed or retained.

I declare under penalty of perjury that the foregoing is true and correct.

Dated:_____   Name:_____

RLF1 32073970v.1