**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| PHYLLIS CARSON; LORNE COSMAN; WILLIAM DRAPER; PHILLIP ERICKSON; TERENCE GRANER; DONALD HARMAN; SARAH HOUSEHOLDER; TRUDY LETSON; SABINE MILLER; DIANA HOBERT-POWELL; JANET PURVIS; PATRICIA ROBERTS; CAROI SCHAUER; CARA WASHINGTON; STEPHEN KAPLITT; MICHAEL DOBKIN; CHERYL MEOLA; DIANE DRAKE; CHRISTOPHER NIND; ROSE CARINA; BRUCE WILLIAMS; ANTHONY HARRIS; TIMUR SAKHARUK; ROBERT DIMARTINO; IAN PERRY; STEPHE LUTHER; GREGORY ORENSKI; RODNEY NASH; and DEBORAH THELEN, individually a on behalf of all others similarly situated,<br><br>                  Plaintiffs,<br><br>         v.<br><br>HP INC.,<br><br>                  Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) C.A. No. 22-208-CJB<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**OPENING BRIEF IN SUPPORT OF DEFENDANT'S MOTION**
**TO DISMISS PLAINTIFFS' THIRD AMENDED CLASS ACTION COMPLAINT**

*Of Counsel:*

Michael J. Stortz
K&L Gates LLP
4 Embarcadero Center, Suite 1200
San Francisco, CA 94111

Nathan Townsend
K&L Gates LLP
210 Sixth Avenue
Pittsburgh, PA 15222

Tre A. Holloway
K&L Gates LLP
1601 K Street
Washington, DC 20006

February 7, 2025

Kelly E. Farnan (#4395)
Richards, Layton & Finger, P.A.
One Rodney Square
20 N. King Street
Wilmington, DE 19801
(302) 651-7700
farnan@rlf.com

*Attorneys for Defendant HP Inc.*

# TABLE OF CONTENTS

I.    The Court should dismiss the breach of implied warranty claims with prejudice because the four remaining Plaintiffs did not add any allegations in support of their claims. ................................................................................................................... 1

II.   The Court should dismiss all of Plaintiffs' statutory consumer protection, common law fraud, and unjust enrichment claims with prejudice. ................................... 2

      A.   Plaintiffs continue to make a verbatim, boilerplate allegation regarding HP's alleged misrepresentation. ................................................................................ 2

      B.   None of the Plaintiffs ever saw any of HP's alleged misrepresentations, and these alleged misrepresentations are nonactionable puffery. ......................... 4

      C.   Plaintiff's allegations in support of a fraudulent omission theory are either unspecific or do not implicate HP. ................................................................ 5

           1.   Plaintiffs' allegations that they reviewed the laptop packaging and labeling and HP's website are unspecific, verbatim boilerplate that the Court previously found insufficient under Rule 9(b). ............................. 7

           2.   Plaintiffs' other allegations regarding speaking to or reviewing information from third parties cannot constitute instances of HP omitting information because HP was not the source of information. ........... 9

III.  The Court should dismiss the breach of express warranty claims for all Plaintiffs except Plaintiff Letson because they fall short of Rule 9(b)'s heightened pleading standard. ............................................................................................................. 10

IV.   Numerous Plaintiffs' claims are time-barred and should be dismissed with prejudice. ............................................................................................................. 13

      A.   Plaintiff Schauer's and Graner's California claims are time-barred. ....................... 13

      B.   Plaintiff Householder's Oregon claim (Count XII) is time-barred. ......................... 13

      C.   Plaintiff Washington's and Orenski's Ohio claims (Count VIII) are time-barred. ............................................................................................................ 14

      D.   Plaintiff Miller's, Carina's, and Draper's Indiana claims (Count III) are time-barred. ............................................................................................................ 14

      E.   Plaintiff Harman's Florida claim (Count IV) is time-barred. ................................. 15

      F.   Plaintiffs' tolling allegations are conclusory. .......................................................... 15

i

V.      The unjust enrichment claims (Count XXIX) for Plaintiffs in Alabama, Arkansas, California, Florida, Indiana, Massachusetts, Michigan, Missouri, New Jersey, New York, and Oregon fail because both sides agree in the existence of the Limited Warranty. ................................................................................................................ 15

VI.     The Court should dismiss Plaintiff Purvis's claim under the Missouri Merchandising Practices Act because Plaintiff Purvis received her laptop as a gift. ................................. 16

VII.    The Court should strike Plaintiffs' continued request for injunctive relief. ....................... 16

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Ahern v. Apple Inc.*,
   411 F. Supp. 3d 541 (N.D. Cal. 2019) ...................................................................................8

*Argabright v. Rheem Mfg. Co.*,
   201 F. Supp. 3d 578 (D.N.J. 2016) ..................................................................................7, 11

*Brazil v. Dole Packaged Foods, LLC*,
   660 F. App'x 531 (9th Cir. Sept. 30, 2016) ..........................................................................7

*Brothers v. Hewlett-Packard Co.*,
   No. C-06-02254 RMW, 2006 WL 3093685 (N.D. Cal. Oct. 31, 2006) ...............................12

*Davidson v. Apple, Inc.*,
   No. 16-cv-4942, 2017 WL 976048 (N.D. Cal. Mar. 14, 2017) ...........................................8, 9

*Delahunt v. Cytodyne Techs.*,
   241 F. Supp. 2d 827 (S.D. Ohio 2003) ..............................................................................14

*Eisen v. Porsche Cars N. Am., Inc.*,
   No. 11-cv-9405, 2012 WL 841019 (C.D. Cal. 2012) ............................................................8

*Elfaridi v. Mercedes-Benz USA, LLC*,
   No. 16-cv-1896, 2018 WL 4071155 (E.D. Mo. Aug. 27, 2018) ...........................................16

*Elias v. Hewlett-Packard Co.*,
   903 F. Supp. 2d 843 (N.D. Cal. 2012) ...............................................................................12

*Gutierrez v. Lynch*,
   826 F.2d 1534 (6th Cir.1987) ...........................................................................................11

*Harris v. Pfizer Inc.*,
   No. 21-cv-6789, 2022 WL 488410 (S.D.N.Y. 2022) ...........................................................16

*Hollingsworth v. Perry*,
   570 U.S. 693 (2013)...........................................................................................................17

*Kent v. Hewlett-Packard Co.*,
   No. 09-5341 JF (PVT), 2010 WL 2681767 (N.D. Cal. July 6, 2010) ...................................12

*Lab. Corp. of Am. Holdings v. Davis*,
   No. 24-304, 2025 WL 288305 (Jan. 24, 2025) ...................................................................17

*Larson v. Northrop Corp.*,
   21 F.3d 1164 (D.C. Cir. 1994)...........................................................................................15

*McCoy v. Samsung Elecs. Am., Inc.*,
    No. 21-19470, 2023 WL 6140641 (D.N.J. Sept. 20, 2023).......................................................4

*McIntyre v. Am. Honda Motor Co., Inc.*,
    No. 23-c-7024 2024 WL 3324622 (C.D. Cal. July 3, 2024) ...................................................8

*Miller v. Gen. Motors, LLC*,
    No. 17-cv-14032, 2018 WL 2740240 (E.D. Mich. June 7, 2018) ..........................................16

*Moore v. Mack's Sport Shop, LLLP*,
    No. 16-cv-540, 2017 WL 4350980 (E.D. Ark. Sept. 29, 2017)..............................................16

*Padilla v. Porsche Cars N. Am., Inc.*,
    391 F. Supp. 3d 1108 (S.D. Fla. 2019) .................................................................................15

*Pistorio v. FCA US LLC*,
    No. 20-cv-11838, 2022 WL 141524 (E.D. Mich. Jan. 14, 2022) .........................................16

*Santos v. SANYO Mfg. Corp.*,
    No. 12-cv-11452, 2013 WL 1868268 (D. Mass. May 3, 2013)............................................16

*In re Seagate Tech. LLC Litig.*,
    233 F. Supp. 3d 776 (N.D. Cal. 2017) .................................................................................11

*Shea v. Gen. Motors LLC*,
    No. 3:21-cv-86, 2021 WL 4804171 (N.D. Ind. 2021) ..........................................................16

*Sloan v. Gen. Motors LLC*,
    287 F. Supp. 3d 840 (N.D. Cal. 2018) .................................................................................10

*Stanley v. Nissan North America, Inc.*,
    719 F. Supp. 3d 786 (M.D. Tenn. Feb. 27, 2024)..............................................................9, 10

*State v. Classic Pool & Patio, Inc.*,
    777 N.E.2d 1162 (Ind. Ct. App. 2002) ................................................................................14

*Steele v. Gen. Motors LLC*,
    No. 17-04323, 2018 WL 6039838 (C.D. Cal. Aug. 8, 2018) .............................................8, 10

*Steinberg v. BPO Mgmt. Servs., Inc.*,
    No. 3:09-cv-02291, 2010 WL 1330971 (N.D. Tex. Mar. 12, 2010) ........................................8

*Tanner v. Ford Motor Co.*,
    424 F. Supp. 3d 666 (N.D. Cal. 2019) .................................................................................13

*Twardzik v. HP Inc.*,
    No. 21-cv-396, 2022 WL 606092 (D. Del. Jan. 25, 2022) .....................................................4

*Vitt v. Apple Comput., Inc.*,
    469 F. App'x 605 (9th Cir. Feb. 28, 2012) .............................................................. 4

*Westfield Ins. Co. v. Chip Slaughter Auto Wholesale, Inc.*,
    717 F. Supp. 2d 433 (D. Del. 2010) ...................................................................... 7

**Statutes**

Cal. Bus. & Prof. Code § 17208 ...................................................................... 13

Cal. Civ. Code § 1783 ...................................................................................... 13

Cal. Civ. Proc. Code § 338(a) ......................................................................... 13

Fla. Stat. § 95.11(3) ......................................................................................... 15

Ind. Code Ann. § 24-5-0.5-5(b) ...................................................................... 14

Mo. Ann. Stat. § 407.025.1(1) ........................................................................ 17

Ohio Rev. Code Ann. § 1345.10 ...................................................................... 14

Or. Rev. Stat. Ann. § 646.638(6) ..................................................................... 14

**Other Authorities**

Fed. R. Civ. P. 8 .............................................................................................. 10

Fed. R. Civ. P. 9(b) ...................................................................................... *passim*

Fed. R. Civ. P. 23(b)(3) .................................................................................. 17

Plaintiffs' Third Amended Complaint ("3AC") fails to cure the deficiencies identified by the Court in its September 26, 2024 opinion dismissing most of Plaintiffs' claims. D.I. 39. Given Plaintiffs' failure to correct their pleading deficiencies, the Court should dismiss with prejudice Plaintiffs' counts in the 3AC.[1]

## I.  The Court should dismiss the breach of implied warranty claims with prejudice because the four remaining Plaintiffs did not add any allegations in support of their claims.

In its opinion, the Court held that "the 'ordinary purpose' . . . of a laptop computer is personal computing" and "where a purchaser has been able to use a laptop computer . . . for a period of at least 18 months, then an implied warranty of merchantability claim cannot stand." *Id.* at 48–49. Based on this reasoning, the Court dismissed most Plaintiffs' breach of implied warranty claims with prejudice, but it dismissed the claims of Plaintiffs Schauer (spelled elsewhere as "Shauer"), Graner, DiMartino, and Thelen without prejudice, reasoning that "it seems possible they could explicitly allege that once the defect manifested, they were unable to use their laptops even for computing purposes." *Id.* at 50–51.

Despite the Court's invitation to re-plead their allegations to show that they "were unable to use their laptops even for computing purposes," *id.* at 51, Plaintiffs Schauer, Graner, DiMartino, and Thelen made the exact same allegations in the 3AC as they did in the Second Amended Complaint ("2AC") regarding their ability to use their laptops for computing purposes for more than 18 months. *Compare* Plaintiff Schauer allegations in 2AC, D.I. 19 ¶ 159 p. 65,[2] *with* 3AC,

---

[1] Given the Court's familiarity with this case, HP foregoes a repetition of the background and standard of review that it previously provided in its opening brief seeking to dismiss Plaintiffs' 2AC. *See* D.I. 23 at 13–19. HP also follows the Court's nomenclature in categorizing Plaintiffs' claims, as summarized in its opinion. D.I. 39 at 3–6.

[2] As the Court noted in its opinion, the 2AC contained two sets of paragraphs 155–59. D.I. 30 n.23. That remains the case in the 3AC, where Plaintiffs, in addition to leaving substantive defects unaddressed, have carried this error forward. For clarity, HP includes the PDF page number in addition to the paragraph number.

D.I. 58 ¶ 175 p. 67; *compare* Plaintiff Graner allegations in 2AC, D.I. 19 ¶ 189, *with* 3AC, D.I. 58 ¶ 212 p. 79; *compare* Plaintiff DiMartino allegations in 2AC, D.I. 19 ¶ 376, *with* 3AC, D.I. 58 ¶ 466 p. 143; c*ompare* Plaintiff Thelen allegations in 2AC, D.I. 19 ¶ 388, *with* 3AC, D.I. 58 ¶ 482 p. 146.

Given that Plaintiffs Schauer, Graner, DiMartino, and Thelen again fail to plead that their laptops became unusable for personal computing purposes less than 18 months after purchase, the Court should dismiss their implied warranty claims (Counts XXVI, XXVII, and XXVIII) with prejudice.

## II. The Court should dismiss all of Plaintiffs' statutory consumer protection, common law fraud, and unjust enrichment claims with prejudice.

Plaintiffs' statutory consumer protection, common law fraud, and unjust enrichment claims (Counts I–XXII, XXIX (collectively, the "fraud-based claims")) should be dismissed with prejudice because Plaintiffs have failed to allege additional specific facts showing that HP committed a fraudulent misrepresentation or fraudulent omission.[3]

### A. Plaintiffs continue to make a verbatim, boilerplate allegation regarding HP's alleged misrepresentation.

The Court previously held that to plead a fraudulent misrepresentation claim under Rule 9(b), Plaintiffs must "identify a[] *specific* alleged misrepresentation that each Plaintiff actually saw, or that is said to have contributed to that Plaintiff's decision to buy" a laptop. D.I. 39 at 21–22.

---

[3] Plaintiffs bring the same fraud-based claims that they previously brought in the 2AC. Moreover, like the unjust enrichment count in the 2AC, the allegations supporting Plaintiffs' unjust enrichment count in the 3AC continue to rest on alleged fraudulent misrepresentations and omissions. D.I. 58 ¶ 1007 p. 272 (alleging that "[r]etention of these benefits by HP would be unjust and inequitable because HP received these benefits by engaging in a false, deceptive, and misleading scheme to market the Class Laptops"). As such, all of these claims are subject to Federal Rule of Civil Procedure 9(b), as the Court previously held. D.I. 39 at 16–17, 32.

None of the Plaintiffs plead a specific false misrepresentation by HP that they actually saw and relied on when purchasing a laptop. Instead, as in the 2AC, most Plaintiffs make a verbatim, boilerplate allegation that they relied "on the representations HP imparted including through the product labeling and packaging." D.I. 58 ¶ 135 p. 57 (Meola); ¶ 151 p. 61 (Carson), ¶ 167 p. 65 (Schauer), ¶ 172 p. 70 (Cosman); ¶ 188 p. 73 (Roberts); ¶ 205 p. 77 (Graner); ¶ 235 p. 84 (Luther); ¶ 251 p. 89 (Erickson); ¶ 267 p. 93 (Harman); ¶ 288 p. 98 (Nind); ¶ 304 p. 102 (Draper); ¶ 321 p. 107 (Miller); ¶ 338 p. 111 (Hobert-Powell); ¶ 366 p. 118 (Householder); ¶ 382 p. 122 (Orenski); ¶ 389 p. 126 (Washington); ¶ 413 p. 129 (Dobkin); ¶ 443 p. 138 (Sakharuk); ¶ 459 p. 142 (DiMartino); ¶ 476 p. 145 (Thelen); ¶ 491 p. 149 (Drake); ¶ 508 p. 153 (Williams); ¶ 539 p. 159 (Carina); ¶ 556 p. 164 (Nash); ¶ 572 p. 168 (Harris).

The remaining three Plaintiffs make slightly different allegations from the rest of the group, but their allegations are also insufficient. Plaintiffs Kaplitt and Perry both make the same unspecific allegation that HP "deceptively . . . mispresent[ed] the quality, durability, and portability of" their laptops. *Id.* ¶ 437 p. 136 (Kaplitt); ¶ 532 p. 157 (Perry). Finally, Plaintiff Letson makes the exact same allegation that the Court rejected as insufficient in the 2AC: that she "viewed multiple advertisements from HP including on the HP website, touting HP laptop's reliability, durability, and superiority." *Id.* ¶ 221 p. 81; *see* D.I. 39 at 21 (holding that this allegation failed to meet Rule 9(b)'s heightened pleading standard).[4]

Yet none of the Plaintiffs even attempt to describe the specific misrepresentation they supposedly saw on the HP labeling, packaging, or advertisement, let alone identify with specificity the "who, what, when, where, and how" of HP's supposed misrepresentations. D.I. 39 at 15. Thus,

---

[4] Plaintiff Purvis makes no allegations regarding HP's misrepresentations because she received her laptop as a gift. D.I. 58 ¶ 352 p. 114.

as in the 2AC, Plaintiffs "simply make[] the exact same *broad, general, boilerplate-type* assertion" that the Court found insufficient. *Id.* at 25.

### B.    None of the Plaintiffs ever saw any of HP's alleged misrepresentations, and these alleged misrepresentations are nonactionable puffery.

In the background section of their complaint, Plaintiffs allege that HP represented that its laptops were "reliable," "designed for long lasting performance," and had a "compact, portable design," and that HP stated that its "extensive quality testing ensures that you can keep going…and going." D.I. 58 ¶¶ 8–9, 114–16. As in the 2AC, however, none of the Plaintiffs allege that they actually saw or even relied on any these statements prior to purchasing their laptops. Therefore, HP's alleged statements cannot support Plaintiffs' fraud-based claims. *Twardzik v. HP Inc.*, No. 21-cv-396, 2022 WL 606092, at *5 (D. Del. Jan. 25, 2022) (granting motion to dismiss because the plaintiff "does not explain how he relied on statements by HP").

Moreover, HP's alleged statements are mere puffery that do not support any of Plaintiffs' fraud-based counts. "To be false, a statement must [ ] misrepresent[ ] [a] material fact. It cannot be an estimate or opinion or puffing." *Id.* at *4 (internals omitted); *Vitt v. Apple Comput., Inc.*, 469 F. App'x 605, 607 (9th Cir. Feb. 28, 2012) ("[A]n affirmative misrepresentation . . . must make a specific and measurable claim, capable of being proved false . . . ." (internals omitted)). These alleged misrepresentations are nonactionable puffery. In *Twardzik*, HP allegedly stated that a computer chip "supercharges" a laptop and "overpowers even the most demanding tasks," but the court held that these "exaggeration[s] or overstatement[s]" were "mere puffery." 2022 WL 606092, at *5. In the same way, HP's representations that its laptops were "reliable," "long lasting," "portable," and "can keep going . . . and going" are, at most, exaggerations, not misstatements of fact. *Vitt*, 469 F. App'x at 607 (alleged misrepresentations that laptop was "reliable," "portable," "high performance," and "rugged" were "non-actionable puffery"); *McCoy*

*v. Samsung Elecs. Am., Inc.*, No. 21-19470, 2023 WL 6140641, at *9 (D.N.J. Sept. 20, 2023) (alleged statements regarding "'supreme flexibility,' 'durability,' and 'premium design'" of Chromebooks were puffery).

### C.    Plaintiff's allegations in support of a fraudulent omission theory are either unspecific or do not implicate HP.

For a fraudulent omission theory, the Court held that Plaintiffs "need to plead the 'who, what, when, where and how,'" to "satisfy Rule 9(b)." D.I. 39 at 24. Each Plaintiff must plead "*specific* allegations about the extent to which, prior to purchase, each Plaintiff made an effort to search for or obtain information about HP laptops (or at least laptops in general)—i.e., the kind of searching that might have plausibly caused them to see a statement/disclosure from Defendant about the Hinge Defect, had one ever been made." D.I. 39 at 25.

Despite the Court's guidance, none of the Plaintiffs in the 3AC allege specific facts showing the "who, what, when, where, and how" of a "search for" information that would have "caused them to see" a disclosure from HP about the alleged Hinge Defect if HP had made such a disclosure. Plaintiff Purvis received her laptop as a gift, and therefore made no search of any kind. D.I. 58 ¶¶ 351–361 pp. 114–17. Plaintiff Perry makes no allegations regarding performing a "search" for information from any source, let alone *Id.* ¶¶ 523–534 pp. 156–58. And Plaintiff Letson makes the exact same allegations that the Court found insufficient in the 2AC. *Id.* ¶ 221 p. 81.

The remaining Plaintiffs follow the example of Plaintiff Schauer, who alleges that "[p]rior to her purchase, HP never disclosed the Hinge Defect to Plaintiff Schauer, including in the HP web pages she viewed, the reviews she read, the sales representative at Best Buy she spoke with, nor in the laptop packaging and labeling she read." *Id.* ¶ 172 pp. 66–67. Aside from sometimes switching out the retailer name from "Best Buy" to another entity, Plaintiff Schauer's allegations

5

are identical to seven of the other Plaintiffs. *Id.* ¶ 192 p.74 (Roberts); ¶ 255 p. 90 (Erickson); ¶ 292 p. 99 (Nind); ¶ 370 p. 119 (Householder); ¶ 447 p. 139 (Sakharuk); ¶ 576 p. 169 (Harris); ¶ 412 p. 129 (Plaintiff Dobkin, making the same allegations as Schauer and also stating he read "several online reviews" from unspecified sources and saw a post on www.slickdeals.net).

The other Plaintiffs make the same generic allegations as Plaintiff Schauer, but they include even less content. *Id.* ¶ 139 p. 57 (Meola: viewed "web pages" from unspecified sources, read "reviews" from unspecified sources, spoke with a "Best Buy sales representative," and read "the laptop packaging and labeling"); ¶ 156 p. 62 (Carson: read "online reviews" from an unspecified source and read "laptop packaging and labeling"); ¶ 176 p. 71 (Cosman: spoke to a "Best Buy sales representative" and viewed "laptop packaging and labeling"); ¶ 209 p. 78 (Graner: viewed "Best Buy web pages," read "reviews" from unspecified sources, and read "laptop packaging and labeling"); ¶ 239 p. 85 (Luther: viewed "web pages" and "reviews" from unspecified sources, spoke with a "Walmart sales representative," and read "laptop packaging and labeling"); ¶ 271 p. 94 (Harman: viewed "Amazon and Best Buy web pages," spoke with a "Best Buy sales representative," and read "laptop packaging and labeling"); ¶ 308 p. 103 (Draper: spoke with "Best Buy sales representative" and read "laptop packaging and labeling"); ¶ 325 p. 108 (Miller: read "laptop packaging and labeling"); ¶ 342 p. 112 (Hobert-Powell: viewed "Sam's Club web pages" and read "laptop packaging and labeling"); ¶ 386 p. 123 (Orenski: spoke to "Staples sales representative" and read "laptop packaging and labeling"); ¶ 397 p. 125 (Washington: visited "HP's website, Best Buy's website and QVC's website" and performed a Google search); ¶ 427 p. 133 (Kaplitt: reviewed "the Staples website"); ¶ 463 p. 143 (DiMartino: read "laptop packaging and labeling"); ¶ 475 p. 145 (Thelen: visited "HP's website"); ¶ 495 p. 150 (Drake: viewed "HP web pages," read "reviews" from unspecified sources, spoke with a "Costco sales representative,"

and read "laptop packaging and labeling"); ¶ 512 p. 154 (Williams: verbatim allegations to Plaintiff

Drake, except "Costco sales representative" is replaced with "Best Buy sales representative"); ¶

543 p. 160 (Carina: nearly verbatim allegations to Plaintiff Drake); ¶ 560 p. 165 (Nash: viewed

"HP web pages," viewed "Consumer Reports' website," read "Costco's consumer reviews," and

read "laptop packaging and labeling").   Under the Court's prior analysis, these allegations are

insufficient, as shown below.

> **1.     Plaintiffs' allegations that they reviewed the laptop packaging and labeling and HP's website are unspecific, verbatim boilerplate that the Court previously found insufficient under Rule 9(b).**

Plaintiff Schauer's alleged review of "laptop packaging and labeling," an allegation

repeated verbatim by nearly every Plaintiff, is the same type of rote allegation that the Court

rejected in the 2AC. D.I. 39 at 25 (rejecting the "exact same *broad, general, boilerplate-type*

assertion" that "[p]rior to purchasing [a] Class Laptop, [Plaintiff] researched different laptops and

viewed multiple advertisements from HP, touting HP laptops' reliability" as "vague [and]

*unspecific*"). Essentially, Plaintiffs swapped out "viewed multiple advertisements from HP" for

read the "laptop packaging and labeling."[5]

---

[5] Plaintiffs continue to include the allegation that they all "reviewed the Class Laptop box, and the documents included inside the box," "after receiving" their laptops. *See, e.g.*, D.I. 58 ¶ 140 p. 58 (Meola). These allegations have no relevance because Plaintiffs could not have seen documents inside the box until after they had already completed their purchase, so any alleged omission could not have influenced their purchasing decision. *See, e.g.*, *Argabright v. Rheem Mfg. Co.*, 201 F. Supp. 3d 578, 611 (D.N.J. 2016) ("If the plaintiff did not see any of the statements before the purchase, [the statements] could not have been the cause of plaintiff's injury." (quotation marks omitted)); *Westfield Ins. Co. v. Chip Slaughter Auto Wholesale, Inc.*, 717 F. Supp. 2d 433 (D. Del. 2010) ("If Defendants/Third-Party Plaintiffs justifiably relied on a false representation in deciding to purchase the Westfield policy, the representation would necessarily had to have been made *before* the policy was purchased."); *Brazil v. Dole Packaged Foods, LLC*, 660 F. App'x 531, 534 (9th Cir. Sept. 30, 2016) (same). Even if these allegations did have relevance, they too are repetitious boilerplate, and none of the Plaintiffs allege specific facts about what they reviewed inside the box.

The other HP source Schauer alleges is the "HP web pages," another oft-repeated allegation by the Plaintiffs. D.I. 58 ¶ 172 pp. 66–67. This allegation also falls short of what a plaintiff must allege for a fraudulent omission because Plaintiffs "must describe the content of the omission" and "provide representative samples of advertisements, offers, or other representations that plaintiff relied on to make her purchase and that failed to include the allegedly omitted information." *Eisen v. Porsche Cars N. Am., Inc.*, No. 11-cv-9405, 2012 WL 841019, at *3 (C.D. Cal. 2012); *McIntyre v. Am. Honda Motor Co., Inc.*, No. 23-c-7024 2024 WL 3324622, at *12 (C.D. Cal. July 3, 2024) (applying *Eisen* and dismissing fraudulent omission claim because "Plaintiffs failed to specify any information allegedly omitted").

A vague reference to HP's website does not tell HP which web page Plaintiffs visited, when they visited it, how long they visited the website, or what sort of content they viewed on the web page, let alone a "representative sample" of the web page. This sort of "general allegation[]" that "Plaintiffs 'relied on [HP]'s representations on its website" are not the "*specific* allegations" required of Rule 9(b)'s heightened pleading standard. *Ahern v. Apple Inc.*, 411 F. Supp. 3d 541, 573 (N.D. Cal. 2019); *Steinberg v. BPO Mgmt. Servs., Inc.*, No. 3:09-cv-02291, 2010 WL 1330971, at *8 (N.D. Tex. Mar. 12, 2010) (allegations of an omission "in an array of media through press releases, proxy statements, and hearings" is insufficient under Rule 9(b) because the plaintiffs did not allege the level of specificity "needed to discern the 'who, what, when, where, and how' information for each alleged misstatement or omission"); *Steele v. Gen. Motors LLC*, No. 17-04323, 2018 WL 6039838, at *3 (C.D. Cal. Aug. 8, 2018) (holding that the plaintiff's "vague allegations that he reviewed the" defendant's "marketing materials" was "inadequate to allege that he would have received the disclosed information if it had been disclosed through those mediums"); *Davidson v. Apple, Inc.*, No. 16-cv-4942, 2017 WL 976048, at *10 (N.D. Cal. Mar.

14, 2017) (reciting other court opinion in which the court found that plaintiffs' allegations that they "reviewed 'Ford's promotional materials and other information' . . . too vague to satisfy Rule 9(b)"). In sum, just like with the unspecific reference to packaging and labeling, Plaintiffs merely swap out "HP advertisements" from the 2AC that the Court found insufficient for "HP web pages" in the 3AC. D.I. 39 at 25.

> ## 2.    Plaintiffs' other allegations regarding speaking to or reviewing information from third parties cannot constitute instances of HP omitting information because HP was not the source of information.

Most of the Plaintiffs also repeat Schauer's allegation that they "spoke" with a sales representative from a third party retailer or read a "review" from an unspecified third party. These sources cannot constitute a fraudulent omission from HP because such an interaction would never have the potential to "cause[] [a plaintiff] to see . . . a statement/disclosure from" HP because HP (or its agents) were not present during the Plaintiffs' laptop research and buying process. *Id.* In other words, HP had no opportunity to commit a fraudulent omission because the Plaintiffs do not allege that HP was even present to stay silent and commit the omission in the first place. *Davidson*, WL 976048, at *10 (holding that the plaintiffs were not "exposed to *any* information, advertisements, labeling, or packaging by Defendant" because their only exposure to information came during a purchase at "a Best Buy store in Illinois").

To illustrate, in *Stanley v. Nissan North America, Inc.*, the court held that the plaintiffs failed to plead a fraudulent omission theory with the requisite Rule 9(b) particularity against Cummins, an engine manufacturer, because "the plaintiffs fail[ed] to plausibly allege that Cummins (or a Cummins representative) made any statements to any plaintiff that omitted material facts, sold products to the plaintiffs, communicated with the plaintiffs, or interacted with them in any way." 719 F. Supp. 3d 786, 819 (M.D. Tenn. Feb. 27, 2024). The plaintiffs alleged that "Cummins failed to disclose the alleged defect at the point of sale," but this allegation did not

implicate Cummins because the plaintiffs "d[id] not actually allege that Cummins was present at the point of sale." *Id.* "Rather, it sold engines to Nissan well in advance of the point of sale of Nissan vehicles to consumers." *Id.* In the same way, Plaintiffs "do not actually allege that [HP] was present at the point of sale" and instead "[HP] sold [laptops] to [Best Buy] in advance of the point of sale." *See id.*; *see also Sloan v. Gen. Motors LLC*, 287 F. Supp. 3d 840, 876 (N.D. Cal. 2018) (holding that the plaintiffs' allegations "that they purchased vehicles from an entity other than a GM dealership" were insufficient to plead a fraudulent omission claim against GM under Rule 9(b)); *Steele*, 2018 WL 6039838, at *3 (similar).

In short, Plaintiffs' fraud-based omission claims continue to fall short of what Rule 9(b) requires. The Court should dismiss these, along with the remainder of Plaintiffs' fraud-based claims, with prejudice.

### III. The Court should dismiss the breach of express warranty claims for all Plaintiffs except Plaintiff Letson because they fall short of Rule 9(b)'s heightened pleading standard.

The Court previously held that Plaintiffs pleaded "enough" factual allegations to support the allegation of "substantive unconscionability" as to the durational limitation of HP's Limited Warranty, and on that basis permitted Plaintiffs' express warranty claims to proceed. D.I. 39 at 44.[6] However, the Court limited its review to Rule 8's plausibility requirement, and it did not consider Rule 9(b)'s specificity requirement. *Id.* at 33 n.26. HP respectfully contends that the "factual allegations in [Plaintiffs' manipulation-of-the-warranty theory] 'sound in fraud.'" *Id.* at 15 (quoting *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 717 (3d Cir. 1996)).

---

[6] Plaintiffs allege that their laptops were subject to the Limited Warranty which provided remedies for "defects" that "manifest within one year of purchase for consumers who notify HP during the one-year warranty period." D.I. 58 ¶¶ 21, 954, pp. 11, 262. As in the 2AC and as the Court previously observed, only Plaintiff Letson alleges she notified HP of the alleged defect to her laptop within one year of purchase. D.I. 58 ¶ 225, p. 82; D.I. 39 at 34 n.27.

Plaintiffs' manipulation-of-the-warranty theory rests on the same allegations the Court already found to sound in fraud. *Compare* D.I. 39 at 16 (finding allegations (1) that HP "'knew, or was reckless in not knowing' about the Hinge Defect and its impact in the relevant period"; (2) that HP "intentionally 'concealed from and/or failed to disclose' [the] defect to its customers"; and (3) that HP "knowingly made 'false and misleading' statements" all sounded in fraud), *with* D.I. 58 ¶¶ 26–27 (alleging that HP had "knowledge" about the defect, that the Limited Warranty "often expired before the defect materialized," and that HP "failed to disclose these defects . . . while continuing to market misrepresentations of the performance" of the laptops). "Where a plaintiff alleges a unified course of fraudulent conduct, the claims are 'said to be grounded in fraud or to sound in fraud, and the pleading as a whole must satisfy the particularity requirement of Rule 9(b).'" *In re Seagate Tech. LLC Litig.*, 233 F. Supp. 3d 776, 781 (N.D. Cal. 2017) (quoting *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009)).

Similarly to the 2AC, Plaintiffs' 3AC alleges that HP "manipulated the warranty so it often expired before the defect materialized." *Compare* D.I. 19 ¶¶ 26–27, *with* D.I. 58 ¶¶ 26–27. Under Rule 9(b), Plaintiffs must allege, with specificity, the who, what, when, where, and how of this act of manipulation of the Limited Warranty. *See Gutierrez v. Lynch*, 826 F.2d 1534, 1538–39 (6th Cir.1987) (Rule 9(b) not met for conspiracy claim where plaintiff merely alleged "his job termination was the ultimate result of the conspiracy of Defendants").

Here, Plaintiffs fail to allege the "precise misconduct" regarding how HP manipulated the warranty, as Rule 9(b) requires. D.I. 58 ¶¶ 26–27; *Agrabright v. Rheem Mfg. Co.*, 201 F. Supp. 3d 578, 590–91 (D.N.J. 2016). They fail to name or describe who at HP devised the idea to manipulate the warranty, whom they consulted, what the conspirators discussed, or when the conspiracy began. Moreover, as in the 2AC, Plaintiffs in the 3AC all allege that they received the same "one year"

Limited Warranty, even though Plaintiffs allege purchases between 2017 through 2020. D.I. 58 ¶¶ 21, 954, pp. 11, 262; *id.* ¶¶ 136, 218, pp. 57, 80. Throughout the putative class period, Plaintiffs' laptops, like the consumer laptops at issue in the HP cases cited in the Court's Opinion, were all subject to HP's long-standing standard one-year warranty. *See Brothers v. Hewlett-Packard Co.*, No. C-06-02254 RMW, 2006 WL 3093685, at *3 (N.D. Cal. Oct. 31, 2006) (HP laptops purchased in 2004 subject to "standard one-year warranty that accompanies all Pavilions" sold by HP); *Kent v. Hewlett-Packard Co.*, No. 09-5341 JF (PVT), 2010 WL 2681767, at *4 (N.D. Cal. July 6, 2010) (HP laptops purchased in 2009 subject to one-year warranty referenced in plaintiffs' first amended complaint found at ECF No. 13 ¶ 58); *Elias v. Hewlett-Packard Co.*, 903 F. Supp. 2d 843, 849–50 (N.D. Cal. 2012) (HP laptops purchased in 2010 offered with standard warranty "limited to one year"). Since HP has consistently provided a standard one-year warranty for consumer laptops for more than two decades, Plaintiffs must set forth specific facts to support their claim that HP somehow fraudulently altered the standard warranty period for their devices.

The Court previously found that Plaintiffs' allegations—regarding the volume of complaints on HP's website and HP's alleged false statements—were sufficient to suggest that HP was aware of the defect and made misrepresentations. D.I. 39 ¶¶ 42, 44. But these allegations alone do not support the far more serious claim that HP engaged in a conspiracy to manipulate the durational term of the Limited Warranty. Accordingly, the Court should dismiss the breach of express warranty claims of all Plaintiffs except Plaintiff Letson (Counts XXIV, XXV) because Plaintiffs fail to meet Rule 9(b)'s heightened pleading standard to show substantive unconscionability that would overcome the one-year durational limit of HP's Limited Warranty.

**IV.    Numerous Plaintiffs' claims are time-barred and should be dismissed with prejudice.**

    **A.    Plaintiff Schauer's and Graner's California claims are time-barred.**

        Plaintiff Schauer purchased her laptops on June 23, 2017, and "[s]hortly after purchase," allegedly "encountered substantial stiffness in the hinge and often heard a clicking sound when closing the device." D.I. 58 ¶¶ 168–169, 175 pp. 66–67. She did not bring her claims until May 23, 2022. D.I. 11. Therefore, and as the Court largely recognized in its prior opinion, D.I. 39 at 29–30,[7] Plaintiff Schauer's California statutory claims (Counts IX, X, XI, XXVI) are time-barred. *See* Cal. Bus. & Prof. Code § 17208 (UCL action must "be commenced within four years after the cause of action accrued"); Cal. Civ. Code § 1783 (CLRA action must be "commenced not more than three years from the date" of the unfair practice); Cal. Civ. Proc. Code § 338(a) (FAL action must be brought "within three years"); *Tanner v. Ford Motor Co.*, 424 F. Supp. 3d 666, 671 (N.D. Cal. 2019) (holding that implied warranty claims under the Song-Beverly Act "must be brought within four years of the date when the breach occurred"). Similar to Plaintiff Schauer, Plaintiff Graner purchased his laptop on January 27, 2018, and "had been using his laptop for approximately one year when the Hinge Defect manifested." D.I. 58 ¶¶ 206, 212 pp. 78–79. He did not join the case until May 23, 2022. D.I. 11. As the Court recognized in its prior opinion, D.I. 39 at 29–30, Plaintiff Graner's CLRA and FAL claims (Counts X, XI) are time-barred.

    **B.    Plaintiff Householder's Oregon claim (Count XII) is time-barred.**

        Plaintiff Householder purchased her laptop on October 18, 2019, and she used it "for approximately one year" until the "left hinge" of her laptop "separated from the frame." D.I. 58 ¶¶ 367, 373 pp. 118, 120. She did not sue HP until May 23, 2022. D.I. 11. Therefore, and as the Court

---

[7] The Court observed that "Schauer's California statutory claims" under the California Unfair Competition Law ("UCL"), California Consumers Legal Remedies Act ("CLRA"), and California False Advertising Law ("FAL") "appear to be time-barred as pleaded." D.I. 39 at 29–30.

previously recognized, her claim is time-barred. *See* Or. Rev. Stat. Ann. § 646.638(6) ("Actions . . . must be commenced within one year after the discovery of the unlawful . . . practice."); D.I. 39 at 30.

### C. Plaintiff Washington's and Orenski's Ohio claims (Count VIII) are time-barred.

The Ohio Consumer Sales Practices Act ("OCSPA") has a two-year statute of limitations. Ohio Rev. Code Ann. § 1345.10. "[T]he allegedly deceptive transaction, not the injury that results from the transaction, starts the statute of limitations running" under the OCSPA. *Delahunt v. Cytodyne Techs.*, 241 F. Supp. 2d 827, 835 (S.D. Ohio 2003). Plaintiff Washington purchased her laptop on October 8, 2018, but she did not bring her claims until May 23, 2022. D.I. 58 ¶ 399 p. 126; D.I. 11. Likewise, Plaintiff Orenski purchased his laptop on November 23, 2018, but did not bring his claims until July 28, 2022. D.I. 58 ¶ 383 p. 122; D.I. 19. Thus, and as the Court previously recognized for Plaintiff Washington, D.I. 39 at 30, both Plaintiff Washington's and Plaintiff Orenski's OCSPA claims (Count VIII) are time-barred.

### D. Plaintiff Miller's, Carina's, and Draper's Indiana claims (Count III) are time-barred.

The Indiana Deceptive Consumer Sales Act ("IDCSA") has a two-year statute of limitations. *See* Ind. Code Ann. § 24-5-0.5-5(b). "[T]he statutory period commences to run at the occurrence of the deceptive act." *State v. Classic Pool & Patio, Inc.*, 777 N.E.2d 1162, 1165 (Ind. Ct. App. 2002). Plaintiffs Miller, Carina, and Draper purchased their laptops on November 19, 2019, April 18, 2018, and May 12, 2019, respectively. DI 58 ¶¶ 322, 305, 540 pp. 102, 108, 160. They did not bring their claims until May 23, 2022, or July 28, 2022. D.I. 11; D.I. 19. Thus, as the Court previously recognized for Plaintiff Miller, D.I. 39 at 30, Plaintiffs Miller, Carina, and Draper's IDCSA claims (Count III) are time-barred.

14

### E.   Plaintiff Harman's Florida claim (Count IV) is time-barred.

The statute of limitations for a Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") claim is four years. *See* Fla. Stat. § 95.11(3)(f). "A FDUTPA claim accrues at the time of purchase or lease of a product, not upon discovery of an alleged defect." *Padilla v. Porsche Cars N. Am., Inc.*, 391 F. Supp. 3d 1108, 1112 (S.D. Fla. 2019) (internals omitted). Plaintiff Harman purchased his laptop on December 15, 2017, but did not join the case until May 23, 2022. D.I. 58 ¶ 268 p. 93; D.I. 11. Therefore, his claims are time-barred. *See* Fla. Stat. § 95.11(3)(e).[8]

### F.   Plaintiffs' tolling allegations are conclusory.

Like with their 2AC, Plaintiffs include allegations that "any and all applicable statute of limitations . . . have been tolled." D.I. 58 ¶ 595. Plaintiffs' allegations that HP "concealed" the alleged Hinge Defect are conclusory and fall short of Rule 9(b)'s particularity requirement. *See, e.g., id.* ¶ 588 (alleging that "HP has fraudulently concealed the fact that the Class Laptops are defective" without any factual specifics); *Larson v. Northrop Corp.*, 21 F.3d 1164, 1173 (D.C. Cir. 1994) ("[A]llegations of fraudulent concealment, which toll the statute of limitations, must meet the requirements of [Rule] 9(b)."). The tolling allegations in the 3AC are practically the same as those the Court previously found to be conclusory in the 2AC. D.I. 39 at 30 n.22; D.I. 19 ¶¶ 464–466.

### V.   The unjust enrichment claims (Count XXIX) for Plaintiffs in Alabama, Arkansas, California, Florida, Indiana, Massachusetts, Michigan, Missouri, New Jersey, New York, and Oregon fail because both sides agree in the existence of the Limited Warranty.

As the Court previously held, Plaintiffs cannot "plausibly suggest that the Limited Warranty did *not* exist." D.I. 39 at 32 n.25. Thus, Plaintiffs from Alabama (Carson), Arkansas

---

[8] Plaintiffs previously conceded that Plaintiff Harman could not bring an FDUTPA claim, which the Court recognized. D.I. 25 at 14 n.1; D.I. 39 at 30.

(Meola), California (Schauer, Cosman, Graner, Letson, and Luther), Florida (Erickson, Harman, Roberts, and Nind), Indiana (Draper, Miller, and Carina), Massachusetts (Sakharuk and DiMartino), Michigan (Hobert-Powell), Missouri (Harris), New Jersey (Kaplitt and Dobkin), New York (Thelen, Williams, and Perry), and Oregon (Householder) may not pursue claims for unjust enrichment because the Limited Warranty governs the subject matter at hand and provides Plaintiffs with adequate legal remedies. *See Pistorio v. FCA US LLC*, No. 20-cv-11838, 2022 WL 141524, at *14 (E.D. Mich. Jan. 14, 2022) (applying Alabama, California, Florida, and Michigan law).[9]

## VI.  The Court should dismiss Plaintiff Purvis's claim under the Missouri Merchandising Practices Act because Plaintiff Purvis received her laptop as a gift.

Plaintiff Purvis acquired her laptop as a gift. D.I. 58 ¶ 352, p. 114. Thus, as the Court previously recognized, D.I. 39 at 30, she lacks standing to bring a claim under the Missouri Merchandising Practices Act because the act only permits "purchase[rs] or leas[sors] [of] merchandise" to bring claims. *See* Mo. Ann. Stat. § 407.025.1(1). Her claim at Count XX should be dismissed. D.I. 58 ¶¶ 887–889 pp. 246–47 n.81.

## VII.  The Court should strike Plaintiffs' continued request for injunctive relief.[10]

The Court previously dismissed, "with prejudice," Plaintiffs' claims for injunctive relief based on a lack of Article III injury in fact. D.I. 39 at 13. Nonetheless, Plaintiffs continue to include

---

[9] *Shea v. Gen. Motors LLC*, No. 3:21-cv-86, 2021 WL 4804171, at *9 (N.D. Ind. 2021) (Indiana law); *Harris v. Pfizer Inc.*, No. 21-cv-6789, 2022 WL 488410, at *9 (S.D.N.Y. 2022) (New York and New Jersey law); *Elfaridi v. Mercedes-Benz USA, LLC*, No. 16-cv-1896, 2018 WL 4071155, at *11 (E.D. Mo. Aug. 27, 2018) (Missouri law); *Miller v. Gen. Motors, LLC*, No. 17-cv-14032, 2018 WL 2740240, at *15 (E.D. Mich. June 7, 2018) (Oregon law); *Moore v. Mack's Sport Shop, LLLP*, No. 16-cv-540, 2017 WL 4350980, at *10 (E.D. Ark. Sept. 29, 2017) (Arkansas law); *Santos v. SANYO Mfg. Corp.*, No. 12-cv-11452, 2013 WL 1868268, at *7 (D. Mass. May 3, 2013) (Massachusetts law).

[10] Plaintiffs continue to define their proposed classes to include putative class members who would lack at Article III injury. D.I. 58 ¶ 624 pp. 181–83 (proposing classes of "[a]ll persons" who "purchased," a laptop). HP has deferred addressing the overbreadth of the proposed class in light

as a request for relief a "a permanent injunction, as such relief is permitted in the state statutory claims." D.I. 58 at 275. Plaintiffs' allegations in the 3AC have not changed, and the Court's reasoning that "Plaintiffs will" not "be misled in the future into buying a Class Laptop" and doing so would "be their own choice" remains the same. D.I. 39 at 13. Therefore, the Court should strike Plaintiffs' request for a permanent injunction, even if state law provides injunctive relief. *See Hollingsworth v. Perry*, 570 U.S. 693, 715 (2013) ("[T]he fact that a State thinks a private party should have standing to seek relief" does not "'override' the Article III standing prerequisites for suing in federal court.").

<div style="display:flex; justify-content:space-between;">

*Of Counsel:*
Michael J. Stortz
K&L Gates LLP
4 Embarcadero Center, Suite 1200
San Francisco, CA 94111
(415) 882-8200
Michael.Stortz@klgates.com

Nathan Townsend
K&L Gates LLP
210 Sixth Avenue
Pittsburgh, PA 15222
(412) 355-6500
Nathan.Townsend@klgates.com

Tre A. Holloway
K&L Gates LLP
1601 K Street
Washington, DC 20006
(202) 778-9000
Tre.Holloway@klgates.com

February 7, 2025

</div>

*/s/ Kelly E. Farnan*
Kelly E. Farnan (#4395)
Richards, Layton & Finger, P.A.
One Rodney Square
20 N. King Street
Wilmington, DE 19801
(302) 651-7700
farnan@rlf.com

*Attorneys for Defendant HP Inc.*

---

of the Supreme Court's grant of certiorari on the question "[w]hether a federal court may certify a class action pursuant to Federal Rule of Civil Procedure 23(b)(3) when some members of the proposed class lack any Article III injury." *Lab. Corp. of Am. Holdings v. Davis*, No. 24-304, 2025 WL 288305 (Jan. 24, 2025).